UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JC HOSPITALITY d/b/a THE SURF LODGE and JAYMA CARDOSO<br><br>                              Plaintiffs,<br><br>            v.<br><br>MARISA HOCHBERG (In Her Individual and Profession Capacities)<br><br>                        Defendants. | Case 1:23-cv-02051-(LJL)<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS** |

Steven G. Storch (SS5241)
STORCH BYRNE LLP
437 Madison Ave., 24th Floor
New York, NY 10022
Telephone: (212) 931-1005
sstorch@storchbyrnelegal.com
*Attorneys for Defendants Marisa Hochberg*

## <u>TABLE OF CONTENTS</u>

Preliminary Statement ........................................................................................................... 4

Relevant Factual and Procedural Background ........................................................................ 5

Argument ............................................................................................................................... 6

    I.    BECAUSE PLAINTIFFS LACK STANDING TO ASSERT A FEDERAL TRADEMARK CLAIM, THERE IS NO SUBJECT MATTER JURISDICTION IN THIS COURT ................. 6

Conclusion .............................................................................................................................. 8

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*Allstar Mktg. Grp., LLC v. Allstar Place*,
   No. 21-cv-5856 (LJL), 2023 U.S. Dist. LEXIS 17149 (S.D.N.Y. Feb. 1, 2023) ...................... 6

*Arbaugh v. Y&H Corp.*,
   546 U.S. 500 (2006) ...................................................................................................... 7

*G&F Licensing Corp. v. Field & Stream Licenses Co., LLC*,
   2010 U.S. Dist. LEXIS 73637 (S.D.N.Y. July 16, 2010) ........................................... 4

*Gianna Enters. v. Miss World (Jersey) Ltd.*,
   551 F. Supp. 1348 (S.D.N.Y. 1982) ........................................................................... 5

*K2 Advisors, LLC v. K2 Volatility Fund, LP*,
   2002 U.S. Dist. LEXIS 18801, 2002 WL 31235701 (S.D.N.Y. 2002) ....................... 7

*Nespresso USA, Inc. v. Peet's Coffee, Inc.*,
   2023 U.S. Dist. LEXIS 12228 ..................................................................................... 6

*Robb v. Brewster*,
   2022 U.S. Dist. LEXIS 71060, 2022 WL 1137140 ..................................................... 5

*Silverstar Enters. v. Aday*,
   537 F. Supp. 236 (S.D.N.Y. 1982) ............................................................................. 4

*Tap Publ'ns v. Chinese Yellow Pages*,
   925 F. Supp. 212 (S.D.N.Y. 1996) ............................................................................. 4

*Twentieth Century Fox Film Corp. v. Marvel Enters.*,
   277 F.3d 253, 259 (2d Cir. 2002) ............................................................................... 7

**<u>Statutes</u>**

15 U.S.C. § 1114(1) ............................................................................................................ 6

15 U.S.C. § 1125(a)(1)(A) .................................................................................................. 6

28 U.S.C. § 1331 ................................................................................................................ 7

28 U.S.C. § 1338 ................................................................................................................ 7

28 U.S.C. § 1367 ................................................................................................................ 8

**<u>Rules</u>**

Fed R. Civ. P. 12(b)(1) ...................................................................................................... 4

Defendant Marisa Hochberg respectfully submits this memorandum of law together with the accompanying declaration of Steven G. Storch, dated April 19, 2023, (the "Storch Decl.") and the declaration of Marisa Hochberg, dated April 18, 2023, (the "Hochberg Decl.") in support of her motion to dismiss the Complaint herein pursuant to Fed R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.[1]

## Preliminary Statement

This litigation accuses the Defendant, among other things, of infringing upon and unfair use of the Plaintiff's falsely alleged ownership of the Surf Lodge trademark.

There are multiple disputes between the parties to be litigated if not otherwise resolved.[2] But not in this Court and not based on the Complaint filed herein. On its face, the Complaint is subject to dismissal because Plaintiffs concede that they do not own the trademark that is the purported basis for asserting federal question jurisdiction and the Complaint discloses the absence of diversity jurisdiction.

---

[1] The Complaint was served with an unsigned and incomplete Order to Show Cause and an unsigned and unsealed summons (Hochberg Decl. Exhibit A; as of the date hereof, no signed Summons had been issued or served. Defendant reserves the right to dispute personal jurisdiction should Plaintiffs ever claim to have acquired it.

[2] For example, Exhibits G and H to the Complaint herein reveal that this is really a dispute concerning the parties' respective rights and interests in connection with their partnership that was created to operate The Surf Lodge Sanctuary. This is a business dispute masquerading as a trademark claim. *See Silverstar Enters. v. Aday*, 537 F. Supp. 236, 242 (S.D.N.Y. 1982) ("this case is essentially a contract dispute between an exclusive licensee and a licensor over the right to use the trademark …. [The] dispute should be determined by the principles of contract law, as it is the contract that defines the parties' relationship and provides mechanisms to redress alleged breaches thereto. The Lanham Act, in contrast, establishes marketplace rules governing the conduct of parties not otherwise limited. This is not a case of either the licensee or licensor attempting to protect a trademark from unscrupulous use in the marketplace by third parties. Rather, this case involves the alleged breach of a license agreement. This court, however, does not have jurisdiction over such a contract dispute without diversity of citizenship."); *G&F Licensing Corp. v. Field & Stream Licenses Co., LLC*, 2010 U.S. Dist. LEXIS 73637, at *18 (S.D.N.Y. July 16, 2010) (similar); *Tap Publ'ns v. Chinese Yellow Pages*, 925 F. Supp. 212, 217 (S.D.N.Y. 1996) (similar).

<u>Relevant Factual and Procedural Background</u>

A copy of the Complaint filed herein on March 10, 2023 (the "Complaint") is annexed as Exhibit A to the Hochberg Decl. The Complaint was served with an unsigned and unsealed summons, and unsigned and incomplete order to show cause (Hochberg Decl. Exhibit A thereto).[3]

The Plaintiffs are an individual, resident of New York State, Jayma Cardoso ("Cardoso"), and an entity, identified only as "JC Hospitality d/b/a The Surf Lodge" (hereinafter, "JC Hospitality"). (Complaint ¶¶ 5, 6.) The Defendant is Ms. Cardoso's business partner, Marisa Hochberg, alleged to be a resident of New York State. (Complaint ¶¶ 2, 9.)

The sole jurisdictional basis for bringing this action in federal court is pleaded to be the federal question presented by Plaintiffs' claim of infringement of the federally registered trademark "The Surf Lodge." (Complaint ¶¶ 2, 73-80). The Complaint alleges that "Cardoso is the only owner of record of any and all intellectual property related to The Surf Lodge, including registration of trademarks with the USPTO." (Complaint ¶ 62(b), *see also id.* ¶¶ 8, 12, 77.)

By docket entry, on March 13, 2023, the Clerk of the Court notified Plaintiffs' attorney of the need to file an "AO 120 Form" in connection with this action.

Plaintiffs filed such a form on April 4, 2023, a copy of which is annexed to the accompanying Storch Decl. as Exhibit A. The form discloses that the registered owner of "The Surf Lodge" and "Surf Lodge" trademarks is not either of the Plaintiffs, but entities called "Montauk Properties, LLC" and "TSL Management, Inc.," neither of which is a party to this action.

---

[3] "[W]hile a summons that contains minor technical defects may be amended *nunc pro tunc* ..., service of an unsigned and unsealed summons is generally thought to demonstrate a flagrant disregard for the rules and, thus, to provide a basis for denying leave to amend."); *Gianna Enters. v. Miss World (Jersey) Ltd.*, 551 F. Supp. 1348, 1358 (S.D.N.Y. 1982) (holding that serving an unsigned and unsealed summons is a "serious infraction" that "may demonstrate a flagrant disregard for the rules and fails to assure the person served that the summons was in fact issued by the clerk of a court and not by the plaintiff or his attorney.") *Robb v. Brewster*, 2022 U.S. Dist. LEXIS 71060, *15-16, 2022 WL 1137140.

<u>Argument</u>

I.     BECAUSE PLAINTIFFS LACK STANDING TO ASSERT A FEDERAL TRADEMARK CLAIM, THERE IS NO SUBJECT MATTER JURISDICTION IN THIS COURT

Here, although Plaintiffs' Complaint pleads that "Cardoso" owns the trademark and "all intellectual property rights related to The Surf Lodge," (Complaint ¶62(b), *see also id.* ¶¶ 8, 12, 77), their Form AO 120 discloses that to not in fact be the case.  *See* Storch Decl. Exhibit A (identifying the registered owners as "Montauk Properties, LLC" and "TSL Management, Inc."). Because Plaintiffs have now confirmed that neither is the registered owner of "The Surf Lodge" trademark, they have established that they have no standing to sue under Lanham Act § 32(1), 15 U.S.C. § 1114(1), and their First Cause of Action, which purports to be brought under that section, should be dismissed.  *Allstar Mktg. Grp., LLC v. Allstar Place*, No. 21-cv-5856 (LJL), 2023 U.S. Dist. LEXIS 17149, at *10-11 (S.D.N.Y. Feb. 1, 2023) ("this cause of action is available only to 'registrants' of the relevant trademark, 'a term the Act defines as embracing the actual registrant's legal representatives, predecessors, successors and assigns.' . . . It is not available to a licensee or an exclusive licensee of a trademark unless that license amounts to 'an assignment to establish entitlement to sue under Section 32(1),'" quoting *Fed. Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F.3d 62, 72, 78 [2d Cir. 2013]).  *See also Nespresso USA, Inc. v. Peet's Coffee, Inc.*, No. 22-cv-02209 (CM), 2023 U.S. Dist. LEXIS 12228, at *12 (S.D.N.Y. Jan. 24, 2023).

Plaintiffs' Second Cause of Action purports to state a claim for "false designation of origin" under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), (*see* Complaint ¶¶ 82-84), but fails for the same reason, because neither Plaintiff is the owner of the mark.  "The infringement analysis under the trademark infringement and unfair competition provisions of the Lanham Act is the same.  For both claims 'a plaintiff must show (1) that it has a valid mark that is entitled to protection under the Act  . . . .'" *Nespresso USA, Inc.,* 2023 U.S. Dist. LEXIS 12228,

at *42 (citations omitted).  *See, e.g.*, *Twentieth Century Fox Film Corp. v. Marvel Enters.*, 277 F.3d 253, 259 (2d Cir. 2002) (affirming dismissal of false designation of origin claim brought by licensee rather than owner of the marks);  *K2 Advisors, LLC v. K2 Volatility Fund, LP*, 2002 U.S. Dist. LEXIS 18801, *20, 2002 WL 31235701 (S.D.N.Y. 2002) ("for plaintiff to prevail in this action, it must be established that (i) K2 Advisors has a valid mark entitled to protection under the Lanham Act and (ii) defendants' use of 'K2' infringes on that mark by giving rise to a likelihood of confusion among the relevant consuming public.")[4]

Those two claims, Plaintiffs' First and Second Causes of Action, are Plaintiffs' only attempts to state a federal claim.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006) ("A claim invoking federal-question jurisdiction . . . may be dismissed of want for subject-matter jurisdiction if it is not colorable").  Diversity is not pleaded and does not exist here.[5]  Accordingly, upon the dismissal of the federal claims, the remaining seven state and common law Causes of Action attempted to be pleaded in Plaintiffs' Complaint should also be dismissed.  *Arbaugh,* 546 U.S. at 514 ("when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety…. In contrast, when a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims").

---

[4] As noted in *K2 Advisors*, "Section 43(a) is a broad federal unfair competition provision which protects unregistered trademarks similar to the way that section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), protects registered marks."  2002 U.S. Dist. LEXIS 18801 at *20.  Inasmuch as Plaintiffs are attempting to assert a registered trademark, it is not clear that section 43(a)(1)(A) is even applicable.

[5] The Complaint premises subject matter jurisdiction solely on a federal question under 28 U.S.C. §§ 1331 and 1338 (Complaint ¶ 2) and pleads that Defendant and at least one Plaintiff are residents of New York. (Complaint ¶¶ 5, 6, 9).

<u>Conclusion</u>

For reasons set forth herein, the Complaint should be dismissed in its entirety because the Plaintiffs this Court lacks subject matter jurisdiction including all of the pendant State causes of action also must be dismissed.

Dated: April 19, 2023

/s/ Steven G. Storch
Steven G. Storch (SS5241)
STORCH BYRNE LLP
437 Madison Avenue, 24th Floor
New York, NY 10022
(212) 931-1005
sstorch@storchbyrnelegal.com