UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JC HOSPITALITY d/b/a THE SURF LODGE and JAYMA CARDOSO,<br><br>Plaintiffs,<br><br>v.<br><br>MARISA HOCHBERG (In Her Individual and Profession Capacities)<br><br>Defendant. | Case 1:23-cv-02051-(LJL) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**TO WITHDRAW AS COUNSEL FOR DEFENDANT MARISA HOCHBERG**

STORCH BYRNE LLP
Steven G. Storch (SS5241)
437 Madison Ave., 24th Floor
New York, NY 10022
(212) 931-1005
sstorch@storchbyrnelegal.com
*Attorneys for Defendant Marisa Hochberg*

Storch Byrne LLP (the "Firm") respectfully submits this Memorandum of Law, together with the accompanying declaration of Steven G. Storch dated May 18, 2023, in support of its motion to withdraw as counsel for Defendant Marisa Hochberg.

## FACTUAL BACKGROUND

The Firm was retained on or about March 28, 2023, after the original Complaint was filed on March 10, 2023. On April 20, 2023, Defendant moved to dismiss the original Complaint for lack of personal and subject matter jurisdiction. On April 27, 2023, an Order was entered granting Plaintiffs the opportunity to amend the Complaint. Thereafter, on May 3, 2023, an Order was entered scheduling an Initial Pretrial Conference for May 25, 2023, and requiring the parties to jointly submit a proposed Case Management Plan and Scheduling Order by May 18, 2023. Plaintiffs filed their First Amended Complaint on May 11, 2023, and the following day, May 12, 2023, the Court entered an Order denying Defendant's motion to dismiss as moot in accordance with paragraph 3(C) of the Court's Individual Rules of Practice in Civil Cases. Defendant's Answer to the First Amended Complaint is currently due by May 25, 2023.

Since that time, as outlined further in the accompanying Declaration of Steven G. Storch, the Firm's ability to effectively communicate with Defendant has irreparably deteriorated to the extent that continued representation of Defendant by the Firm is untenable.

## ARGUMENT

Local Civil Rule 1.4 of the United States District Courts for the Southern and Eastern Districts of New York, which governs the "Withdrawal or Displacement of Attorney of Record," provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the

2

>calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

In determining whether "satisfactory reasons for withdrawal" have been stated, "the Court considers both the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Farmer v. Hyde Your Eyes Opt., Inc.*, 60 F. Supp. 3d 441, 444 (S.D.N.Y. 2014), quoting *Thekkek v. LaserSculpt, Inc.*, No. 11-CV-4426 (HB) (JLC), 2012 U.S. Dist. LEXIS 7646, at *4, 2012 WL 225924, at *2 (S.D.N.Y. Jan. 23, 2012) (internal quotation marks omitted). The decision of whether or not to grant such motions is "within the trial court's discretion." *Honeedew Inv. LLC v. Abadi*, No. 19-CV-08951 (JPC) (VF), 2022 U.S. Dist. LEXIS 180787, at *5–6, 2022 WL 16857354 (S.D.N.Y. Oct. 3, 2022).

### I. WITHDRAWAL IS PROPER WHERE, AS HERE, THE REPRESENTATION HAS BEEN RENDERED UNREASONABLY DIFFICULT BY THE CLIENT

Pursuant to Rule 1.16(b)(6) of the American Bar Association's Model Rules of Professional Conduct (the "Model Rules"), a lawyer may withdraw from representing a client if "the representation…has been rendered unreasonably difficult by the client." In the instant case, Defendant's posture towards the Firm has created such unreasonable difficulties, as Defendant has largely ceased to cooperate with the Firm in her defense.

"It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *United States v. Lawrence Aviation Indus.*, No. 06-CV-4818 (JFB) (ARL), 2011 U.S. Dist. LEXIS 13777, at *4, 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) (internal quotation marks and alterations omitted). There are a number of satisfactory reasons justifying an attorney's withdrawal, including, for example, "a client's lack of cooperation — including lack of communication — with counsel, and the existence of irreconcilable conflict between attorney and client." *Naguib v. Pub. Health Solutions*, No. 12-CV-2561 (ENV) (LB), 2014 U.S. Dist. LEXIS 67125, at *3, 2014 WL 2002824,

at *1 (E.D.N.Y. May 15, 2014) (withdrawal granted where client refused to communicate and cooperate with counsel regarding the litigation) (internal citation omitted); *see also Delgado v. Donald J. Trump for President, Inc.*, No. 19-CV-11764 (AT) (KHP), 2023 U.S. Dist. LEXIS 40922, at *5, 2023 WL 2975155 (S.D.N.Y. Mar. 10, 2023) (withdrawal granted where an "irreparable breakdown has occurred in the attorney-client relationship"); *Munoz v. City of New York*, No. 04-CV-1105 (JGK), 2008 U.S. Dist. LEXIS 55297, at *2, 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) ("The law firm has shown good cause for withdrawal based on the lack of communication with the plaintiff and the acrimonious relationship that has developed between the law firm and the plaintiff."); *Fischer v. Biman Bangladesh Airlines*, No. 96-CV-3120 (SHS) (AJP), 1997 U.S. Dist. LEXIS 10405, at *3, 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) ("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal.").

## II. PERMISSION TO WITHDRAW IS WARRANTED HERE AND NO PARTY WILL BE PREJUDICED THEREBY

Considering the breakdown in the attorney-client relationship that has occurred here, it is in the best interests of both Defendant and the Firm for that relationship to end. *Benvenisti v. City of N.Y.*, No. 04-CV-3166 (JGK) (RLE), 2006 U.S. Dist. LEXIS 396, at *3, 2006 WL 44039, at *1 (S.D.N.Y. Jan. 5, 2006) (where the attorney-client relationship and mutual trust have broken down, "a termination of the relationship would be in the best interest of both."). Nobody is served when clients and their counsel do not work well together.

Procedurally, granting the Firm's motion to withdraw as counsel will not significantly impact the timing of these proceedings. *Farmer*, 60 F. Supp. 3d at 444. As further outlined in the Declaration of Steven G. Storch, the instant action is still in relative infancy inasmuch as there are no pending motions on the docket, no discovery has taken place, an Answer to the First Amended Complaint has not yet been filed, and the parties have yet to submit the proposed Case

Management Plan and Scheduling Order or appear for the Initial Pretrial Conference. *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12-CV-7424 (JMF), 2013 U.S. Dist. LEXIS 12093, at *3, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013) ("Where discovery has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found.") (internal quotation marks omitted); *Furlow v. New York*, No. 90-CV-3956 (PKL), 1993 U.S. Dist. LEXIS 3510, at *4–5, 1993 WL 88260, at *2 (S.D.N.Y. Mar. 22, 1993) (granting withdrawal where although discovery was partially completed, "this action is not trial ready and resolution of this matter will not be delayed substantially by counsel's withdrawal at this juncture.").

Rule 1.16(b)(1) of the Model Rules allows a lawyer to withdraw from representation where "withdrawal can be accomplished without material adverse effect on the interests of the client." It is respectfully submitted that no substantive developments have yet to occur, or are about to occur, in this action that would prohibit Defendant or her new counsel from promptly resuming the action within a reasonable time. *United States v. Cole*, No. 19-CR-869 (ER), 2022 U.S. Dist. LEXIS 38009, at *5, 2022 WL 615046, at *2 (S.D.N.Y. Feb. 25, 2022) (finding that although granting withdrawal "may be disruptive" to the client, that was not a reason to deny the motion). A thirty-day adjournment for Defendant to secure and familiarize new counsel with the instant action, especially at this early stage in the litigation, simply will neither materially prejudice Defendant nor unduly delay these proceedings. The Firm is seeking to assert neither a retaining nor charging lien. Storch Declaration ¶ 8.

## **CONCLUSION**

For reasons set forth above and in the accompanying Declaration of Steven G. Storch, it is respectfully requested that the motion to withdraw as counsel for Defendant be granted, that all proceedings and deadlines be adjourned for thirty days to afford Defendant the opportunity to retain new counsel, and that the Court grant such other and further relief as is just and proper.

Dated: New York, New York
May 18, 2023

STORCH BYRNE LLP

By: /s/ Steven G. Storch
Steven G. Storch (SS5241)
437 Madison Avenue, 24th Floor
New York, NY 10022
(212) 931-1005
sstorch@storchbyrnelegal.com
*Attorneys for Defendant Marisa Hochberg*