UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JC HOSPITALITY d/b/a THE SURF LODGE and JAYMA CARDOSO,<br><br>Plaintiffs,<br><br>v.<br><br>MARISA HOCHBERG (In Her Individual and Professional Capacities),<br><br>Defendant. | Case 1:23-cv-02051-(LJL)<br><br>**DECLARATION OF STEVEN G. STORCH IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT MARISA HOCHBERG** |

STEVEN G. STORCH, hereby declares as follows:

1. I am a member of the law firm of STORCH BYRNE LLP (the "Firm"), which has appeared in the above-captioned action as counsel for Defendant Marisa Hochberg ("Ms. Hochberg" or "Defendant"). I have personal knowledge of the facts and circumstances set forth herein.

2. This Affirmation is respectfully submitted in support of the instant application for an order granting the Firm leave to withdraw as counsel for Ms. Hochberg pursuant to Local Civil Rule 1.4, on the ground that the Firm's representation of Defendant has become unreasonably difficult due to a complete breakdown in communication and cooperation.

- The Reasons for Bringing this Motion

3. In the course of representing Defendant in this action, it has become increasingly difficult to effectively communicate with Defendant to the point where meaningful discussion and decision-making no longer occurs, rendering effective representation by the Firm essentially impossible. Despite the Firm's concerted efforts to improve relations with Ms. Hochberg since our filing of the May 18, 2023, order to show cause seeking the same relief sought herein, the

1

relationship has continued to degenerate. In fact, on July 24, 2023, at 3:00PM, Ms. Hochberg sent me a text message stating: "I want to terminate you effective immediately." In light of that, and subsequent messages from Ms. Hochberg, continued representation is impossible.

4. Subsequent to her termination notice, Ms. Hochberg texted me a screenshot of what purports to be an email message from her to Ms. Ruby J. Krajick of the Southern District of New York help desk indicating that she wishes to discuss complaints about be with Judge Liman.

5. In the interest of avoiding any prejudice to Defendant, I am prepared to submit additional explanation and evidence of this now complete breakdown in communication to the Court *in camera.* I believe that this information may be helpful to the Court in determining whether other relief may be appropriate under the Federal Rules of Civil procedure for future conduct of this litigation.

- History of the Proceedings and Prior Request to Withdraw

6. I want to emphasize that nothing herein should be construed as a weakness in Ms. Hochberg's defense of this case. Following the filing of the original Complaint in this action on March 10, 2023, the Firm was retained by Ms. Hochberg on or about March 28, 2023. On April 20, 2023, Defendant moved to dismiss the original Complaint for lack of personal and subject matter jurisdiction. Plaintiffs opposed the motion and requested permission to file an amended Complaint, which the Court granted on April 27, 2023. Thereafter, on May 3, 2023, an Order was entered scheduling an Initial Pretrial Conference for May 25, 2023, and requiring the parties to jointly submit a proposed Case Management Plan and Scheduling Order (the "Scheduling Order") by May 18, 2023.

7. The First Amended Complaint was filed on May 11, 2023, and the following day,

May 12, 2023, the Court entered an Order denying Defendant's motion to dismiss as moot. Plaintiffs previously submitted a proposed order to show cause for interim relief, but no order has been issued and plaintiffs appear to have abandoned such motion.

8. On May 18, 2023, the Firm filed an order to show cause seeking leave to withdraw as counsel for Defendant and to extend the deadline for the parties to jointly submit a proposed Scheduling Order.  On May 25, 2023, the Initial Pretrial Conference was held to discuss the Firm's motion to withdraw. Upon my request to extend the motion to further consider the Firm's representation of Ms. Hochberg, the remaining time at the Conference was used to set briefing deadlines regarding Plaintiffs' contemplated motions to amend their Complaint a second time and for a preliminary injunction, as well as Defendant's contemplated motion to dismiss. Ultimately, undersigned counsel withdrew the motion to withdraw based on our belief that we had reached an understanding with Ms. Hochberg that would permit our representation to proceed.

- Current Status

9. This action is still in its early stages. Beyond Defendant's June 8, 2023, submission of her Initial Disclosures to counsel for Plaintiffs, no document production, depositions, or other discovery has taken place. Pursuant to the proposed Case Management Plan and Scheduling Order (the "Scheduling Order") that Plaintiff unilaterally filed on May 22, 2023, and which the Court later signed on May 31, 2023, initial requests for production of documents, interrogatories pursuant to Rule 33.3(a), and requests to admit were due June 23, 2023.  Plaintiffs, despite unilaterally choosing the aforementioned dates, failed to serve any discovery by their own deadline.  The next deadline in the Scheduling Order is August 23, 2023, when all depositions are to be completed.  While we believe it is in Defendant's interest to serve deposition notices,

given the state of affairs, we do not believe it would be appropriate for our Firm to do so, given that we cannot ascertain our client's wishes.

10. There is currently before the Court Plaintiffs' motion for leave to file a second amended complaint, and Ms. Hochberg's cross-motion to dismiss this action for lack of subject matter and personal jurisdiction. That motion and cross-motion have been fully briefed and submitted as of July 14, 2023, and are currently *sub judice*.

11. In consideration of the deadlines set by the Scheduling Order, it is respectfully requested that the Court grant the instant motion and allow counsel to withdraw from representation, and that this action be stayed, and all deadlines in the Scheduling Order be extended, for at least thirty (30) days to allow Defendant to retain new counsel and for such replacement counsel to become familiarized with the case.

12. The Firm is not asserting a retaining or charging lien.

13. The accompanying proposed order to show cause contemplates service of this motion upon Defendant at the email address and telephone number she has been using to communicate with me via email and text.

14. As noted above, one prior application for this relief was made in this Court, which was withdrawn by Letter filed with the Court on June 6, 2023.

I respectfully request that any return date on this application not be scheduled between August 2 and August 12 because I will be out of the country on a previously scheduled vacation and will be in remote areas for a good portion of that time without Internet access.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York, this 28th day of July 2023.

_____
Steven G. Storch