

**John J. Zidziunas & Associates, LLC**

| Main Office: | NY Office: |
|---|---|
| 354 Eisenhower Parkway, Suite 1250 | 90 Broad Street 25th Floor |
| Livingston, NJ 07039 | New York, NY 10004 |
| (t) 973-509-8500 | |
| (f) 973-509-1770 | |

**Of Counsel:**
Phillip E. Klein, Esq.*
Barry E. Janay, Esq. *○

**Member:**
John J. Zidziunas, Esq. *○+

**Associates:**
Caroline McCallan, Esq. *○
Nicorie Clarke, Esq. •

*\* Member of NY Bar*
*• Member of NJ Bar*
*+ Member of D.C. Bar*

February 28, 2024

<u>Via Email</u>

Honorable Lewis J. Liman
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

  RE: JC Hospitality, et al. v. Hochberg
     <u>Docket No.: 1:23-cv-02051-LJL</u>

Dear Judge Liman:

  This office represents the Plaintiffs, JC Hospitality, LLC ("JC Hospitality") and Jayma Cardoso ("Ms. Cardoso"), in the above referenced matter. We write to Your Honor in response to defense counsel, Alexander Dudelson, Esq., motion to withdraw as counsel filed last night on February 27, 2024. For the reasons explained below, Plaintiffs oppose defense counsel's motion to withdraw as counsel **and** respectfully request that the Court deny defense counsel's request for a 30-day stay of proceedings and deadlines in this matter. In light of Defendant Hochberg's ongoing abusive and belligerent practices in this case, Plaintiffs are placing Ms. Hochberg on notice that we are filing a Rule 11 Motion for Sanctions in order to stop/deter Ms. Hochberg from further abusive motion practice and tactics used in this case in order to avoid streamlining litigation in this case, as well as reasonable attorneys' fees and other expenses directly resulting from these sanctionable violations.

  On February 7, 2024, Mr. Dudelson entered his appearance as Defendant Hochberg's new counsel in this matter the day before the Court's case management conference which was scheduled for February 8, 2024. Although this Court ordered Ms. Hochberg to personally appear for the hearing, she did not appear and defied the Court's Order apparently because she was travelling internationally at the time. This Court provided Ms. Hochberg ample opportunity and notice of this requirement, yet she flagrantly disregarded the Order and seems to miraculously create excuses for doing so.

  Following the February 8, 2024, case management conference, Your Honor set forth a discovery schedule with a fact discovery DED of June 7, 2024. Furthermore, Your Honor ordered Defendant to file her Answer no later than February 22, 2024. Once again, on the eve of the deadline to file an Answer, defense counsel sought an additional one-week extension to February 29, 2024. Because of Ms. Hochberg's history of abusive motion practices in this case and refusal to respect Court ordered deadlines, this office respectfully



John J. Zidziunas & Associates, LLC

declined defense counsel's request for the extension. Now, just two (2) days before the extended deadline to file their Answer, Defendant Hochberg's new attorney has filed for a motion to withdraw as counsel. Because of this and the urgency of this last minute filing by Defendant, Plaintiff's counsel had to drop all other matters this evening and provide this opposition in roughly 24 hours from same pursuant to the Court's directives.

In his motion to withdraw as counsel, Mr. Dudelson asserts that he must be withdrawn as counsel because his client has failed to pay his retainer fee, made baseless claims regarding counsel's conduct, threatened counsel with charges of harassment and malpractice, and has refused to cooperate with counsel to draft her responsive pleading, rendering it impossible to effectively represent his client. (See Dudelson, Memorandum of Law at page 1). In Mr. Dudelson's proposed Order to Show Cause, he seeks immediate withdrawal as counsel of record for Defendant Hochberg, as well as a stay of all proceedings and deadlines for thirty days to afford Defendant the opportunity to retain counsel or appear *pro se*.

Notably, in his Memorandum of Law, Mr. Dudelson did not provide any legal basis or legal argument related to his request for a stay and a showing of good cause warranting a stay of the proceedings. Mr. Dudelson merely argues that "granting counsel's motion to withdraw will not significantly impact these proceedings" because "much of the delay in this case was caused by motions to dismiss the complaint and its amendments." (Dudelson, Memorandum of Law at page 3). This oversimplification of the delay and prejudice to Plaintiffs that has already occurred due to Defendant Hochberg's inability to maintain representation in this case is quite shocking.

As the Court is well aware, Defendant Hochberg's prior counsel, Mr. Steven Storch was relieved as Defendant's counsel on January 4, 2024, after filing **three** separate motions to withdraw as counsel on May 18, 2023, July 28, 2023, and December 14, 2023. These motions cost the Plaintiffs significant legal fees and expenses in having to address and oppose the motion(s) and appear for subsequent conferences relating to same. More importantly, it cannot be disputed that Mr. Storch's three motions to withdraw as counsel over seven months prejudiced the Plaintiffs *significantly* by causing undue delay and disruption to the case. Defendant Hochberg continues to engage in a belligerent pattern of behavior that has caused not one, but **two attorneys** to withdraw as her counsel. Both Mr. Storch and Mr. Dudelson have cited to financial reasons, unreasonable difficulties with the client, irreparable deterioration of the attorney-client relationship, and inability to effectively communicate with Hochberg. After each motion to withdraw as counsel, our office is faced with the uncertainty of what new attorney is going to represent Ms. Hochberg and how long this new attorney is going to appear as counsel on record for. With each withdrawal, Plaintiffs are further prejudiced and delayed in engaging in discovery or making any meaningful headway in the case because we are forced to have no communication with defense counsel for weeks at a time.



John J. Zidziunas & Associates, LLC

   Ms. Hochberg's abusive practices, deliberate delays, and flagrant disrespect for our judicial system warrants sanctions and measures and no further delays of simple requirements in this case, such as filing her Answer under deadline.  If no Answer is filed by Defendant on February 29, 2024, then we respectfully request this Court to permit Plaintiff to begin Default proceedings against Ms. Hochberg.

   Based on this pattern of conduct, it is unlikely that Defendant Hochberg will find a new attorney whom she won't force to withdraw shortly thereafter due to her erratic, unstable and problematic behavior.  A 30-day stay of the proceedings only allows Defendant Hochberg to further delay this case and continue to act in ***bad faith*** and ***intentionally misuse the Court's time and resources***, as well as Plaintiffs' time and resources. As such, Plaintiffs respectfully request that the Court deny defense counsel's motion to withdraw as counsel at this time, and deny the request for a stay of the proceedings.

   Should the Court have any questions or seek any additional information regarding the above, please do not hesitate to contact us.

   We thank the Court in advance for its time and attention to this matter.


            Respectfully submitted,

            **/s/ John Zidziunas**

            JOHN ZIDZIUNAS
            For the Firm