ALEXANDER M. DUDELSON (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
Email: adesq@aol.com
*Attorney for Defendant Marisa Hochberg*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JC HOSPITALITY, LLC and JAYMA CARDOSO,        Case No.: 23-cv-02051(LJL)

                Plaintiff,        ANSWER WITH JURY DEMAND

    -against-

MARISA HOCHBERG (In Her Individual
and Professional Capacities),

                Defendants.
---------------------------------------------------------------X

       Defendant, MARISA HOCHBERG, by and through her attorney, ALEXANDER M. DUDELSON, ESQ., alleges as follows:

**I.  Nature of Action, Jurisdiction, Venue**

       1.     In answer to Paragraph 1 of the Second Amended Complaint, admit that Plaintiff filed an "Action at Law and Equity," which speaks for itself, but lack information sufficient to form a belief as to the truth or falsity of the additional allegations contained in Paragraph 1, and respectfully refer all questions of law to this Honorable Court for its determination, and on this basis deny such additional allegations as therein contained.

       2.     The allegations in paragraph 2 contain legal conclusions which do not require a response, and respectfully refers all questions of law to this Honorable Court for its determination, and on this basis deny such additional allegations as therein contained.

3. The allegations in paragraph 3 contain legal conclusions which do not require a response, and respectfully refers all questions of law to this Honorable Court for its determination, and on this basis deny such additional allegations as therein contained.

4. The allegations in paragraph 4 contain legal conclusions which do not require a response, and respectfully refers all questions of law to this Honorable Court for its determination, and on this basis deny such additional allegations as therein contained.

## II. Parties

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Defendant admits the allegation contained in Paragraph 6.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Defendant denies the allegation contained in Paragraph 11.

12. Defendant denies the allegation contained in Paragraph 12.

13. Defendant denies the allegation contained in Paragraph 13.

14. Defendant denies the allegation contained in Paragraph 14.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18. The allegations in paragraph 18 contain legal conclusions which do not require a response, and respectfully refers all questions of law to this Honorable Court for its determination, and on this basis deny such additional allegations as therein contained.

19. The allegations in paragraph 19 contain legal conclusions which do not require a response, and respectfully refers all questions of law to this Honorable Court for its determination, and on this basis deny such additional allegations as therein contained.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

### III. Factual Allegations

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. Defendant admits the allegation contained in Paragraph 22.

23. Defendant denies the allegation contained in Paragraph 23.

24. Defendant admits the allegation contained in Paragraph 24.

25. Defendant denies the allegation contained in Paragraph 25.

26. Defendant denies the allegation contained in Paragraph 26.

27. Defendant admits the allegation contained in Paragraph 27 only to the extent that "The Snow Lodge" was opened.

28. Defendant denies the allegation contained in Paragraph 28.

29. Defendant denies the allegation contained in Paragraph 29.

30. Defendant denies the allegation contained in Paragraph 30.

31. Defendant denies the allegation contained in Paragraph 31.

32. Defendant denies the allegation contained in Paragraph 32.

33. Defendant denies the allegation contained in Paragraph 33.

34. Defendant admits the allegation contained in Paragraph 34.

35. Defendant denies the allegation contained in Paragraph 35.

36. Defendant denies the allegation contained in Paragraph 36.

37. Defendant admits the allegation contained in Paragraph 37, but denies that the parties agreed that it would operate more than one mile from The Surf Lodge.

38. Defendant denies the allegation contained in Paragraph 38.

39. Defendant denies the allegation contained in Paragraph 39.

40. Defendant denies the allegation contained in Paragraph 40.

41. Defendant denies the allegation contained in Paragraph 41.

42. Defendant denies the allegation contained in Paragraph 42.

43. Defendant denies the allegation contained in Paragraph 43.

44. Defendant admits the allegation contained in Paragraph 44 only to the extent that the Sanctuary was ceased performing services.

45. Defendant denies the allegation contained in Paragraph 45.

46. Defendant denies the allegation contained in Paragraph 46.

47. Defendant denies the allegation contained in Paragraph 47.

48. Defendant denies the allegation contained in Paragraph 48.

49. Defendant denies the allegation contained in Paragraph 49.

50. Defendant denies the allegation contained in Paragraph 50.

51. Defendant denies the allegation contained in Paragraph 51.

52. Defendant denies the allegation contained in Paragraph 52.

53. Defendant denies the allegation contained in Paragraph 53.

54. Defendant denies the allegation contained in Paragraph 54.

55. Defendant denies the allegation contained in Paragraph 55.

56. Defendant denies the allegation contained in Paragraph 56.

57. Defendant denies the allegation contained in Paragraph 57.

58. Defendant denies the allegation contained in Paragraph 58.

59. Defendant denies the allegation contained in Paragraph 59.

60. Defendant denies the allegation contained in Paragraph 60.

61. Defendant denies the allegation contained in Paragraph 61.

62. Defendant denies the allegation contained in Paragraph 62.

63. Defendant denies the allegation contained in Paragraph 63.

64. Defendant denies the allegation contained in Paragraph 64.

65. Defendant denies the allegation contained in Paragraph 65.

66. Defendant denies the allegation contained in Paragraph 66.

67. Defendant denies the allegation contained in Paragraph 67.

68. Defendant denies the allegation contained in Paragraph 68.

69. Defendant denies the allegation contained in Paragraph 69.

70. Defendant denies the allegation contained in Paragraph 70.

71. Defendant denies the allegations contained in Paragraph 71.

72. Defendant denies the allegation contained in Paragraph 72.

73. Defendant denies the allegation contained in Paragraph 73.

74. Defendant denies the allegation contained in Paragraph 74.

75. Defendant denies the allegation contained in Paragraph 75.

76. Defendant denies the allegation contained in Paragraph 76.

77. Defendant denies the allegation contained in Paragraph 77.

78. Defendant denies the allegation contained in Paragraph 78.

79. Defendant denies the allegation contained in Paragraph 79.

80. Defendant denies the allegation contained in Paragraph 80.

81. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81.

82. Defendant denies the allegation contained in Paragraph 82.

83. Defendant denies the allegation contained in Paragraph 83.

84. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84.

85. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85.

86. Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 86.

87.Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87.

88.Defendant denies the allegation contained in Paragraph 88.

89.Defendant denies the allegation contained in Paragraph 89.

90.The allegations in paragraph 90 contain legal conclusions which do not require a response, and respectfully refers all questions of law to this Honorable Court for its determination, and on this basis deny such additional allegations as therein contained.

91.Defendant denies the allegation contained in Paragraph 91.

92.Defendant denies the allegation contained in Paragraph 92.

93.Defendant denies the allegation contained in Paragraph 93.

94.Defendant denies the allegation contained in Paragraph 94.

95.Defendant denies the allegation contained in Paragraph 95.

96.Defendant denies the allegation contained in Paragraph 96.

97.Defendant denies the allegation contained in Paragraph 97.

98.Defendant denies the allegation contained in Paragraph 98.

## COUNT I

**(Plaintiff JC Hospitality LLC v. Hochberg)**
**(The Lanham Act - Federal Trade Infringement, 15 U.S.C. 3 §§ 1114-1117)**

99.Defendant realleges and incorporates by reference its responses to all proceeding paragraphs as though fully set forth herein.

100.Count I was dismissed by Order of this Court dated November 27, 2023.

101. Count I was dismissed by Order of this Court dated November 27, 2023.

102. Count I was dismissed by Order of this Court dated November 27, 2023.

103. Count I was dismissed by Order of this Court dated November 27, 2023.

104. Count I was dismissed by Order of this Court dated November 27, 2023.

105. Count I was dismissed by Order of this Court dated November 27, 2023.

106. Count I was dismissed by Order of this Court dated November 27, 2023.

107. Count I was dismissed by Order of this Court dated November 27, 2023.

108. Count I was dismissed by Order of this Court dated November 27, 2023.

109. Count I was dismissed by Order of this Court dated November 27, 2023.

110. Count I was dismissed by Order of this Court dated November 27, 2023.

## COUNT II
### (Plaintiffs JC Hospitality LLC v. Hochberg)
### (The Lanham Act - Federal Trademark Dilution, 15 U.S.C. § 1125 et seq.)

111. Defendant realleges and incorporates by reference its responses to all proceeding paragraphs as though fully set forth herein.

112. Defendant denies the allegation contained in Paragraph 112.

113. Defendant denies the allegation contained in Paragraph 113.

114. Defendant denies the allegation contained in Paragraph 114.

115. Defendant denies the allegation contained in Paragraph 115.

116. Defendant denies the allegation contained in Paragraph 116.

## COUNT III
### (Plaintiff JC Hospitality LLC v. Hochberg)
### (Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125[d])

117. Defendant realleges and incorporates by reference its responses to all proceeding

paragraphs as though fully set forth herein.

118. Count III was dismissed by Order of this Court dated November 27, 2023.

119. Count III was dismissed by Order of this Court dated November 27, 2023.

120. Count III was dismissed by Order of this Court dated November 27, 2023.

121. Count III was dismissed by Order of this Court dated November 27, 2023.

**COUNT IV**
**(Plaintiff JC Hospitality v. Hochberg**
**(New York State Law - Trademark Infringement, NY Gen Bus L § 360-K)**

122. Defendant realleges and incorporates by reference its responses to all proceeding paragraphs as though fully set forth herein.

123. Defendant denies the allegation contained in Paragraph 123.

124. Defendant denies the allegation contained in Paragraph 124.

125. Defendant denies the allegation contained in Paragraph 125.

126. Defendant denies the allegation contained in Paragraph 126.

**COUNT V**
**(All Plaintiffs v. Hochberg)**
**(New York State Law - Injury to Business Reputation and Dilution,**
**NY Gen Bus L § 360-L)**

127. Defendant realleges and incorporates by reference its responses to all proceeding paragraphs as though fully set forth herein.

128. Defendant denies the allegation contained in Paragraph 128.

129. Defendant denies the allegation contained in Paragraph 129.

130. Defendant denies the allegation contained in Paragraph 130.

131. Defendant denies the allegation contained in Paragraph 131.

## COUNT VI
### (All Plaintiffs v. Hochberg)
### (New York State common Law - Trademark Infringement and Unfair Competition)

132. Defendant realleges and incorporates by reference its responses to all proceeding paragraphs as though fully set forth herein.

133. Defendant denies the allegation contained in Paragraph 133.

134. Defendant denies the allegation contained in Paragraph 134.

135. Defendant denies the allegation contained in Paragraph 135.

136. Defendant denies the allegation contained in Paragraph 136.

137. Defendant denies the allegation contained in Paragraph 137.

138. Defendant denies the allegation contained in Paragraph 138.

139. Defendant denies the allegation contained in Paragraph 139.

140. Defendant denies the allegation contained in Paragraph 140.

## COUNT VII
### (All Plaintiffs v. Hochberg)
### (New York State Consumer Protection from Deceptive Acts and Practices - Deceptive Acts and Practices, NY Gen Bus L § 349)

141. Defendant realleges and incorporates by reference its responses to all proceeding paragraphs as though fully set forth herein.

142. Defendant denies the allegation contained in Paragraph 142.

143. Defendant denies the allegation contained in Paragraph 143.

144. Defendant denies the allegation contained in Paragraph 144.

145. Defendant denies the allegation contained in Paragraph 145.

146. Defendant denies the allegation contained in Paragraph 146.

## COUNT VIII
### (All Plaintiffs v. Hochberg)
### (New York State Consumer Protection from Deceptive Acts and Practices - False Advertising, NY Gen Bus L § 350)

147. Defendant realleges and incorporates by reference its responses to all proceeding paragraphs as though fully set forth herein.

148. Defendant denies the allegation contained in Paragraph 148.

149. Defendant denies the allegation contained in Paragraph 149.

150. Defendant denies the allegation contained in Paragraph 150.

151. Defendant denies the allegation contained in Paragraph 151.

## COUNT IX
### (All Plaintiffs v. Hochberg)
### (New York City Consumer Protection Law - Unfair Trade Practices, NYC Admin Code § 20-700 et seq.)

152. Defendant realleges and incorporates by reference its responses to all proceeding paragraphs as though fully set forth herein.

153. Defendant denies the allegation contained in Paragraph 153.

154. Defendant denies the allegation contained in Paragraph 154.

155. Defendant denies the allegation contained in Paragraph 155.

156. Defendant denies the allegation contained in Paragraph 156.

157. Defendant denies the allegation contained in Paragraph 157.

## COUNT X
### (All Plaintiffs v. Hochberg)
### (Tortious Interference with Prospective Economic Advantage)

158. Defendant realleges and incorporates by reference its responses to all proceeding paragraphs as though fully set forth herein.

159. Defendant denies the allegation contained in Paragraph 159.

160. Defendant denies the allegation contained in Paragraph 160.

161. Defendant denies the allegation contained in Paragraph 161.

162. Defendant denies the allegation contained in Paragraph 162.

163. Defendant denies the allegation contained in Paragraph 163.

164. Defendant denies the allegation contained in Paragraph 164.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden that it would not otherwise bear, and reserving its right to assert additional affirmative defenses, Skechers asserts the following affirmative defenses to Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

165. Plaintiffs' claims against Hochberg are barred, either in whole or in part, by Plaintiff's failure to state a claim upon which a relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

166. Plaintiffs' claims against Hochberg are barred, either in whole or in part, by the doctrines of waiver, laches, acquiescence, inequitable conduct and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

167. Hochberg has not infringed, either directly or indirectly, Plaintiffs' trademarks, if any.

## FOURTH AFFIRMATIVE DEFENSE

168. Plaintiffs' claims against Hochberg are barred, either in whole or in part, by the doctrines of fair use and/or nominative use.

**FIFTH AFFIRMATIVE DEFENSE**

169. Plaintiffs' claims against Hochberg are barred, either in whole or in part, because Hochberg's conduct, if any, was not willful or intentional.

**SIXTH AFFIRMATIVE DEFENSE**

170. Plaintiffs' claims against Hochberg are barred, either in whole or in part, because Hochberg's use, if any, of Plaintiffs' marks is not likely to cause confusion, or to cause mistake, or to deceive consumers in any way.

**SEVENTH AFFIRMATIVE DEFENSE**

171. Plaintiffs' claims against Hochberg are barred, either in whole or in part, to the extent Plaintiff's marks, if any, have lost distinctiveness and/or are weak and not famous.

**EIGHTH AFFIRMATIVE DEFENSE**

172. Plaintiffs' claims against Hochberg are barred, either in whole or in part, to the extent Plaintiffs' marks, if any, are generic and/or invalid.

**NINTH AFFIRMATIVE DEFENSE**

173. Plaintiffs' claims against Hochberg are barred, either in whole or in part, to the extent Plaintiffs' damages are speculative and inherently uncertain and/or because Plaintiff has failed to mitigate its alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

174. Hochberg was unaware of Plaintiffs' alleged trademark rights and has acted in a lawful and good faith manner. Accordingly, Plaintiffs is not entitled to compensatory damages, punitive damages or attorneys' fees.

**ELEVENTH AFFIRMATIVE DEFENSE**

175.  Plaintiff's claims for infringement under New York Law fail for the same reasons that the first and third counts of the second amended complaint were dismissed.

### TWELFTH AFFIRMATIVE DEFENSE

176.  New York law does not permit a dilution claim unless the marks are 'substantially' similar.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, defendant Marisa Hochberg hereby demand a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by a statute of the United States.

WHEREFORE, Defendant respectfully requests that this Court: (a) dismiss Plaintiffs' Complaint with prejudice; (b) deny Plaintiffs' demands and prayers for relief; (c) award Defendants reasonable costs and attorneys' fees incurred in the defense of this action, and (d) grant Defendants such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
       February 29, 2024

/s/ *Alexander Dudelson*
ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Defendant*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
Email: adesq@aol.com

**Via ECF:**

JOHN J. ZIDZIUNAS, ESQ.
*Attorneys for Plaintiff*