```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
JAYMA CARDOSO and JC HOSPITALITY,                                :
                                                                 :
                                Plaintiffs,                      :
                                                                 :          23-cv-02051 (LJL)
        -v-                                                      :
                                                                 :              ORDER
MARISA HOCHBERG,                                                 :
                                                                 :
                                Defendant.                       :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/27/2024

LEWIS J. LIMAN, United States District Judge:

Alexander M. Dudelson, Esq., counsel for defendant Marisa Hochberg ("Hochberg") moves, pursuant to Local Rule 1.4, to withdraw as counsel. Dkt. No. 74. The motion is supported by the declaration of counsel. Dkt. No. 75. The Court held a hearing on the motion today, March 27, 2024. Ms. Hochberg did not attend.

Local Civil Rule 1.4 permits an attorney to be relieved as counsel upon a showing "by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien." Local Civ. R. 1.4.

"On a motion to withdraw as counsel, the Court is required to consider: '[1] the reasons for withdrawal and [2] the impact of the withdrawal on the timing of the proceeding.'" *Pristine Jewelers NY, Inc. v. Broner*, 2020 WL 8922205, at *1 (S.D.N.Y. Mar. 2, 2020) (quoting *TufAmerica, Inc. v. Codigo Music LLC*, 2017 WL 3475499, at *5 (S.D.N.Y. Aug. 11, 2017)); *see also Whiting v. Lacara*, 187 F.3d 317, 320–21 (2d Cir. 1999).

Counsel has shown satisfactory reasons for withdrawal. Ms. Hochberg has not cooperated with counsel and there is an "irreconcilable conflict between attorney and client." *Ruiz v. Keratin Bar Inc.*, 2020 WL 7079904, at *2 (S.D.N.Y. Dec. 3, 2020). In addition, Ms. Hochberg has refused to pay her attorney's fees due and owing and has deliberately disregarded her financial obligations. *See United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006).

Permitting counsel to withdraw will not have an adverse impact on the timing of the proceeding, any more than Ms. Hochberg's dilatory response to this litigation already has had on the proceeding. The case management plan in effect provides for all fact discovery to be complete by June 7, 2024, all discovery to be complete by August 9, 2024, and a status conference on August 14, 2024, in person in Courtroom 15C at 500 Pearl Street. Dkt. No. 69. There is no stay in discovery in the case. As an individual defendant proceeding *pro se*, Ms. Hochberg will be subject to the same responsibilities as if she were represented, and will suffer

the same consequences if she defaults in those responsibilities that she also would have were she represented.  Each party may serve discovery on the other.  If Ms. Hochberg fails to respond to ordered discovery, she may face a number of potential sanctions, including but not limited to the issuance of a default judgment against her.  *See* Fed. R. Civ. P. 37(b)(2)(A)(vi).  The Court may also impose similar sanctions on Ms. Hochberg, including entry of a default judgment, if she fails to disclose information required by discovery, *see* Fed. R. Civ. P. 37(c)(1), or fails to attend her own deposition, *see* Fed. R. Civ. P. 37(d).  Finally, if Ms. Hochberg fails to "otherwise defend" this lawsuit, she may be subject to a default judgment.  *See* Fed. R. Civ. P. 55(a).

  At the hearing, counsel for Ms. Hochberg (before he was relieved) confirmed the last known mailing address for Ms. Hochberg.  Defendant may serve her with discovery by mail to that address under Federal Rule of Civil Procedure 5(b)(2)(C).  Defendant shall also serve Ms. Hochberg with this order by mail to her last known address and by email and shall file a certificate of service on the docket.

  The Clerk of Court is respectfully directed to close Dkt. No. 74.

  SO ORDERED.

Dated: March 27, 2024
   New York, New York

                LEWIS J. LIMAN
               United States District Judge