

**John J. Zidziunas & Associates, LLC**

<u>Main Office:</u>
354 Eisenhower
Parkway, Suite 1250
Livingston, NJ 07039
(t) 973-509-8500
(f) 973-509-1770

<u>NY Office:</u>
90 Broad Street
25th Floor
New York, NY 10004

Of Counsel:
Phillip E. Klein, Esq.*
Barry E. Janay, Esq. *ᵒ

Member:
John J. Zidziunas, Esq. *ᵒ+

Associates:
Caroline McCallan, Esq. *ᵒ
Nicorie Clarke, Esq. •

*Member of NY Bar*
*• Member of NJ Bar*
*+ Member of D.C. Bar*

May 1, 2024

<u>Via ECF and Email</u>
Marisa Hochberg
420 E. 54th Street, Apt. 1708
New York, NY 10022

      RE:    JC Hospitality, LLC, and Jayma Cardoso v. Marisa Hochberg
               <u>Case No.: 1:23-cv-02051-LJL</u>

Dear Ms. Hochberg:

      This office represents the Plaintiffs in the above referenced matter. Attached please find Plaintiffs' First Request for Interrogatories. Answers must be provided within the strict time frame prescribed by the Federal Rules of Civil Procedure

      If you are represented by counsel, please have them contact me should they have any questions.

                            Very truly yours,

                        **/s/ John Zidziunas**
                        JOHN ZIDZIUNAS
                          For the Firm

**JOHN J. ZIDZIUNAS & ASSOCIATES, LLC**
**JOHN J. ZIDZIUNAS, ESQ. (NY BAR ID: 5544044)**
354 Eisenhower Pkwy, Suite 1250
Livingston, NJ 07039
(t) 973-509-8500
(f) 973-509-1770

NY OFFICE:
90 Broad Street
25th Floor
New York, NY 10004
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JC HOSPITALITY, LLC and JAYMA CARDOSO,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**MARISA HOCHBERG (in her individual and professional capacities),**<br><br>**Defendants.** | **CASE NO: 1:23-CV-02051-LJL**<br><br>**PLAINTIFFS' FIRST REQUEST FOR INTERROGATORIES TO DEFENDANT MARISA HOCHBERG** |

**TO:**   Marisa Hochberg, *Defendant*
         420 E. 54th Street, Apt. 1708
         New York, NY 10022

**PLEASE TAKE NOTICE** that Plaintiffs, JC Hospitality, LLC ("JC Hospitality") and Jayma Cardoso ("Cardoso") (collectively the "Plaintiffs"), hereby requests that Defendant, Marisa Hochberg ("Hochberg") answer under oath the following interrogatories within the time frame and manner prescribed by Rule 33 of the Federal Rules of Civil Procedure.

**JOHN J. ZIDZIUNAS & ASSOCIATES, LLC**
**Attorneys for Plaintiffs**

By:   */s/ John J. Zidziunas*
      JOHN J. ZIDZIUNAS, ESQ.

**DATED:** May 1, 2024

## **DEFINITIONS**

As used herein:

A. "Address" means the present or last known street name and number, city or town, state, zip code, and telephone number.

B. "Complaint" refers generally to the Second Amended Complaint entitled <u>JC Hospitality, LLC, and Jayma Cardoso v. Marisa Hochberg (In her Individual and Professional Capacities),</u> Case No. 1:23-cv-02051-LJL.

C. "Communication" means any meeting, conversation, discussion, correspondence, message or other occurrence whereby thoughts, opinions, or data are transmitted between two or more persons.

D. "Describe", "describing" and "set forth" mean to state the substance of the event, circumstances, communication, representation, conversation, meeting, transaction, occasion or other occurrence in question; the date, time, place and identity of all persons present thereat or participating therein; that which each such person said and did; the approximate duration of such occurrence; the method or means of communication employed; the identity of all documents relating thereto; and the identity of all persons having knowledge of such occurrence; as well as the date and means when and whereby such knowledge was first acquired.

E. "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description, including, but not limited to, the original and any copy of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten or other note, working paper, chart, paper, graph, index, tape, disc, data sheet or data processing card,

correspondence, tale, analysis, schedule, diary, message (including, but not limited to, reports of telephone conversations or conferences), e-mails, computer transmissions, magazine, booklet, circular, bulletin, instruction, minutes, other communication (including inter-office or intra-office communications), purchase order, bill of lading, bid tabulation, questionnaire, survey, contract, option to purchase, memorandum of agreement, assignment, license, book account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photographic negative, phonorecord, tape recording, wire recording, videotape, transcript of proceedings, drawing, catalogue, brochure, any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced, to which Plaintiff has or has had access.

    F.    "Identify", "identity", or "identification" means, when used in reference to:

        1.    a natural person, his or her:

            (a) full name;

            (b) present or last known home address (including street name and number, city or town, state, zip code, and telephone number);

            (c) present or last known business address (including street name and number, city or town, state, zip code, and telephone number);

            (d) present or last known occupation, position, business affiliation, and job description;

            (e) occupation, position, business affiliation, and job description at the time relevant to the particular interrogatory being answered.

        2.    a company, corporation, association, partnership, or legal entity other than a natural person:

            (a) its full name;

      (b) a description of the type of organization or entity;

      (c) the full address of its principal place of business;

      (d) the jurisdiction of incorporation or organization; and

      (e) the date of its incorporation or organization.

3. a document:

      (a) its description (for example, letter, memorandum, report);

      (b) its title;

      (c) its date;

      (d) the number of pages thereof;

      (e) its subject;

      (f) the identity of its author, signatory or signatories, and any person who participated in its preparation;

      (g) the identity of its addressee or recipient;

      (h) the identity of each person to whom copies were sent and each person by whom copies were received;

      (i) its present location; and

      (j) the identity of its present custodian (if any such document was, but is no longer, in the possession of or subject to the control of Plaintiff, state what disposition was made of it and when);

4. an oral communication or statement:

      (a) the date and time it occurred;

      (b) the place it occurred;

      (c) the complete substance of the communication;

      (d) the identity of each person:

          (1) to whom such communication was made;

      (2) by whom such communication was made;

      (3) who was present when such communication was made;

    (e) if by telephone;

      (1) the identity of each person:

        (i)  who made each telephone call;

        (ii) who participated in each call;

    (f)  the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

  G.  "Oral communication" means any verbal conversation or other statement from one person to another, including, but not limited to, any interview, conference, meeting or telephone conversation.

  H.  "Person" means a natural person, firm, proprietorship, association, partnership, corporation or any other type of organization or entity.

  I.  "Defendant" means Defendant Marisa Hochberg.

**INSTRUCTIONS**

A.      Each interrogatory requests that each and every part and particular thereof be answered with the same force and effect as if each part and particular were the subject of, and were asked by, a separate interrogatory.  Where an interrogatory relates to more than one person or subject, it is to be answered as to each such person or subject separately.

B.      You are to furnish all information which is available to you as of the date of your answers to these interrogatories.  If you are unable to answer any of the interrogatories fully and completely, after exercising due diligence to secure the information necessary to make such full and complete answer, so state, and answer each such interrogatory to the fullest extent possible, specifying the extent of your knowledge and your inability to answer the remainder, setting forth whatever information or knowledge you may have concerning the unanswered portions thereof and the efforts you made to obtain the requested information.

C.      With respect to the answer to each interrogatory, or subpart thereof, identify all persons and documents consulted by you in preparing your answer thereto, and state the source of the information given therein with as much particularity as is reasonably possible, including, without limitation, the identity of each person who provided any information included in such answer.  In addition, identify each other person known or believed to have some or all of the information sought in such interrogatory or subpart thereof.

D.      When an interrogatory or any of its subparts calls for you to set forth the factual basis of any of your allegations or any of your answers, the request calls for you

to set forth and describe each fact and identify each document which you contend tends to support your allegation or answer and identify each person who possesses facts supporting your allegation or answer.

      E.      If any information required to answer any interrogatory is withheld because you claim that such information is privileged, or is contained in a privileged document or communication:

         (a) identify each document or communication;

         (b) identify the privilege and set forth the factual basis for the privilege claimed; and

         (c) set forth each subparagraph of the interrogatory to which each such document or communication is responsive.

      F.      If your answer to any interrogatory refers to or identifies a document which once existed, but which no longer exists, state the circumstances under which it was destroyed or ceased to exist, including:

         (a) the identity of each person who determined that each such document would be removed or destroyed;

         (b) the identity of each person who authorized the destruction or removal of each such document;

         (c) the identity of each person who removed or destroyed each such document;

         (d) the substance and content of each such document; and

         (e) the date and location and the manner in which each such document was removed or destroyed.

## **INTERROGATORIES**

1. Please state the full name and any aliases, present address, date and place of birth, social security number, and educational background of the person certifying these answers to Interrogatories.

2. Please identify any and all persons who aided, assisted, or participated in any manner in the preparation of the answers to these Interrogatories.

3. Please identify each person who possesses knowledge and/or information regarding all claims alleged by Plaintiffs. As to each person so identified, describe fully his or her knowledge, to which count of the Complaint the witness has specific information, from where that knowledge was obtained and whether he/she will be called as a witness at trial, as well as the telephone number, e-mail and current physical address of each person.

4. Please describe in detail Defendant's version of the events complained of in Plaintiffs' Complaint.

5. Please identify each person who investigated the subject matter of this litigation for Defendant or Defendant's attorneys, and if the investigators have taken statements from any person regarding this matter, including, but not limited to, statements obtained prior to the commencement of this action, state: the identity of the person from whom a statement has been taken; when and where the statement was taken; the type of statement taken, whether written, recorded, or oral; the identity of the investigator who took the statement; the purpose of making the statement; and attach a copy of each such statement to Defendant's answers to these Interrogatories.

6. Please state whether any persons other than those identified in the preceding Interrogatory have taken or made statements concerning this matter, and if so, state: the identity of the person taking each such statement; the identity of the person making each such statement; when and where each such statement was taken; the type of statement taken, whether written, recorded, or oral; the purpose of making the statement; and attach a copy of each such statement to Defendant's answers to these Interrogatories.

7. Please state whether Defendant contends that any admissions were made by any person with regard to the issue in this lawsuit, including but not limited to any Defendant or their agents or representatives, and, if so, state: the name and address of each person making the admission; substance of each such admission; the date, time, and place the admission was made, the names and addresses of all persons present when each admission was made; if the admission was reduced to writing, annex a copy hereto.

8. Please state whether Defendant contends that any declaration against interest with regard to the issues of this lawsuit has been made by any person, including, but not limited to, any Defendant or their employees, agents, or representatives, and if so, set forth: the substance of each such declaration against interest; the person making the declaration against interest; all persons present when the declaration against interest was made; the place where and the time when the declaration against interest was made; if the declaration against interest was reduced to writing, annex a copy hereto.

9. If Defendant has obtained a statement from any person not a party to this action, state: (a) the name and present address of the person who gave the statement; (b) whether the statement was oral or in writing and if in writing, attach a copy; (c) the date the statement was obtained; (d) if such statement was oral, whether a recording was made, and if so, the nature of the recording and the name and present address of the person who has custody of it; (e) if the statement was written, whether it was signed by the person making it; (f) the name and address of the person who obtained the statement; and (g) if the statement was oral, a detailed summary of its contents.

10. In the last seven (7) years, identify complaints, lawsuits, demands, trial/jury verdicts, and settlement agreements made with and against Defendant in the last seven (7) years alleging: Violation of federal trademark infringement, 15 U.S.C. § 1114; (2) Violation of federal unfair competition, false designation of origin, and false association, 15 U.S.C. § 1125(a); (3) Violation of New York State trademark infringement prohibitions, NY Gen Bus L § 360-K; (4) Violation of New York State protections against injury to business reputation and dilution, NY Gen Bus L § 360-L; (5) Violation of New York State trademark common law; (6) Violation of New York State Consumer Protection from Deceptive Acts and Practices – deceptive acts and practices, NY Gen Bus L § 349; (7) Violation of New York State Consumer Protection from Deceptive Acts and Practices – false advertising, NY Gen Bus L § 350; (8) Violation of the New York City Consumer Protection Law, NYC Admin Code § 20-700; (9) tortious

interference with prospective economic advantage, (10) Breach of Contract; (11) Breach of a Lease Agreement; and (12) Actions for Eviction.

11. Please identify and attach to Defendant's answers to these interrogatories all documents known to Defendant which support, refer or relate to Defendant's answers to each of the preceding questions (if not already identified and attached).

12. Please state the names and addresses of all persons who have knowledge of any facts relating to the case.

13. Please state the names and addresses of all your witnesses for trial, and provide the sum and substance of each trial witnesses testimony and basis for such testimony.

14. Please describe in full detail the facts and circumstances relating to Plaintiff Jayma Cardoso's dissolution of the JM Sanctuary LLC and Cardoso's notice to cease all business operations with Defendant.

15. Please describe in full detail the facts and circumstances relating to Defendant's communications with any agent, employee, or representative of Black Flower Agency, Saks Fifth Avenue and/or American Express ("AMEX") beginning in or around December 2020 to engage in a business relationship with Defendant without the consent of Plaintiffs.

16. Please state whether Defendant received any authorization from Plaintiffs Jayma Cardoso or JC Hospitality, LLC, or any agent or representative of The Surf Lodge to use The Surf Lodge trademarks. If the answer is yes, please detail the date, time, place, witnesses, and circumstances in which this communication occurred.

17. Please state whether Defendant received any authorization from Plaintiffs Jayma Cardoso or JC Hospitality, LLC, or any agent or representative of The Surf Lodge to enter into business dealings on behalf of "The Sanctuary" after the dissolution of "JM Sanctuary LLC" and all business relationships with Plaintiffs. If the answer is yes, please detail the date, time, place, witnesses, and circumstances in which communication occurred.

18. Please state whether Defendant received any communication from Plaintiffs Jayma Cardoso and JC Hospitality, LLC, their attorneys, or any agent or representative of The Surf Lodge regarding Defendant's unauthorized use of "@surflodgesanctuary" Instagram handle and profile. If the answer is yes, please detail the date, time, place, witnesses, and circumstances in which this occurred.

19. Since 2021, have you used Jayma Cardoso's name individually, or "The Surf Lodge" name in connection with obtaining any jobs, employment, contracts, financial opportunities or business in any way? If yes, please identify each and every instance you did so.

20. Identify all income you received since 2020, whether filed or not filed on your income tax returns.

21. Please state your current employment and all employment that you derived income from in the last three (3) years.

22. In the last two years, have you ever contacted Ms. Cardoso's former business partner, Jaime Mulholland? If so, please summarize all conversations in great detail and the reason you had such contact with Mr. Mulholland.

23. In the last two years, have you ever contacted Ms. Cardoso's former publicist, Alan Risch? If so, please summarize all conversations in great detail and the reason you had such contact with Mr. Risch.

24. Have you ever paid for a sponsored ad, paid-for ad, or Google Ad for The Sanctuary or any advertising or marketing of any kind for The Sanctuary? If yes, please provide the dates of sponsorship and all details associated with said sponsorship, advertising or marketing campaign.

25. Please provide the current login information, including username and password for "@surflodgesanctuary" Instagram handle.

## **CERTIFICATION**

I hereby certify that the copies of the reports annexed hereto rendered by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports rendered by them; that the existence of other reports of said doctors or experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

I further certify that the foregoing statements made by me in the annexed answers to interrogatories are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

I further acknowledge the continuing obligation to provide the information and documentation requested by these interrogatories to provide same even after the original of these interrogatories have been submitted.

 

 

**MARISA HOCHBERG**

**DATED:**