

*Employment Discrimination.com*

**John J. Zidziunas & Associates, LLC**

Main Office:
354 Eisenhower
Parkway, Suite 1250
Livingston, NJ 07039
(t) 973-509-8500
(f) 973-509-1770

NY Office:
90 Broad Street
25th Floor
New York, NY 10004

Of Counsel:
Phillip E. Klein, Esq.*
Barry E. Janay, Esq. *◊

Member:
John J. Zidziunas, Esq. *◊+

Associates:
Caroline McCallan, Esq. *◊
Nicorie Clarke, Esq. •

* Member of NY Bar
• Member of NJ Bar
+ Member of D.C. Bar

May 30, 2024

<u>Via ECF</u>

Honorable Lewis J. Liman, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

RE:    JC Hospitality, et al. v. Hochberg
       <u>Docket No.: 1:23-cv-02051-LJL</u>

Dear Judge Liman:

This office represents the Plaintiffs, JC Hospitality, LLC and Jayma Cardoso ("Plaintiffs") in the above referenced matter. We write to inform you of a serious situation involving Ms. Hochberg that occurred on May 28, 2024, which requires the Court's direction and intervention. We request that the Court permit this office to file a motion for sanctions, financial penalties and attorneys' fees against Ms. Hochberg in light of this event and her continuous belligerent conduct throughout this litigation.

On Tuesday night, May 28, 2024, at 9:07 PM, Ms. Hochberg emailed the Firm's Associate, Caroline McCallan, Esq., threatening her that "law enforcement" would be taking action against her if she emailed her again. (<u>See</u> copy of Ms. Hochberg's email dated May 28, 2024, attached hereto as "Ex. A"). Specifically, she states in her email "***I have someone from law enforcement (on this email) who specializes in financial crimes and will be following up with you very soon.***" (<u>See</u> Ex. A). Ms. Hochberg then goes on to state:

> I also have made the NYTimes aware of everything as I speak with the investigative journalist who contacted me about a major story she is working on about Jayma and The Surf Lodge on a daily basis.

> The only reason Jayma is in business and has a liquor license right now is because of me and my dad who just DIED and she doesn't give a shit about. She's making millions because I saved her license and couldn't pay me a penny for my hard work, but instead when I asked for payment, pursued a fraudulent federal lawsuit to seek to destroy my reputation while SHE is the one being investigated by the FBI.



*Employment Discrimination.com*

John J. Zidziunas & Associates, LLC

Please don't contact me any further.

All the best,
Marisa

(See Ex. A).

In her email, Ms. Hochberg clearly attempts to intimidate Ms. McCallan, Esq. by using the threat of law enforcement against her for "financial crimes" and would be "following up" with her very soon. To support her threats, Ms. Hochberg copied an unknown person, Jose Febo, at jfebo@advancedproactivesolutions.net on the email to myself and Ms. McCallan, Esq. At the conclusion of Defendant's disturbing email, she states to Ms. McCallan, Esq., "Please don't contact me any further." Ms. Hochberg continues further by leveraging names like the New York Times and words like "the FBI" to intimidate Ms. McCallan. (See Ex. A).

Ms. Hochberg's conduct at this point has to stop and she should be sanctioned and financially penalized for her conduct because candidly, *enough is enough*. As the Court is aware, since March 27, 2024, Ms. Hochberg has been acting *Pro Se* as her own counsel since her last attorney, Alexander Dudelson, Esq., fired Ms. Hochberg and withdrew from the case. As the Court knows very well, we are obligated to email Ms. Hochberg copies of all filed documents from PACER in order to ensure service of same. On May 28, 2024, Plaintiffs filed their Motion for Default Judgment against Defendant Hochberg, which Ms. McCallan emailed a copy of to Ms. Hochberg and requested her mailing address so that Plaintiffs could serve her *via* hand delivery as well. (See Ex. A). That simple email prompted Ms. Hochberg's aggressive and threatening response.

As the Court knows, Mr. Dudelson's motion to withdraw was Defendant's fourth (4th) filed motion to be relieved as counsel in this litigation thus far, and Mr. Dudelson was the second attorney to fire Ms. Hochberg and withdraw from the case because of her actions. From her attorneys' own Certifications, both Mr. Storch and Mr. Dudelson stated that Ms. Hochberg threatened them and their Firms with baseless accusations. Mr. Storch stated that Ms. Hochberg "fired the Firm and subsequently begged it to represent her, threatened the Firm and its lawyers, refused to communicate with the Firm, and refused to authorize the Firm to take actions required by the Court's scheduling orders and applicable rules". (See copy of Steven Storch, Esq. Motion to Withdraw as Counsel dated December 14, 2023, attached hereto as "Ex. B"). Similarly, Mr. Dudelson stated that Ms. Hochberg "accused [him] of patently false conduct" and advised him "that [his] conduct was being reported by a third party" and "threatened counsel with charges of harassment and malpractice" (See copy of Alexander Dudelson, Esq. Motion to Withdraw as Counsel dated February 27, 2024, attached hereto as "Ex. C").

We are also aware from counsel that Ms. Hochberg made disturbing threats upon those attorneys directly, including at least one attorneys' spouse. These actions are not only



*Employment Discrimination.com*

John J. Zidziunas & Associates, LLC

disturbing to me as Ms. McCallan's employer, but also by Ms. McCallan who is currently five months pregnant with her second child. Simply put, Ms. Hochberg has gone too far. Furthermore, Ms. Hochberg has also made inappropriate allegations against me in the past during this litigation. As referenced in our Letter Response to Mr. Storch's Motion to Withdraw, dated December 28, 2023, Ms. Hochberg contacted me directly while she was represented by Mr. Storch in an attempt to solicit communications that would violate my ethical duty not to communicate directly with an individual who is represented by counsel. (See copy of Plaintiffs' Letter Response dated December 28, 2023, attached hereto as "Ex. D"). Ms. Hochberg also attempted to threaten me by involving herself in an unrelated litigation in order to directly influence this case. (See Ex. D).

Pursuant to Your Honor's Order dated March 27, 2024, following Mr. Dudelson being relieved as counsel, Ms. Hochberg became obligated to act as her counsel. This Court stated that "[a]s an individual defendant proceeding *pro se*, Ms. Hochberg will be **subject to the same responsibilities** and if she were represented, and **will suffer the same consequences** if she defaults in those responsibilities that she also would have were she represented." (See copy of Judge Liman's Order dated March 27, 2024, attached hereto as "Ex. E"). Your Honor confirmed that ECF and email shall be the mechanisms of service for Ms. Hochberg, as well as attempting to serve her at last known mailing address. (See Ex. E). Plaintiffs have previously requested Ms. Hochberg's current mailing address *via* email on May 1 and May 7, 2024, however, Plaintiff failed to respond. Ms. Hochberg's May 28th email proves that she is in fact receiving our emails and therefore, receiving service of our correspondence, discovery propounds, and motions.

On May 28, 2024, Plaintiffs filed a Motion for Default Judgment after Ms. Hochberg failed to appear before Judge Parker at the Court ordered Settlement Conference on May 9, 2024. In Plaintiffs' Proposed Form of Order and supporting Declaration of Counsel, Plaintiffs requested relief in the form of default judgment, attorneys' fees, and injunctive relief, specifically that Ms. Hochberg immediately and permanently remove "@thesurflodgesanctuary" Instagram handle from Instagram and to cease further use of any name, trademark, or other intellectual property associated with Plaintiffs and The Surf Lodge trademarks,

On May 1, 2024, Plaintiffs served Defendant Hochberg with Requests for Interrogatories, Document Demands, and Requests for Admissions, which we have not received responses to and are due tomorrow, May 31, 2024. To date, Ms. Hochberg has not served any discovery propounds upon Plaintiffs.

The Court is well aware that our office is obligated by Court Order and the Court Rules to email Ms. Hochberg copies of all motions, discovery, deadlines, dates, and Court Orders. Because Ms. Hochberg is representing herself at this time, our office will have to continue to email Ms. Hochberg and cannot be met with threatening responses from Ms. Hochberg each time we do so. Our office has also repeatedly requested Ms. Hochberg's current mailing address to provide service, which she has refused to provide.



*Employment*
*Discrimination.com*

John J. Zidziunas & Associates, LLC

Ms. Hochberg's inappropriate conduct, abusive motion practices, deliberate delays, and intentional misuse of Plaintiffs' and the Court's time and resources is flagrantly disrespectful to our judicial system and warrants sanctions and any other penalties the Court deems fit.

We thank Your Honor for your time, courtesies, and continued efforts in this matter. Should you have any questions, please do not hesitate to contact me.

Respectfully submitted,

**/s/ John J. Zidziunas**

JOHN J. ZIDZIUNAS
For the Firm

Plaintiff is given leave to file a motion (or request for an order to show cause) for sanctions as well as a request for a Court order restraining Defendant from making threats or engaging in inappropriate conduct towards opposing counsel and any persons known to be associated with opposing counsel (and shall suggest language for such order as well as cite appropriate authority).   Plaintiff is directed to serve the motion on Defendant personally.
Date: May 30, 2024

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

**EXHIBIT**

**A**

| | |
|---|---|
| **Subject:** | Re: JC Hospitality, LLC, et al. v. Hochberg |
| **Date:** | Tuesday, May 28, 2024 at 9:07:25 PM Eastern Daylight Time |
| **From:** | Marisa Hochberg |
| **To:** | caroline@jjzlawfirm.com |
| **CC:** | John Zidziunas, Jose Febo |
| **Attachments:** | image001.png |

Hi Caroline,

I have someone from law enforcement (on this email) who specializes in financial crimes and will be following up with you very soon.

I also have made the NYTimes aware of everything as I speak with the investigative journalist who contacted me about a major story she is working on about Jayma and The Surf Lodge on a daily basis.

The only reason Jayma is in business and has a liquor license right now is because of me and my dad who just DIED and she doesn't give a shit about. She's making millions because I saved her license and couldn't pay me a penny for my hard work, but instead when I asked for payment, pursued a fraudulent federal lawsuit to seek to destroy my reputation while SHE is the one being investigated by the FBI.

Please don't contact me any further.

All the best,
Marisa

Sent from Gmail Mobile

On Tue, May 28, 2024 at 4:36 PM caroline@jjzlawfirm.com <caroline@jjzlawfirm.com> wrote:

> Dear Ms. Hochberg,
>
> This office represents the Plaintiffs in the above referenced matter. Attached please find a copy of Plaintiffs' Motion for Default Judgment, which was electronically filed with the Court via PACER/ECF today, May 28, 2024.
>
> Please provide your current home address so that we can send a process server to serve the attached documents to you as well.
>
> Regards,
>
> Caroline
>
> --
>
> **Caroline McCallan, Esq.**



## John J. Zidziunas & Associates, LLC

**Main Office:**
354 Eisenhower
Parkway, Suite 1250
Livingston, NJ 07039
(t) 973-509-8500
(f) 973-509-1770

**NY Office:**
90 Broad Street
25th Floor
New York, NY 10004

*The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply by email and destroy all copies of the original message.*

**EXHIBIT**

**B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JC HOSPITALITY d/b/a THE SURF LODGE and JAYMA CARDOSO,<br><br>Plaintiffs,<br><br>v.<br><br>MARISA HOCHBERG (In Her Individual and Professional Capacities),<br><br>Defendant. | Case 1:23-cv-02051-(LJL)<br><br>**ORDER TO SHOW CAUSE FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT MARISA HOCHBERG** |

Upon reading and filing the annexed Declaration of Steven G. Storch, executed December 14, 2023, the Memorandum of Law in Support of Motion to Withdraw, dated December 14, 2023, and upon all pleadings and proceedings heretofore had herein; and

IT APPEARING that the firm of Storch Byrne LLP has grounds to withdraw as counsel in this action for Defendant Marisa Hochberg,

NOW LET Defendant MARISA HOCHBERG SHOW CAUSE before a motion term of this Court, at Room 15C of the United States Courthouse, 500 Pearl Street, New York, New York 10007, on December ___, 2023, at _____ o'clock in the _____ noon thereof, or as soon thereafter as counsel may be heard,

WHY an ORDER should not be made and entered:

a. Pursuant to Local Civil Rule 1.4, permitting Storch Byrne LLP to withdraw as counsel of record for Defendant Marisa Hochberg in this action;

b. Staying all proceedings and deadlines herein for thirty days to afford Defendant the opportunity to retain replacement counsel;

1

c. Granting Storch Byrne LLP such other and further relief as this Court may deem just and proper; and

SUFFICIENT CAUSE APPEARING THEREFOR, it is hereby further

ORDERED that service of this Order to Show Cause, supporting documents, and all future documents concerning this motion to withdraw, shall be deemed good and sufficient when served electronically upon Defendant Marisa Hochberg by sending them to both the following email address and phone number: marisjh@gmail.com and [+1 (917) 858-5063], and when served upon all other parties via ECF; and it is further

ORDERED that opposition papers, if any, shall be served upon Storch Byrne LLP by overnight courier to Storch Byrne LLP at 437 Madison Ave., 24th Floor, New York, NY 10022, and by email to sstorch@storchbyrnelegal.com, and filed with the Court's Pro Se Intake Unit as stated in the Court's Individual Practices in Civil Cases on or before _____, 2023, and reply papers, if any, shall be filed and served by email and ECF on or before _____, 2023.

Dated: New York, New York
        December___, 2023


_____
                    United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JC HOSPITALITY d/b/a THE SURF LODGE and JAYMA CARDOSO,<br><br>                              Plaintiffs,<br><br>              v.<br><br>MARISA HOCHBERG (In Her Individual and Profession Capacities)<br><br>                    Defendant. | Case 1:23-cv-02051-(LJL) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO WITHDRAW AS COUNSEL FOR DEFENDANT MARISA HOCHBERG**

STORCH BYRNE LLP
Steven G. Storch (SS5241)
437 Madison Ave., 24th Floor
New York, NY 10022
(212) 931-1005
sstorch@storchbyrnelegal.com
*Attorneys for Defendant Marisa Hochberg*

Storch Byrne LLP (the "Firm") respectfully submits this Memorandum of Law, together with the accompanying declaration of Steven G. Storch dated December 14, 2023 (the "Storch Dec."), in support of its motion to withdraw as counsel for Defendant Marisa Hochberg.

## Relevant Facts

As explained in the accompanying Storch Dec., the Firm is unable to work with Ms. Hochberg who has, at various times during the representation in this matter, fired the Firm and then subsequently begged it to represent her, threatened the Firm and its lawyers, refused to communicate with the Firm, and refused to authorize the Firm to take actions required by the Court's scheduling orders and applicable rules.  (Storch Dec. ¶ 3.)

These problems have been consistent and ongoing since the Firm was retained on or about March 28, 2023 (after the original Complaint was filed on March 10, 2023) and the Firm has endeavored in good faith to work through them with Ms. Hochberg.  Thus, the Firm has twice before moved to withdraw for these reasons, by orders to show cause dated May 18, 2023, and July 28, 2023, respectively, and both times withdrew the motion after erroneously believing that a solution had been implemented.  The withdrawal of the second motion was based on the understanding that Defendant's aunt, a prominent attorney, would act as an intermediary between Defendant and the Firm and would try to facilitate effective communication between the two. The aunt has since declined to continue on in that role and the Firm has been unable to locate another person willing to step in.

Accordingly, as outlined further in the accompanying Declaration of Steven G. Storch, the Firm's ability to effectively communicate with Defendant has completely and irreparably deteriorated to the extent that continued representation of Defendant by the Firm is untenable. In order not to prejudice the Firm's client, the explanation here and in the Storch Dec. is somewhat

general, but Mr. Storch can be more specific *in camera* if the Court so wishes.  (Storch Dec. ¶¶ 5, 11.)[1]

The Defendant has not yet answered the Amended Complaint and all discovery and deadlines had been suspended pending decision on Defendant's motion to dismiss the Amended Complaint, which motion was just recently granted in part on November 27, 2023.  The Firm is seeking to asserting neither a retaining lien nor a charging lien.  Storch Dec. ¶ 15.

## **ARGUMENT**

Local Civil Rule 1.4 of the United States District Courts for the Southern and Eastern Districts of New York, which governs the "Withdrawal or Displacement of Attorney of Record," provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

In determining whether "satisfactory reasons for withdrawal" have been stated, "the Court considers both the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Farmer v. Hyde Your Eyes Opt., Inc.*, 60 F. Supp. 3d 441, 444 (S.D.N.Y. 2014), quoting *Thekkek v. LaserSculpt, Inc.*, No. 11-CV-4426 (HB) (JLC), 2012 U.S. Dist. LEXIS 7646, at *4, 2012 WL 225924, at *2 (S.D.N.Y. Jan. 23, 2012) (internal quotation marks omitted). The decision of whether or not to grant such motions is "within the trial court's discretion." *Honeedew*

---

[1] As the Committee Note to Rule 1.4 recognizes, "the reasons for withdrawal [may] be stated in camera and under seal in an appropriate case."

3

*Inv. LLC v. Abadi*, No. 19-CV-08951 (JPC) (VF), 2022 U.S. Dist. LEXIS 180787, at *5–6, 2022 WL 16857354 (S.D.N.Y. Oct. 3, 2022).

## I. WITHDRAWAL IS PROPER WHERE, AS HERE, THE REPRESENTATION HAS BEEN RENDERED UNREASONABLY DIFFICULT BY THE CLIENT

Pursuant to Rule 1.16(b)(6) of the American Bar Association's Model Rules of Professional Conduct (the "Model Rules"), a lawyer may withdraw from representing a client if "the representation…has been rendered unreasonably difficult by the client." In the instant case, Defendant's posture towards the Firm has repeatedly created such unreasonable difficulties, as Defendant has ceased to cooperate with the Firm in her defense. Storch Dec. ¶¶ 3, 8-9. As such, Rule 1.16(a)(1) is also implicated inasmuch as the Firm cannot meaningfully consult with such client and vigorously and diligently defend her interests. *See, e.g.,* Model Rules 1.3 and comment [1] thereto; Model Rules 1.4(a)(1) and (2).

"It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *United States v. Lawrence Aviation Indus.*, No. 06-CV-4818 (JFB) (ARL), 2011 U.S. Dist. LEXIS 13777, at *4, 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) (internal quotation marks and alterations omitted). There are a number of satisfactory reasons justifying an attorney's withdrawal, including, for example, "a client's lack of cooperation — including lack of communication — with counsel, and the existence of irreconcilable conflict between attorney and client." *Naguib v. Pub. Health Solutions*, No. 12-CV-2561 (ENV) (LB), 2014 U.S. Dist. LEXIS 67125, at *3, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (withdrawal granted where client refused to communicate and cooperate with counsel regarding the litigation) (internal citation omitted); *see also Delgado v. Donald J. Trump for President, Inc.*, No. 19-CV-11764 (AT) (KHP), 2023 U.S. Dist. LEXIS 40922, at *5, 2023 WL 2975155 (S.D.N.Y. Mar. 10, 2023) (withdrawal granted where an "irreparable breakdown has occurred in the attorney-client relationship"); *Munoz v. City of New York*, No. 04-

CV-1105 (JGK), 2008 U.S. Dist. LEXIS 55297, at *2, 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) ("The law firm has shown good cause for withdrawal based on the lack of communication with the plaintiff and the acrimonious relationship that has developed between the law firm and the plaintiff."); *Fischer v. Biman Bangladesh Airlines*, No. 96-CV-3120 (SHS) (AJP), 1997 U.S. Dist. LEXIS 10405, at *3, 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) ("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal.").

## II. PERMISSION TO WITHDRAW IS SEPARATELY WARRANTED HERE AND NO PARTY WILL BE PREJUDICED THEREBY

Additionally, Rule 1.16(b)(1) of the Model Rules allows a lawyer to withdraw from representation where "withdrawal can be accomplished without material adverse effect on the interests of the client." It is respectfully submitted that the Firm's withdrawal will not prejudice the client, the Plaintiff, nor prevent Defendant or her new counsel from promptly resuming the action within a reasonable time. *United States v. Cole*, No. 19-CR-869 (ER), 2022 U.S. Dist. LEXIS 38009, at *5, 2022 WL 615046, at *2 (S.D.N.Y. Feb. 25, 2022) (finding that although granting withdrawal "may be disruptive" to the client, that was not a reason to deny the motion). A thirty-day adjournment for Defendant to secure and familiarize new counsel with the instant action, especially at this early stage in the litigation, will neither materially prejudice any party nor unduly delay these proceedings.

Given the breakdown in the attorney-client relationship that has occurred here, it is in the best interests of both Defendant and the Firm for that relationship to end. *Benvenisti v. City of N.Y.*, No. 04-CV-3166 (JGK) (RLE), 2006 U.S. Dist. LEXIS 396, at *3, 2006 WL 44039, at *1 (S.D.N.Y. Jan. 5, 2006) (where the attorney-client relationship and mutual trust have broken down, "a termination of the relationship would be in the best interest of both."). Nobody is served when clients and their counsel do not work well together.

5

Procedurally, granting the Firm's motion to withdraw as counsel will not significantly impact the timing of these proceedings. *Farmer*, 60 F. Supp. 3d at 444. As further outlined in the Storch Dec., this action is still in its early stages and Defendant has not even answered the complaint yet. Storch Dec. ¶ 13. Beyond Defendant's June 8, 2023, submission of her Initial Disclosures to counsel for Plaintiffs, no document production, depositions, or other discovery has taken place and, pursuant to the Court's Order dated August 7, 2023, all schedules were stayed while the parties awaited decision on Defendant's motion to dismiss the complaint which was just recently granted in part by Decision and Order dated November 27, 2023. *See, e.g.*, *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12-CV-7424 (JMF), 2013 U.S. Dist. LEXIS 12093, at *3, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013) ("Where discovery has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found.") (internal quotation marks omitted); *Furlow v. New York*, No. 90-CV-3956 (PKL), 1993 U.S. Dist. LEXIS 3510, at *4–5, 1993 WL 88260, at *2 (S.D.N.Y. Mar. 22, 1993) (granting withdrawal where although discovery was partially completed, "this action is not trial ready and resolution of this matter will not be delayed substantially by counsel's withdrawal at this juncture.").

The Firm is seeking to assert neither a retaining nor charging lien. Storch Dec. ¶ 15.

## **CONCLUSION**

For reasons set forth above and in the accompanying Declaration of Steven G. Storch, it is respectfully requested that the motion to withdraw as counsel for Defendant be granted, that all proceedings and deadlines be adjourned for thirty (30) days to afford Defendant the opportunity to retain new counsel, and that the Court grant such other and further relief as is just and proper.

Dated: New York, New York
      December 14, 2023

                             STORCH BYRNE LLP

                             By: /s/ Steven G. Storch
                             Steven G. Storch (SS5241)

437 Madison Avenue, 24th Floor
New York, NY 10022
(212) 931-1005
sstorch@storchbyrnelegal.com
*Attorneys for Defendant Marisa Hochberg*

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JC HOSPITALITY d/b/a THE SURF LODGE and JAYMA CARDOSO,<br><br>                          Plaintiffs,<br><br>      v.<br><br>MARISA HOCHBERG (In Her Individual and Professional Capacities),<br><br>                    Defendant. | Case 1:23-cv-02051-(LJL)<br><br>**DECLARATION OF STEVEN G. STORCH IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR <u>DEFENDANT MARISA HOCHBERG</u>** |

STEVEN G. STORCH, hereby declares as follows:

1.      I am a member of the law firm of STORCH BYRNE LLP (the "Firm"), counsel for Defendant Marisa Hochberg ("Ms. Hochberg" or "Defendant").  I have personal knowledge of the facts and circumstances set forth herein.

2.      This Affirmation is respectfully submitted in support of the instant application for an order granting the Firm and the undersigned leave to withdraw as counsel for Ms. Hochberg pursuant to Rules 1.16(a) and (b) of the Model Rules of Professional Conduct, and Rule 1.4 of the Local Civil Rules, on the ground that the Firm's representation of Defendant has become unreasonably difficult due to a complete breakdown in communication and cooperation.

<u>The Reasons for Bringing this Motion</u>

3.      This is the third application for leave to withdraw. As explained in connection with the prior motions, we are unable to work with Ms. Hochberg who has, at various times during our representation in this matter, fired us and subsequently begged us to represent her, threatened us, refused to communicate with us, and has refused to authorize us to take actions required by the Court's scheduling orders and applicable rules.

4. The previous two applications were withdrawn following extensive discussions with Ms. Hochberg and family members during which we thought that we had reached agreements as to how we could proceed with a mutually respectful attorney-client relationship that would provide Ms. Hochberg with the representation she deserves and enable the undersigned to fulfill obligations to the Court and adhere to Court's schedules.

5. As the Court may recall, on August 7, 2023, at the hearing on the Firm's second application to be relieved as counsel, I advised the Court that a key reason for our decision to withdraw the application was that Ms. Hochberg's aunt, a prominent attorney, had agreed to step in as an intermediary to help facilitate communication and decision-making. Unfortunately, the aunt has now indicated to me that she no longer wishes to be involved for reasons that I will share with the Court, *in camera*, if the Court requires such information.

6. On Sunday, December 3, 2023, I met with Defendant and another lawyer (the "Second Lawyer") acting on her behalf in White Plains, NY. The meeting was requested by Ms. Hochberg to discuss how to proceed with the representation in light of, among other thing, the death of her father Herman Hochberg on October 19, 2023, who had agreed to pay our bills and had paid the initial retainer. Although Ms. Hochberg, in requesting the meeting, had made explicit threats against me and my Firm, I attributed that to grief over the passing of her father and agreed to the meeting.

7. During the meeting we had what I believed was a fruitful discussion which resulted in Ms. Hochberg agreeing that the Second Lawyer would act as an intermediary between Defendant and the Firm, similar to how Defendant's aunt had previously acted as such an intermediary. I also discussed at the meeting a schedule for responding to the Second Amended Complaint now that the Court had ruled on the motion to dismiss. We discussed a time frame

which I believed would likely be acceptable to the other side and the Court and to which Ms. Hochberg seemed to be in agreement.

8.      At the conclusion of the meeting, it was agreed that Ms. Hochberg and I would speak the following day to discuss a mechanism for payment of our fees in light of the death of her father.  The next day, Ms. Hochberg refused to speak to me.  Instead, I once again received accusatory and hostile texts from her.

9.      I attempted to contact Second Counsel but when I did so Ms. Hochberg accused me of improperly reaching out to him.  When Second Counsel then indicated that we should have a three-way call to discuss, I could not obtain a date or time from either Ms. Hochberg or Second Counsel for the discussion.

10.      Given the increasing uncertainty as to what I was authorized to report to the Court, I send a letter to the Court on Friday, December 8, 2023, alerting the Court to the issue with regard to the deadline to submit a scheduling order, a copy of which is annexed hereto as Exhibit A.

11.      In the interest of avoiding any prejudice to Defendant, I am prepared to submit additional explanation and evidence of this now complete and irreparable breakdown in communications to the Court *in camera*.  I believe that this information may be helpful to the Court in determining whether other relief may be appropriate under the Federal Rules of Civil procedure for the future conduct of this litigation.

<u>Procedural Posture</u>

12.      I want to emphasize that nothing herein should be construed as a weakness in Ms. Hochberg's defense of this case on the merits.

13.     This action is still in its early stages. On November 27, 2023, the Court granted Plaintiffs' motion to amend the complaint, granted in part and denied in part Defendant's motion to dismiss Plaintiff's claims, and denied Defendant's motion for attorneys' fees and costs.

14.     It is respectfully requested that the Court grant the instant motion and allow counsel to withdraw from representation, and that this action be stayed, and all deadlines be extended, for at least thirty (30) days to allow Defendant to retain new counsel and for such replacement counsel to become familiarized with the case.

15.     The Firm is not asserting a retaining or charging lien.

16.     The accompanying proposed order to show cause contemplates service of this motion upon Defendant at the email address and telephone number she has been using to communicate with me via email and text.

17.      As noted above, two prior applications for this relief were made in this Court, the first was withdrawn by letter filed with the Court on June 6, 2023, and the second was withdrawn during the August 7, 2023, virtual Status Conference.

18.     I understand that this is an unusual situation and apologize to the Court for the imposition that the multiple motions to withdraw as counsel have placed on the Court and its resources and I assure the Court that this motion will not be withdrawn.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in New York, New York, this 14th day of December 2023.

_____
Steven G. Storch

4

# EXHIBIT A



**STORCH BYRNE**
LLP

437 Madison Avenue, 24th Floor
New York, NY 10022

Steven G. Storch

(212) 949-0351
sstorch@storchbyrnelegal.com

December 8, 2023

Via ECF
Honorable Lewis J. Liman, District Judge
Daniel Patrick Moynihan
United States Courthouse
Southern District of New York
500 Pearl Street, 15C
New York, New York 10007

> Re:   JC Hospitality, et al. v. Hochberg  //  1:23-cv-02051-(LJL)
> **Proposed Scheduling Order**

Dear Judge Liman:

We represent Defendant in the above-referenced matter. In accordance with the conference before the Court yesterday, we communicated with opposing counsel and a proposed scheduling order has been prepared by Plaintiffs' counsel in cooperation with the undersigned.  Based upon communications with my client over the past twenty-four hours, it is not clear that my client authorizes me to submit this on her behalf.  However, as an officer of the Court, I am obligated to follow the direction handed down yesterday and I have worked with opposing counsel to meet the Court's 5:00 p.m. directive and understand that opposing counsel will submit the Scheduling Order as directed.  I will sort out quickly whether, under the circumstances, I am able to continue as counsel, whether new counsel will be substituting in, or whether I will, regretfully, and with the sincerest apologies to the Court for the imposition that it has placed on the Court and its resources, file a third motion to withdraw which I can assure the Court will be the last one.

There is one other issue.  The proposed scheduling order indicates that both parties' consent to reference of this matter to a magistrate judge for trial.  Defendant did not, and does not, agree to that. At the initial conference on this matter the focus was on the then application of my office for leave to withdraw as counsel, background facts, and possible motion practice.  At the conclusion of the conference the Court indicated that it would sign the order submitted by Plaintiff's counsel.  We had in fact prepared a counter order indicating that the parties did not agree to a reference to a magistrate and, in fact, there never was such agreement.  However, when it appeared that we might not have authority to do so from the client, we did not send to opposing

Honorable Lewis J. Liman
December 8, 2023
Page 2 of 2

counsel and instead moved forward with our first motion to withdraw. We respectfully ask that the Court recognize that there was never agreement between the parties on that issue.

Respectfully,

Steven G. Storch

cc:    All counsel of record via ECF
             Marisa Hochberg via electronic mail

*EXHIBIT*

*C*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

JC HOSPITALITY d/b/a THE SURF LODGE
and JAYMA CARDOSO,

                    Plaintiffs,

           -against-

MARISA HOCHBERG (In Her Individual
and Professional Capacities),

                    Defendant.

-------------------------------------------------------X

Case No.: 23-cv-2051 (LJL)

ORDER TO SHOW CAUSE FOR
LEAVE TO WITHDRAW AS COUNSEL
FOR DEFENDANT MARISA
HOCHBERG

Upon reading and filing the annexed Declaration of Alexander M. Dudelson, sworn to the 27th day of February, 2024, the Memorandum of Law in Support, dated the 27th day of February 2024, and upon all pleadings and proceedings heretofore had herein; and

IT APPEARING that Alexander M. Dudelson has grounds to withdraw as counsel in this action for Defendant Marisa Hochberg;

NOW LET Defendant Marisa Hochberg show cause before a motion term of this Court, at Room 15C of the United State Courthouse for the Southern District of New York, 500 Pearl Street, New York, New York 10007, on the _____ day of _____, 2024, at _____ o'clock in the _____noon thereof, or as soon thereafter as counsel may be heard; WHY and ORDER should not be made and entered:

a.      Pursuant to Local Civil Rule 1.4, permitting Alexander M. Dudelson to withdraw as counsel of record for defendant Marisa Hochberg in this action;

b.      Staying all proceedings and deadlines herein for thirty days to afford Defendant the opportunity to retain counsel or appear herein *pro se*; and

-1-

c.      Granting such other, further and different relief as this Court may deem just and

proper.

SUFFICIENT CAUSE APPEARING THEREFOR, it is hereby further

ORDERED that service of this Order to Show Cause, supporting documents, and all

future documents concerning this motion to withdraw, shall be deemed good and sufficient by

electronic service upon defendant Marisa Hochberg at [marisjh@gmail.com](mailto:marisjh@gmail.com) and by overnight

courier.

Dated: New York, New York
            February     , 2024

_____
U.S.D.J.

-2-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JC HOSPITALITY d/b/a THE SURF LODGE     Case No.: 23-cv-2051 (LJL)
and JAYMA CARDOSO,

               Plaintiffs,     DECLARATION OF ALEXANDER M.
                                   DUDELSON IN SUPPORT OF MOTION
                                   TO WITHDRAW AS COUNSEL FOR
    -against-                     MARISA HOCHBERG

MARISA HOCHBERG (In Her Individual
and Professional Capacities),

               Defendant.
-------------------------------------------------------X

      ALEXANDER M. DUDELSON, an attorney duly admitted to practice in the

Courts of New York, declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that

the following statements are true:

    1.    I am the attorney for defendant Marisa Hochberg. As such, I am familiar with the

facts and circumstances stated herein and submit this declaration in support of my application for

declarant to withdraw as counsel for defendant Marisa Hochberg pursuant to Rule 1.4 of the

Local Civil Rules, on the ground my representation of the defendant has become impossible due

to a breakdown in communication and cooperation.

    2.    On the evening of February 7, 2024, after approximately a month and a half of

consultations regarding this proceeding, as well as other matters, Ms. Hochberg signed a retainer

with my office to represent her in this action. The case was scheduled for February 8, 2024 and

the defendant was risking a default if she or counsel did not appear. (Dkt. 64).

    3.    At the prior appearance held on January 4, 2024, Steven G. Storch, Esq. had been

relieved as the defendant's counsel.

4.     Based on the retainer agreement and the defendant's promise to arrange for the retainer to be wired to my account, I filed my Notice of Appearance in this action on February 8, 2024 (Dkt. 68), hours before a hearing to establish a revised case management plan.

5.     At the February 8, 2024 conference, the parties entered into a revised case management plan. Defendant's deadline to file her responsive pleading to the second amended complaint by February 22, 2024.

6.     On February 12, 2024, I inquired about issues relating to the retainer payment and the pressing deadlines in this matter. At first the defendant advised me that she would come to my office the following day. However, after a short dialogue, the defendant advised me that she would be seeking different counsel.

7.     On February 13, 2024, I advised the defendant that I needed to know how we were proceeding, and if she was retaining other counsel, I wanted to be substituted as soon as possible. The defendant indicated that she would get back to me with an answer. On February 15, 2024, the defendant sent me an email that she would get back to me by the end of the day.

8.     After not hearing from the defendant, I contacted her on February 20, 2024 to reminded her that the answer was due in two days.

9.     That day, the defendant advised me of certain medical conditions that prevented her from working on the answer. I was then accused of patently false conduct, which I am willing to share with this Court *in camera*, and was advised that my conduct was being reported by a third-party. At several points of the day, I was accused of making the defendant's medical condition worse. That evening the defendant, demanded that I seek an extension for the filing of her answer and counterclaims. Thereafter, I was contacted by a third party, purporting to be

-2-

acting on her behalf, requesting that I seek an extension to file the answer.

10.     On February 21, 2024, I filed for an extension after the defendant indicated, via text message, that she would be at a medical provider for the day. I had initially inquired if the defendant would be appearing in my office to work on the answer.

11.     Despite the late application, this Court found good cause for a one week extension based on the medical circumstances.

12.     Since obtaining the extension, I have been unable to have a meaningful conversation with the defendant. I have made every effort to schedule a time with her to work on her responsive pleading. I have faced nothing but hostility from the defendant. On February 25, 2024, I asked the defendant if she would be coming to my office on February 26, 2024. I then received threats and wholly false characterizations of my conduct. She also accused me of lying about District Court Judge Liman and Magistrate Judge Parker's individual rules that a request for an extension be filed two business days in advance of a deadline. Later that evening, defendant had a second third-party contact me on the her behalf.

13.     At this juncture, the defendant is in breach of our legal services agreement and continues to make baseless accusations regarding my conduct.

14.     I am prepared to submit additional information and evidence to this Court regarding the breakdown of the attorney-client relationship *in camera*.

15.     I am in no way attempting to downplay medical conditions that the defendant may be suffering.

16.     As this Court is aware, prior to Steven G. Storch, Esq. being relieved as counsel, several causes of action in the complaint were dismissed. Based on my conversations with the

-3-

defendant, it appears that she has several meritorious counterclaims.

17.     Discovery in this matter has not yet commenced. Procedurally, the defendant's responsive pleading is coming due.  Therefore, despite the amendments to the complaint, docket entries and motion practice, this case is in its early stages.

18.     It is respectfully requested that the Court grant the instant motion and allow counsel to withdraw from representation, and that this action be stayed for at least (30) days to allow the defendant to retain new counsel or to proceed as *pro se* litigant.

19.     The undersigned is not asserting a charging or retaining lien, despite the fact that I never received any portion of the retainer set forth in our legal service agreement.

I declare under the penalty of perjury that the foregoing is true and correct. Executed in Brooklyn, New York this 27th day of February, 2024.

_____

ALEXANDER M. DUDELSON (AD4809)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JC HOSPITALITY d/b/a THE SURF LODGE          Case No.: 23-cv-2051 (LJL)
and JAYMA CARDOSO,

                              Plaintiffs,

          -against-

MARISA HOCHBERG (In Her Individual
and Professional Capacities),

                            Defendant.
--------------------------------------------------------X

MEMORANDUM OF LAW

                      ALEXANDER M. DUDELSON, ESQ.
                      *Attorney for Defendant*
                      26 Court Street - Suite 2306
                      Brooklyn, New York 11242
                      (718) 855-5100

PRELIMINARY STATEMENT:

This memorandum of law is respectfully submitted in support of application of Alexander

M. Dudelson to withdraw as counsel for defendant Marisa Hochberg.

STATEMENT OF FACTS:

After several consultations with the defendant, counsel was retained on February 7, 2024,

one day before a schedule conference. Although the defendant executed a legal services

agreement, she never tendered the retainer fee set forth therein, despite her repeated promises.

Since the time of the conference, the defendant has made baseless claims to counsel regarding his

conduct, threatened counsel with charges of harassment and malpractice, and has refused to

cooperate with counsel for the purposes of drafting her responsive pleading. Without belaboring

this Court with a recitation of all of the facts, the Court is respectfully referred to the Declaration

of Alexander M. Dudelson, which has submitted in support of the instant motion.

ARGUMENT:

In the Southern District of New York, a motion to withdraw is governed by Local Rule

1.4.  Local Rule 1.4 says the Court may only grant a motion for withdrawal "upon a showing by

affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of

the case, including its position, if any, on the calendar." Id.  In other words, "[w]hen considering

whether to grant a motion to be relieved as counsel, district courts analyze two factors: the

reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding."

Allstate Ins. Co. v. Spina, No. 20-CV-1959, 2020 WL 7753266, at *1 (S.D.N.Y. July 27, 2020)

(quotation marks and citation omitted).  Regarding the timing element, courts consider "whether

-1-

the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999) (cleaned up). "'Considerations of judicial economy weigh heavily' in a court's analysis." Spina, supra at *1 *quoting* Whiting, supra at 320). Regarding the reasons for withdrawal, New York's Rules of Professional Conduct ("NYRPC"), N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.02 "provide guidance to courts in determining what constitutes 'good cause' for granting a motion to withdraw as counsel." In re Wiener, No. 18-13042, 2019 WL 2575012, at *3 (Bankr. S.D.N.Y. June 21, 2019). NYRPC Rule 1.16 "differentiate[s] between mandatory (see NYRPC rule 1.16[b]) and permissive (see NYRPC rule 1.16[c]) bases for withdrawal." Guichard v. Manne, No. 18-CV-4083, 2022 WL 2612347, at *1 (E.D.N.Y. June 1, 2022). NYRPC 1.16(b)(5) says a lawyer may withdraw when "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." Courts have allowed withdrawal based on "a client's lack of cooperation - including lack of communication - with counsel, and the existence of an irreconcilable conflict between attorney and client." Ruiz v. Keratin Bar Inc., No. 17-CV-2216, 2020 WL 7079904, at *2 (S.D.N.Y. Dec. 3, 2020) (quotation marks and citation omitted). Additionally, "a lawyer may seek to withdraw when the client 'renders it unreasonably difficult for the lawyer to carry out [such] employment effectively." Id. (quotation marks and citation omitted). "[M]ere [n]onpayment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation." Stair v. Calhoun, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (quotation marks and citations omitted). Ultimately, "[w]hether to grant or deny a motion to withdraw as counsel falls to the sound discretion of the trial court." Id. (quotation marks and citations omitted).

In the matter at bar, it is impossible to effectively represent the defendant. Each time that

counsel has attempted to schedule a meeting to work on the case, he is faced with claims of harassment, stalking, and abuse. Counsel cannot have any meaningful communication with the defendant. On February 8, 2024, the parties entered into a revised case management plan. Much of the delay in this case was caused by motions to dismiss the complaint and its amendments. Procedurally, granting counsel's motion to withdraw will not significantly impact these proceedings. Finally, the defendant deliberately disregarded the legal services agreement and obligation to counsel as to expenses or fees. Defendant has failed to advance the retainer set forth in the legal services agreement, and threatens counsel upon inquiry of same. There is a complete breakdown of the attorney-client relationship herein. Moving counsel is prepared to submit additional information and evidence to this Court regarding the breakdown of the attorney-client relationship *in camera.*

CONCLUSION:

For the reasons set forth above and in the accompanying Declaration of Alexander M. Dudelson, it is respectfully requested that the motion to withdraw as counsel for Defendant be granted, that all proceedings and deadlines be adjourned for thirty (30) days to afford Defendant the opportunity to retainer new counsel or proceed *pro se*, and that the Court grant such other and further relief as is just and proper.

Dated: Brooklyn, New York
      February 27, 2024

                    *Alexander Dudelson*
                    ALEXANDER M. DUDELSON (AD4809)

EXHIBIT

D



**ZIDZIUNAS**
John J. Zidziunas & Associates, LLC

33 Plymouth Street, Suite 202A
Montclair, NJ 07042
P. 973 509 8500
F. 973 509 1770
E. john@jjzlawfirm.com

NY Address:
6 St. John's Lane, 6th Floor
New York, NY 10013

Member:
John J. Zidziunas, Esq. *°+

Associates:
Caroline McCallan, Esq.*°
Jill Caffrey, Esq.°

Of Counsel:
Phillip E. Klein, Esq.*
Barry E. Janay, Esq. *°

\* Member of NY Bar
° Member of NJ Bar
+ Member of D.C. Bar

employmentdiscrimination.com

December 28, 2023

<u>Via ECF</u>

Honorable Lewis J. Liman
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *JC Hospitality, et al. v. Hochberg*
Our File No.: 0999-0101
Docket No.: 1:23-cv-02051-LJL

Dear Judge Liman:

This office represents the Plaintiffs, JC Hospitality, LLC ("JC Hospitality") and Jayma Cardoso ("Ms. Cardoso"), in the above referenced matter. We write to Your Honor in response to Steven Storch's Motion to Withdraw as Attorney for Defendant Marisa Hochberg, filed with the Court on December 14, 2023. Your Honor has scheduled an in-person conference on January 4, 2024, to address the pending motion. For the reasons explained below, we do not oppose Mr. Storch's pending motion to withdraw as counsel for Defendant Hochberg, and respectfully request that he be permanently withdrawn from the case following the January 4th conference as he mutually desires.

In advance of the upcoming conference, we wish to address the following arguments before the Court.

**A. Defense Counsel's Third Motion to Withdraw as Counsel Continues to Prejudice the Plaintiffs by Causing Undue Delay and Disruption to the Case and Creating Costly Legal Fees.**

As the Court is aware, Mr. Storch's most recent motion is his ***third*** motion to withdraw as counsel for Defendant Hochberg within seven months. Mr. Storch's first motion to withdraw as counsel was filed on May 18, 2023, with his reason for the motion being that his "ability to effectively communicate with Defendant has irreparably deteriorated to the extent that continued representation of Defendant by the Firm is untenable." (<u>See</u> Storch's Motion to Withdraw dated 5/18/23, attached hereto as Exhibit A). An Initial Conference was held on May 25, 2023, before Your Honor, where Mr. Storch advised that he had "resolved" his problems with his client and would be withdrawing his motion.

Two months later on July 28, 2023, Mr. Storch filed his second motion to withdraw as counsel for Defendant Hochberg, citing to "unreasonable difficulties" that Defendant Hochberg has created by ceasing to "cooperate with the Firm in her defense". (<u>See</u> Storch's Motion to Withdraw dated 7/28/23, attached hereto as Exhibit B). Another conference was held before Your Honor on August 7, 2023, where Mr. Storch once again advised that he had resolved his problems with his client and would be withdrawing his second motion.

Now, less than five months later, Mr. Storch has filed his third motion to withdraw as counsel for Defendant Hochberg on December 14, 2023. In support of his motion to withdraw, Mr. Storch reiterated his same arguments cited to in his first two motions, and explained that:

> "the Firm is unable to work with Ms. Hochberg who has, at various times during the representation in this matter, fired the Firm and then subsequently begged it to represent her, threatened the Firm and its lawyers, refused to communicate with the Firm, and refused to authorize the Firm to take actions required by the Court's scheduling orders and applicable rules."

(<u>See</u> Storch's Motion to Withdraw dated 12/14/23, attached hereto as Exhibit C)

Each time Mr. Storch has argued that his removal as counsel would not prejudice the Plaintiffs because discovery has not commenced, however, with his third motion to withdraw within seven months, this argument is disingenuous. With each motion to withdraw comes an undue delay and disruption in the case that is prejudicial to the Plaintiffs. After each motion and the "unreasonable difficulties" between Mr. Storch and his client, our office is faced with the uncertainty of whether Mr. Storch is going to remain as counsel for Defendant Hochberg and if not, having no substitution of counsel put in place for Defendant Hochberg. With Mr. Storch's third motion currently pending before the Court, we are unsure whether to contact Mr. Storch as Ms. Hochberg's representative. There is no telling if Mr. Storch is simply going to withdraw his motion for a third time after the conference on January 4, 2024, and continue to prejudice the Plaintiffs by forcing us to have no communication with defense counsel for weeks at a time further delaying discovery.

2

Furthermore, Mr. Storch's practice in filing frequent motions and letters to the Court addressing his problems with his client is creating costly and unnecessary legal fees for Plaintiffs. Mr. Storch should not be permitted to remain in this case and continue to prejudice the Plaintiffs with undue delay, disruption, and costly legal fees.

### B. Defense Counsel's Third Motion to Withdraw as Counsel in Seven Months is a Misuse of the Court's Rules, Time, and Judicial Resources

Local Civil Rule 1.4 sets forth that the Court may grant an order to withdraw "only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal". In conjunction with Local Civil Rule 1.4, Rule 1.16(b)(6) of the New York Rules of Professional Conduct permits a lawyer to withdraw from representing a client when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." This rule was put in place to afford counsel an avenue to permanently relieve themselves of representation when there are irreconcilable differences with the client. This rule was not put into place to ask the Court to resolve temporary internal, and certainly financial, disputes with one's client.

Here, not only is Mr. Storch's motion practice prejudicial to the Plaintiffs, his frequent motions and letters to the Court addressing his problems with his client is a complete misuse of the Court's time and an abuse of judicial resources. As detailed above, for every motion to withdraw that was filed, the Court scheduled a conference with all Parties to address the motion. Oddly enough, once both conferences had begun, Mr. Storch would advise the Court that he had resolved the problems with his client and would withdraw the pending motion. Mr. Storch's third motion to withdraw as counsel for the exact same reasons as his previous two motions demonstrates that he is filing these motions in bad faith and is intentionally misusing the Court's time and resources, as well as Plaintiffs' time and resources.

### C. Defendant Hochberg Has Been Inappropriately Contacting and Harassing Plaintiff's Counsel in an Attempt to Improperly Influence this Case

In addition to Mr. Storch's inappropriate motion practice, Defendant Marisa Hochberg has also been taking advantage of her attorney's motions to withdraw as counsel by using that time to directly contact and harass myself and other representatives of Plaintiffs as well. On or around July 26, 2023—two days prior to Mr. Storch's second motion to withdraw as counsel—Defendant Hochberg contacted me directly seeking to discuss the case without the involvement of Mr. Storch. I promptly notified Mr. Storch of his client's actions instead of replying to Defendant Hochberg. (See Exhibit D attached hereto).

Thereafter, on October 4, 2023, Defendant Hochberg contacted me again from her personal email address, in which she stated:

"Hi John,

Steven has something he would like to tell you.

Best,
Marisa"

(See Exhibit E attached hereto)

Once again, I promptly notified Mr. Storch of his client's inappropriate contact with me. (See Exhibit E attached hereto). Less than two weeks later, on October 15, 2023, Hochberg directly emailed me again, this time copying Mr. Storch, to which she falsely accused me of using a fake email address and impersonating an individual associated with JC Hospitality, LLC and the Surf Lodge. (See Exhibit F attached hereto). Defendant Hochberg's actions in directly reaching out to me on three occasions is clearly an attempt to solicit communications that would violate my ethical duty to not communicate directly with an individual who is represented by counsel.

Not only as Defendant Hochberg contacted me directly in an attempt to influence her case, she has also gone so far as to involve herself in a matter that is entirely unrelated to JC Hospitality's and Ms. Cardoso's claims against her in the current case. Separate from my law practice, I am a co-owner in, and Chief Legal Officer of, a company called Shashamane Group, LLC. The former CEO of Shashamane, Chloe Villano, recently filed suit against Shashamane and its founder, Rohan Marley, in the U.S. District Court for the Central District of California captioned as Chloe Villano v. Shashamane Group, LLC et al., Case No. 2:23-cv-04320-ODW-AFM. In that suit, Shashamane and Mr. Marley are represented in that action by Sheppard Mullin Richter & Hampton LLP. Ms. Villano is represented by the Barkhordarian Law Firm in Culver City, California. Notably, I am not a named defendant, nor a named party in the Villano case.

Yet, in the initial Rule 26(a)(1) disclosures that Ms. Villano's counsel served on Shashamane's attorney at Sheppard Mullin on or around October 8, 2023, the plaintiff identified Mr. Storch's client, Marisa Hochberg, who also goes by the name "Marisa Joelle," as a potential witness in the Villano matter. The initial disclosures represent that *Hochberg "reached out to [Ms. Villano] via social media expressing her concerns about Mr. Zidziunas' character and unlawful motives*."

The fact of the matter is that I have a personal financial interest in the Shashamane company, and Ms. Hochberg is taking actions to attack that interest. The identification of Hochberg as a potential witness in the Villano matter is bizarre, to say the least. The Villano matter is about the circumstances of Ms. Villano's separation from Shashamane in March 2022 and her allegation that she was harassed by Rohan Marley. Ms. Hochberg is obviously free to serve as a witness in the Villano matter should she have any information relevant to those claims. But given that she is not, and never has been, affiliated with Shashamane or Ms. Villano, and that my only interaction with her has

been in my role as attorneys for JC Hospitality, LLC and Jayma Cardoso in the suit against Ms. Hochberg, I cannot imagine that Ms. Hochberg has information that is even remotely relevant to Ms. Villano's employment claims or why she would be proactively reaching out to Ms. Villano or her counsel to discuss my "character" or supposed "unlawful motives"—particularly when I am not even a party to the <u>Villano</u> matter. Moreover, she is now reaching out to individuals in a wholly unrelated case in California in an effort to somehow **target me personally** and impugn (if not defame) my character, perhaps with the hope that this behavior might spur me to violate my ethical duties and reach out to her directly so that she can use that to her advantage here.

Moreover, it should be noted that Ms. Hochberg has also directly emailed two of Ms. Cardoso's current business partners to improperly discuss the "baseless claims" against her and to falsely state that she in fact did not reach out me or the "Surf Lodge attorneys". Ms. Hochberg has also reached out to various friends, acquaintances, and current and former business partners of Ms. Cardoso attempting to solicit character information from them and align with Hochberg (which they did not). It should be noted that at the time of the above-mentioned actions by Defendant Hochberg, discovery was stayed pending the outcome of Defendant's motion to dismiss. Despite this, Ms. Hochberg continued to reach out to me personally, reach out to an unknown plaintiff in an unrelated litigation in California to target my "personal character", and conducted discovery in our case by reaching out to close friends, ex-lovers and colleagues of Ms. Cardoso who refuse to speak or side with Ms. Hochberg. We wish to make the Court aware of Ms. Hochberg's troubling behavior that seemly is aimed to inappropriately extract a benefit in this case.

For these reasons, we do not oppose Mr. Storch's pending motion to withdraw as counsel for Defendant Hochberg. We respectfully request that the Court grant his motion and permanently remove Mr. Storch as counsel from the case entirely. Furthermore, we respectfully request that Defendant Hochberg should be allowed no more than thirty (30) days to obtain new counsel in light of the fact that Mr. Storch stated that he would not be seeking a retaining lien or charging lien against Ms. Hochberg.

Should the Court have any questions or seek any additional information regarding the above, please do not hesitate to contact us.

We thank the Court in advance for its time and attention to this matter.

Respectfully submitted,

*/s/ John J. Zidziunas*

JOHN J. ZIDZIUNAS
*For the Firm*

5

**Subject:** Fwd: Activity in Case 1:23-cv-02051-LJL JC Hospitality et al v. Hochberg Memorandum of Law in Support of Motion

**Date:** Friday, July 28, 2023 at 1:01:24 PM Eastern Daylight Time

**From:** John Zidziunas

**To:** Steven Storch, Caroline McCallan

Dear Steven,

I am making you aware that your client emailed me two days ago seeking to discuss the case without you involved. I responded that I could not speak with her because she is represented by counsel. In light of your motion to be withdrawn as counsel filed last night, do you permit me to speak with her directly if I want to respond to her? Please advise if you consent to same. If she has new counsel, please advise.

Thank you,

**John J. Zidziunas & Associates**
**354 Eisenhower Parkway, Suite 1250**
**Livingston, NJ 07039**
**(t)** 973-509-8500
**(f)** 973-509-1770
**www.employmentdiscrimination.com**

**NY Office:**
6 St. John's Lane
6th Floor
New York, NY 10013

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Begin forwarded message:

> **From:** NYSD_ECF_Pool@nysd.uscourts.gov
> **Date:** July 28, 2023 at 10:53:00 AM EDT
> **To:** CourtMail@nysd.uscourts.gov
> **Subject: Activity in Case 1:23-cv-02051-LJL JC Hospitality et al v. Hochberg Memorandum of Law in Support of Motion**
>
> **This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
> **\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document**

during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Southern District of New York**

**Notice of Electronic Filing**

The following transaction was entered by Storch, Steven on 7/28/2023 at 10:51 AM EDT and filed on 7/28/2023

| | |
|---|---|
| **Case Name:** | JC Hospitality et al v. Hochberg |
| **Case Number:** | 1:23-cv-02051-LJL |
| **Filer:** | Marisa Hochberg |
| | Marisa Hochberg |

**Document Number:** 53

**Docket Text:**
**MEMORANDUM OF LAW in Support re: [52] MOTION for Steven G. Storch to Withdraw as Attorney . . Document filed by Marisa Hochberg, Marisa Hochberg..(Storch, Steven)**

**1:23-cv-02051-LJL Notice has been electronically mailed to:**

John J Zidziunas      john@jjzlawfirm.com, caroline@jjzlawfirm.com, jzidziunas@gmail.com

Steven Gary Storch      sstorch@storchbyrnelegal.com, jcohen@storchbyrnelegal.com, nherriott@storchbyrnelegal.com, ppatias@storchbyrnelegal.com, psimmonds@storchbyrnelegal.com

**1:23-cv-02051-LJL Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=7/28/2023] [FileNumber=29859433-0] [5e2088b481eb1b7f9ce23a07b9690ce45a07e73e10bbd8d8cc941d8fa5fed1c95a 78569eeb127ad7cc1c5f85a980268349661927039f1daa7d2598373965d952]]

**Subject:** JCH v. Hochberg
**Date:** Wednesday, October 4, 2023 at 5:20:29 PM Eastern Daylight Time
**From:** John Zidziunas
**To:** Steven Storch, Caroline McCallan

Steven - please call my cell phone at 973-634-2740. Please advise your client not to contact me again. This is the second time.

Thank you,

John

**John J. Zidziunas & Associates**
**354 Eisenhower Parkway, Suite 1250**
**Livingston, NJ 07039**
**(t) 973-509-8500**
**(f) 973-509-1770**
**www.employmentdiscrimination.com**

**NY Office:**
6 St. John's Lane
6th Floor
New York, NY 10013

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

On Oct 4, 2023, at 2:22 PM, Marisa Hochberg <marisjh@gmail.com> wrote:

Hi John,

Steven has something he would like to tell you.

Best,
Marisa

**Subject:** Fwd: JC Hospitality, et al v. Hochberg
**Date:** Thursday, December 28, 2023 at 12:36:19 PM Eastern Standard Time
**From:** John Zidziunas
**To:** caroline

**John J. Zidziunas & Associates**
**354 Eisenhower Parkway, Suite 1250**
**Livingston, NJ 07039**
**(t) 973-509-8500**
**(f) 973-509-1770**
**www.employmentdiscrimination.com**

**NY Office:**
90 Broad Street
6th Floor
New York, NY 10004

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Begin forwarded message:

> **From:** Marisa Hochberg <marisjh@gmail.com>
> **Date:** October 15, 2023 at 9:14:03 AM MDT
> **To:** Steven Storch <sstorch@storchbyrnelegal.com>
> **Cc:** john@jjzlawfirm.com
> **Subject: Re: JC Hospitality, et al v. Hochberg**

John, not only does your email contain false statements but I believe you forgot Julien Bizalien for whom you made a fake email and bcc'd Jeffrey Quitmeyer on that same email asking me to settle amongst other false information contained within. YOU pretended to be Julien on that email, taking his identity and trying to get me to settle yet again. When tracing the IP address we found it is not only a fake IP address used for scams and identity theft, but the email format is not even one that The Surf Lodge uses or that Julien ever used while working in house for The Surf Lodge. Julien also uses his own business's email address. Upon my IT guy emailing that fake email address again, the email bounced back and that fake Julien aka you, had been deleted.

I'm glad you told Judge Liman that YOU had a Surf Lodge employee reach out to me to try and settle and that that is all on a recording, since we all know that email really came from you, under a false identity of Julien Bizalien.

Sent from Gmail Mobile


On Wed, Oct 11, 2023 at 3:48 PM Steven Storch <sstorch@storchbyrnelegal.com> wrote:
See attached correspondence from opposing counsel.
We should discuss so I can respond.




Steven Storch
Storch Byrne LLP
437 Madison Ave.
24th Floor
New York, NY 10022
212-931-1005
sstorch@storchbyrnelegal.com
www.storchbyrnelegal.com

---

**From:** Caroline McCallan <caroline@jjzlawfirm.com>
**Sent:** Wednesday, October 11, 2023 3:32:32 PM
**To:** Steven Storch <sstorch@storchbyrnelegal.com>
**Cc:** John Zidziunas <john@jjzlawfirm.com>
**Subject:** Re: JC Hospitality, et al v. Hochberg


[EXTERNAL EMAIL]


Mr. Storch,

Please see the attached correspondence.

Regards,

Caroline

--
Caroline McCallan, Esq.
**John J. Zidziunas & Associates**
**354 Eisenhower Parkway, Suite 1250**
**Livingston, NJ 07039**

**(t) 973-509-8500**
**(f) 973-509-1770**
www.employmentdiscrimination.com

**NY Office:**
6 St. John's Lane
6th Floor
New York, NY 10013

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient,

**EXHIBIT**

**E**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                                                  :
JAYMA CARDOSO and JC HOSPITALITY,                                 :
                                                                  :
                              Plaintiffs,                          :
                                                                  :
              -v-                                                 :               23-cv-02051 (LJL)
                                                                  :
MARISA HOCHBERG,                                                  :               ORDER
                                                                  :
                              Defendant.                          :
                                                                  :
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/27/2024___

LEWIS J. LIMAN, United States District Judge:

     Alexander M. Dudelson, Esq., counsel for defendant Marisa Hochberg ("Hochberg") moves, pursuant to Local Rule 1.4, to withdraw as counsel. Dkt. No. 74. The motion is supported by the declaration of counsel. Dkt. No. 75. The Court held a hearing on the motion today, March 27, 2024. Ms. Hochberg did not attend.

     Local Civil Rule 1.4 permits an attorney to be relieved as counsel upon a showing "by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien." Local Civ. R. 1.4.

     "On a motion to withdraw as counsel, the Court is required to consider: '[1] the reasons for withdrawal and [2] the impact of the withdrawal on the timing of the proceeding.'" *Pristine Jewelers NY, Inc. v. Broner*, 2020 WL 8922205, at *1 (S.D.N.Y. Mar. 2, 2020) (quoting *TufAmerica, Inc. v. Codigo Music LLC*, 2017 WL 3475499, at *5 (S.D.N.Y. Aug. 11, 2017)); *see also Whiting v. Lacara*, 187 F.3d 317, 320–21 (2d Cir. 1999).

     Counsel has shown satisfactory reasons for withdrawal. Ms. Hochberg has not cooperated with counsel and there is an "irreconcilable conflict between attorney and client." *Ruiz v. Keratin Bar Inc.*, 2020 WL 7079904, at *2 (S.D.N.Y. Dec. 3, 2020). In addition, Ms. Hochberg has refused to pay her attorney's fees due and owing and has deliberately disregarded her financial obligations. *See United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006).

     Permitting counsel to withdraw will not have an adverse impact on the timing of the proceeding, any more than Ms. Hochberg's dilatory response to this litigation already has had on the proceeding. The case management plan in effect provides for all fact discovery to be complete by June 7, 2024, all discovery to be complete by August 9, 2024, and a status conference on August 14, 2024, in person in Courtroom 15C at 500 Pearl Street. Dkt. No. 69. There is no stay in discovery in the case. As an individual defendant proceeding *pro se*, Ms. Hochberg will be subject to the same responsibilities as if she were represented, and will suffer

the same consequences if she defaults in those responsibilities that she also would have were she represented.  Each party may serve discovery on the other.  If Ms. Hochberg fails to respond to ordered discovery, she may face a number of potential sanctions, including but not limited to the issuance of a default judgment against her.  *See* Fed. R. Civ. P. 37(b)(2)(A)(vi).  The Court may also impose similar sanctions on Ms. Hochberg, including entry of a default judgment, if she fails to disclose information required by discovery, *see* Fed. R. Civ. P. 37(c)(1), or fails to attend her own deposition, *see* Fed. R. Civ. P. 37(d).  Finally, if Ms. Hochberg fails to "otherwise defend" this lawsuit, she may be subject to a default judgment.  *See* Fed. R. Civ. P. 55(a).

At the hearing, counsel for Ms. Hochberg (before he was relieved) confirmed the last known mailing address for Ms. Hochberg.  Defendant may serve her with discovery by mail to that address under Federal Rule of Civil Procedure 5(b)(2)(C).  Defendant shall also serve Ms. Hochberg with this order by mail to her last known address and by email and shall file a certificate of service on the docket.

The Clerk of Court is respectfully directed to close Dkt. No. 74.

SO ORDERED.

Dated: March 27, 2024
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

2