**JOHN J. ZIDZUNAS & ASSOCIATES, LLC**
John J. Zidziunas, Esq. (ATTY ID 5544044)
354 Eisenhower Pkwy, Suite 1250
Livingston, New Jersey 07039
T: 973-509-8500

**NY OFFICE:**
90 Broad Street, 25th Floor
New York, New York 10004
*Attorneys for Plaintiffs, JC Hospitality, LLC and Jayma Cardoso*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JC HOSPITALITY, LLC and JAYMA CARDOSO,**<br><br>Plaintiffs,<br><br>-against-<br><br>**MARISA HOCHBERG (In Her Individual and Professional Capacities),**<br><br>Defendant. | CASE NO.: 1:23-CV-02051-LJL<br><br>**DECLARATION OF JOHN J. ZIDZIUNAS, ESQ. IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES AND EXPENSES TO PLAINTIFFS** |

I, **JOHN J. ZIDZIUNAS, ESQ.,** do hereby certify as follows:

1. I am an attorney at law of the State of New York and a member of John J. Zidziunas & Associates, LLC. I am counsel for Plaintiffs JC Hospitality, LLC ("JC Hospitality") and Jayma Cardoso (collectively "Plaintiffs"), in the above captioned matter. As such, I am fully familiar with the facts and pleadings developed to date with respect to the above captioned matter.

2. On May 28, 2024, Plaintiffs filed a Motion for Default Judgment against Defendant Marisa Hochberg for failure to otherwise defend this lawsuit pursuant to Fed. R.

Civ. P. 55(b)(2), Local Civil Rule 55.1, and Judge Lewis Liman's Individual Rules of Practices in Civil Cases.

3. In conjunction with the pending Motion for Default Judgment, I make this Declaration in support of Plaintiffs' Application for Attorneys' Fees and Expenses associated with prosecuting this matter, pursuant to Fed. R. Civ. P. 54(d).

4. For claims of trademark infringement under 15 U.S.C. § 1125(a), "a plaintiff may recover an award of actual damages based on defendant's profits, the damages sustained by plaintiff, and the costs of the action." Travel Leaders Grp. v. Corley, 19 Civ. 1595 (GBD)(JLC), at *3 (S.D.N.Y. Mar. 30, 2022).

5. The Lanham Act authorizes an award of attorney's fees to prevailing parties in "exceptional cases." See 15 U.S.C. § 1117(a). An "exceptional case" has been defined by the Second Circuit as a case that "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and facts of the case) or the unreasonable manner in which the case was litigated." Sleepy's LLC v. Select Comfort Wholesale Corp., 909 F.3d 519, 530 (2d Cir. 2018) (quoting Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014)).

6. "District courts determine whether a case is exceptional in a 'case-by-case exercise of their discretion, considering the totality of the circumstances.'" Venus By Maria Tash, Inc. v. Prinatriam Ltd., 21-CV-2098 (LGS) (RWL), 12 (S.D.N.Y. Aug. 24, 2022) (quoting 4 Pillar Dynasty LLC v. New York & Co., Inc., 933 F.3d 202, 215 (2d Cir. 2019)). The Court may look at factors including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components

of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. (quoting Octane Fitness, LLC, 572 U.S. at 554 n.6).

7. This Court has found cases to be exceptional when the defendant has failed to respond to discovery requests, has "***'frustrat[ed] the litigation process at every turn'*** and displayed an '***utter lack of respect for the judicial process***.'" E. Mishan & Sons v. Novel Brands LLC, 18-CV-02932 (VSB)(SN), 14 (S.D.N.Y. Feb. 13, 2020) (emphasis added); see also Venus By Maria Tash, Inc., 21-CV-2098, at *12.

8. Defendant Hochberg has continuously frustrated the litigation process by failing to appear for at least six (6) court-ordered appearances, including a mandatory settlement conference, failing to respond to Plaintiffs' discovery propounds, failing to serve Plaintiffs with discovery requests, failing to oppose or respond to Plaintiffs' Motion for Default Judgment and Plaintiffs' Request for Order to Show Cause, failing to obey a Court Order directing her to provide the Court and counsel with her updated home address to effect service of process upon her as a pro se defendant, and by sending threatening emails to Plaintiffs' counsel when contacted via email for service of Plaintiffs' motions.

9. Furthermore, over the course of fourteen (14) months of this litigation, Defendant Hochberg's behavior has forced two (2) defense attorneys to withdraw as her counsel.

10. To date, the Parties have been unable to engage in discovery or make any meaningful progress in this case due to the Defendant Hochberg's abusive motion

practices, deliberate delays, intentional misuse of Plaintiffs' and the Court's time and resources, and overall flagrant disrespect for our judicial system.

**Billing History**

11. I am the Sole Owner and Principal of John J. Zidziunas and Associates, LLC (the "Firm").

12. In this matter, the Firm agreed to represent Plaintiffs in their lawsuit against Defendant Hochberg in or around January 2023, pursuant to the Firm's standard retainer fee agreement wherein Plaintiffs would be billed at an hourly rate of $700 per hour, which was discounted from my standard rate at that time of $800 per hour. In or around January 2024, the Firm and Plaintiffs agreed to a revised retainer fee agreement wherein Plaintiffs would be billed at my standard hourly rate of $800, instead of the discounted $700 per hour rate.

13. The Firm has maintained detailed time records of the professional services rendered in this case, and a detailed record of the costs expended by or on behalf of the Plaintiffs in the prosecution of this case. Time sheets of all time expended by the Firm from January 9, 2023, through and including September 4, 2024, is attached hereto as Exhibit A.

14. The rates of the various attorneys who worked on this matter are as follows:

    - John J. Zidziunas, Esq.: $800 per hour (Admitted in 2005)
    - Caroline McCallan, Esq.: $450 per hour (Admitted in 2019)
    - Nicorie Clarke, Esq.: $300 per hour (Admitted in 2023)

The above-mentioned rates are as of January 1, 2024. Time entered prior to that date was billed at a lower hourly rate.

15. The total professional time expended by the Firm on Plaintiffs' claims is 201.1 hours. The total time expended on Plaintiffs' case for each attorney involved in this matter is as follows:

| Name | Hours | Amount |
|---|---|---|
| John J. Zidziunas | 109.1 | $80,590 |
| Caroline McCallan | 75.6 | $31,080 |
| Nicorie Clarke | 16.4 | $4,920 |

16. The amount of expenses spent by the Firm in the form of filing fees and service of process fees totals $831.80.

17. The hours expended by the Firm were reasonable and necessary in the prosecution of Plaintiffs' claims. Based on the foregoing, Plaintiffs request that amount of $117,421.80 for attorneys' fees as the lodestar amount.

18. The hourly rate of the Firm's attorneys and the services provided by such attorneys as set forth in the detailed time records contained in Exhibit A are in line with those prevailing in the community for services similar to those provided to Plaintiffs by attorneys of reasonable, comparable skills, experience, and reputation.

**Experience, Skill, and Reputation**

19. I graduated from the University of Massachusetts at Amherst in 2000 with a B.A. in English. I graduated from Nova Southeastern University School of Law with a J.D. in 2005. I was also a visiting student at Seton Hall University School of Law between 2004 and 2005, where I was a Member of Seton Hall's Interscholastic Moot Court Honor Society and national competitor in Moot Court for constitutional law tournaments.

20. I am an attorney licensed to practice law in all state and federal courts in the State of New Jersey since 2005.

21. I became licensed to practice law in the State of New York in 2017.

22. I became licensed to practice law in the District of Columbia in 2017.

23. I applied for, and obtained, licensure in the District Courts for the Southern and Eastern Districts of New York in 2019.

24. In all of the aforementioned jurisdictions, I am a Member in Good Standing for those bars. Notably, in my nineteen (19) years of practice, I have never been admonished, disciplined, reprimanded or charged for any disciplinary conduct. I have also never been threatened or sued before concerning legal malpractice.

25. I am the sole Owner of John J. Zidziunas & Associates, LLC, located in Livingston, New Jersey, and concentrate the majority of my practice in the area of Employment Litigation and Labor Law cases concerning wage and hour violations, and overtime cases, with 33% or more of the cases focused on wage and hour violations. Our Firm also has a satellite office at 90 Broad Street, 25th Floor, New York, New York 10004.

26. Our Firm takes pride in aggressively and efficiently litigating to protect the rights of their clients whether the party on the other side is a small company or a large company, as well municipalities with virtually unlimited resources.

27. The Firm actively litigates in all areas of employment law before the aforementioned courts and specializes in the litigation of civil rights violations, disability discrimination, sexual harassment, discrimination, retaliation,

6

whistleblower, FMLA leave, breach of contract, employer trade secret litigation and restrictive covenant claims, and wage and hour lawsuits in violation of the FLSA.

28. I also provide advice to corporate-private clients and Human Resources Personnel on employment issues, practices, lay-offs and terminations.

29. Additionally, I am outside defense counsel to the City of Newark and City of East Orange, and defend these municipalities in claims for sexual harassment-hostile work environment, civil rights violations, free speech violations, §1983 violations, disability discrimination, breach of contract, whistleblowing, retaliation and various claims arising under New Jersey's Law Against Discrimination statutes.

30. Prior to starting my own Firm, I was a law clerk to the Hon. Barbara A. Curran, J.S.C. in the Civil Division of the New Jersey Superior Court, Hudson Vicinage. Thereafter, I was an associate with Chasan Leyner & Lamparello (now Chasan, Lamparello, Mallon and Cappuzzo), where I practiced as "second chair" within the firm's Labor and Employment group, prosecuting and defending numerous claims for sexual harassment, civil rights violations, free speech violations, §1983 violations, disability discrimination, breach of contract, whistleblowing, retaliation and various claims arising under New Jersey's Law Against Discrimination and the Conscientious Employee Protection Act.

**Hourly Rates**

31. In or around 2020, I was approved for a billing rate of $600 per hour in the matter of <u>Alison Ullo v. Aby Rosen, et al.</u>, Case No. 18-cv-11281, before Hon. Katharine H. Parker, U.S.M.J. in the United District Court for the Southern District for New York. In that settlement, Judge Parker upheld our 40% contingency fee of the fees

7

paid to counsel for our services to the plaintiff based on my billable rate of $600 per hour.

32. My normal hourly billable rate that I have consistently billed for the past two years has been $800 for cases filed within the Federal and State courts located in New York County, New York.

33. This rate reflects a reasonable increase from my prior rate of $600 per hour in 2020-2022, and $800 per hour in 2023-2024, due to my experience of nineteen (19) years of practice, skill, reputation and becoming licensed to practice before the District Courts for the Southern and Eastern District of New York in 2019.

**Rationale for Hourly Rate/Services Rendered**

34. Most cases brought under the Lanham Act are extremely complex and require dedication and commitment to bring them to trial.

35. Most of the most experienced and skillful lawyers in the field and in the jurisdiction bill at a rate of $800 or greater.

36. In this particular case, the Firm has had to expend significant time and resources in commencing a legal action against Defendant Hochberg after she willfully ignored two (2) Cease and Desist letters, opposing a motion to dismiss, opposing four (4) motions to withdraw as counsel from Hochberg's numerous defense attorneys, attending numerous Court hearings and conferences related to these motions, and engaging in additional motion practice and correspondence with the Court related to Defendant Hochberg's dilatory conduct.

37. Thus, I believe the lodestar or billing rate of $800 sought by myself is eminently reasonable and well within the range of lawyers in this particular jurisdiction,

8

especially considering my experience and reputation, and Defendant Hochberg's conduct that has disrespected the judicial process and frustrated Plaintiffs' ability to prosecute this case.

38. For the above-mentioned reasons, Plaintiffs respectfully request payment by Defendant Hochberg based on the lodestar of reasonable attorneys' fees and costs of John J. Zidziunas, Esq. in the amount of $117,421.80.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment by law.

JOHN J. ZIDZIUNAS & ASSOCIATES, LLC
**Attorneys for Plaintiffs**
**JC Hospitality, LLC and Jayma Cardoso**

By: */s/ John J. Zidziunas*
**John J. Zidziunas, Esq.**

**Dated: September 11, 2024**