```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/27/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
JC HOSPITALITY, et al.,                                              :
:
                              Plaintiffs,                            :
:     23-cv-02051 (LJL)
         -v-                                                         :
:         ORDER
MARISA HOCHBERG,                                                     :
:
                              Defendant.                             :
:
---------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    Plaintiffs JC Hospitality, LLC ("JC Hospitality") and Jayma Cardoso ("Cardoso" and, together with JC Hospitality, "Plaintiffs") move, pursuant to Federal Rule of Civil Procedure 55, for a default judgment. Dkt. No. 94.

    Plaintiffs have made an ample showing that they are entitled to entry of default for Defendant's failure to defend. However, the Motion for Default Judgment is procedurally defective due to Plaintiffs' failure to comply with Rules 55.2 and 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, as well as Rule 3(E) of this Court's Individual Practices. The Second Circuit has reiterated that "prior to entering [a] default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *Moore v. Booth*, 2024 WL 4875629, at *6 (2d Cir. Nov. 25, 2024) (quoting *City Of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). "In order words, 'a district court may not enter a default judgment unless the plaintiff's complaint states a valid facial claim for relief.'" *Id.* (quoting *Henry v. Oluwole*, 108 F.4th 45, 55 (2d Cir. 2024).

To that end, Rule 3(E) of this Court's Individual Practices require that plaintiffs seeking a default judgment must proceed by way of a motion for default judgment pursuant to Rules 55.1 and 55.2 of the Local Rules.  Rule 55.2(a)(2) of the Local Rules requires that when proceeding by motion, such motions for default judgment must comply with Local Rule 7.1, which requires that all motions other than letter-motions must include "[a] memorandum of law, setting forth the cases and other authorities relied on in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined."  Local Rule 7.1(a)(2).  Local Rule 7.1 also requires that such motions include "[a] notice of motion, or an order to show cause signed by the court, that specifies the rules or statutes under which the motion is brought and the relief sought," Local Rule 7.1(a)(1), and "[s]upporting affidavits and exhibits thereto containing any factual information and parts of the record necessary for the decision of the motion," Local Rule 7.1(a)(3).  It is through those means that the Court is able to determine whether the allegations of the complaint state a valid cause of action and that the moving party is entitled to the relief requested.

Though the Plaintiffs' "Motion for Default Judgment" is styled as a declaration of Plaintiffs' attorney and not as a Notice of Motion per Rule 7.1(a)(1), this error is immaterial and excused as the declaration notes the specific rules and statutes under which Plaintiff requests relief.  *See* Dkt. No. 94 ¶¶ 2, 16.  By contrast, the Court cannot overlook Plaintiffs' failure to submit a "memorandum of law, setting forth the cases and other authorities relied on in support of the motion," however much it might be inclined to do so given Defendant's conduct in this case.  "[C]ourts in the Eastern and Southern Districts regularly deny [default judgment] motions when strict procedural compliance is lacking."  *See Campbell v. Isolator Fitness, Inc.*, 2023 WL 6444904, at *2 (S.D.N.Y. Oct. 3, 2023) (quoting *United States v. Hamilton*, 2019 WL 6830318,

2

at *2 (E.D.N.Y. Nov. 26, 2019)), *report and recommendation adopted*, 2019 WL 6828276 (E.D.N.Y. Dec. 13, 2019)). "A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." *Bhagwat v. Queens Carpet Mall, Inc.*, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017); *see also Abbas v. Hestia Tobacco, LLC*, 2020 WL 9812912, at *3 (E.D.N.Y. Aug. 28, 2020) ("Plaintiff's failure to comply with Local Rule 55.2 warrants denial of the motion, without prejudice to renewal upon demonstration of proper service"); *Saheed v. Parker*, 2019 WL 1324026, at *3 (S.D.N.Y. Mar. 25, 2019) (denying motion for default judgment because "Plaintiff's moving papers do not demonstrate that [plaintiff] has complied with" Local Civ. R. 55.2(c)).

Though "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules," *Campbell*, 2023 WL 6444904, at *2 (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001)), Plaintiffs' failure to submit a memorandum of law is not a harmless procedural defect. The Court relies on such memoranda to determine whether the plaintiff's allegations state a claim for relief, particularly in a default judgment where the Court does not have the benefit of oppositional briefing on liability and relief. Here, the Plaintiff includes only one case cite in the Zidziunas declaration, *see* Dkt. No. 94 ¶ 68. Almost no legal reasoning is advanced as to Plaintiffs' entitlement to default judgment. In order to obtain a default judgment, Plaintiffs will have to demonstrate that, accepting their allegations as true, Plaintiffs are entitled to relief as to some or all of the claims that remain in the case. Some of those claims involve nonobvious questions of law as to the applicability of the Lanham Act to Instagram handles where no commerce through the Instagram account is alleged. Plaintiff will also have to establish the propriety of injunctive relief, damages, and attorneys' fees. Accordingly, the Motion for Default Judgment is denied without prejudice to renew in full

compliance with requirements of Local Rules 55.2 and 7.1, as well as this Court's Individual Practices.[1]  If Plaintiffs choose to renew this motion, they shall identify which claims they believe state a claim (as well as identifying authority to support that the allegations state the claim), and whether there are any claims that can be dismissed in the event that the motion for a default judgment is granted.

If a renewed motion is filed, Plaintiffs are directed to serve the motion and related documents on the Defendant.  The Clerk of Court is respectfully directed to close Dkt. No. 94.

SO ORDERED.

Dated: November 27, 2024
       New York, New York

LEWIS J. LIMAN
United States District Judge

---

[1] Other procedural defects were apparent in Plaintiffs' Motion for Default Judgment.  Because the motion is denied, the Court does not attempt to catalog the defects, but notes that the parties that Local Rule 55.2 requires a certificate of service be filed with respect to the default judgment papers, see Local Rule 55.2(a)(3), and requires an affidavit or declaration showing that "the party seeking default judgment has complied with the Servicemembers Civil Relief Act, 50a U.S.C. § 521."  Local Rule 55.2(a)(1)(B).