**JOHN J. ZIDZUNAS & ASSOCIATES, LLC**
John J. Zidziunas, Esq. (ATTY ID 5544044)
225 Broadway, Suite 3800
New York, New York 10007
(P) 212-516-1868
*Attorneys for Plaintiffs, JC Hospitality, LLC and Jayma Cardoso*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JC HOSPITALITY, LLC and JAYMA CARDOSO,<br><br>Plaintiffs,<br><br>-against-<br><br>MARISA HOCHBERG (In Her Individual and Professional Capacities),<br><br>Defendant. | CASE NO.: 1:23-CV-02051-LJL<br><br>DECLARATION OF JOHN J. ZIDZIUNAS, ESQ. IN SUPPORT OF AWARD OF ATTORNEYS' FEES AND EXPENSES |

I, **JOHN J. ZIDZIUNAS, ESQ.,** do hereby certify as follows:

1. I am an attorney at law of the State of New York and a member of John J. Zidziunas & Associates, LLC. I am counsel for Plaintiffs JC Hospitality, LLC ("JC Hospitality") and Jayma Cardoso (collectively "Plaintiffs"), in the above captioned matter. As such, I am fully familiar with the facts and pleadings developed to date with respect to the above captioned matter.

2. On November 7, 2025, this Court issued an Order and Opinion granting Plaintiffs' Motion for Default Judgment as to Counts II, VII, and VIII of the Second Amended Complaint against Defendant Hochberg for violation of Section 43(a)(1)(A) of the

1

Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and the New York Consumer Protection Act, NYGBL §§ 349 and 350.

3. Pursuant to November 7th Order granting default judgment as to Counts II, VII, and VIII, Plaintiffs voluntarily dismiss Counts IV, V, VI, IX, and X from the Second Amended Complaint.

4. The Court granted Plaintiffs' request for attorneys' fees, finding this to be an exceptional case based on Defendant Hochberg's willful infringement and willful default over the course of the litigation.

5. Pursuant to the Court's November 7th Order and Opinion, the undersigned submits this Declaration and the attached billing records in support of Plaintiffs' request for attorneys' fees and expenses in the total amount of **$164,740.10.**

6. I am the Sole Owner and Principal of John J. Zidziunas and Associates, LLC (the "Firm").

7. In this matter, the Firm agreed to represent Plaintiffs in their lawsuit against Defendant Hochberg in or around January 2023, pursuant to the Firm's standard retainer fee agreement wherein Plaintiffs would be billed at an hourly rate of $700 per hour, which was discounted from my standard rate at that time of $800 per hour. In or around January 2024, the Firm and Plaintiffs agreed to a revised retainer fee agreement wherein Plaintiffs would be billed at my standard hourly rate of $800, instead of the discounted $700 per hour rate.

8. The rates of the various attorneys who worked on this matter are as follows:
    - John J. Zidziunas, Esq.: $850 per hour (Admitted in 2005)
    - Caroline McCallan, Esq.: $450 per hour (Admitted in 2019)

2

- Nicorie Clarke, Esq.: $300 per hour (Admitted in 2023 *no longer employed at the Firm*)

The above-mentioned rates are as of January 1, 2025. Time entered prior to that date was billed at a lower hourly rate.

9. The Firm has maintained detailed time records of the professional services rendered in this case, and a detailed record of the costs expended by or on behalf of the Plaintiffs in the prosecution of this case, which are attached hereto.

10. Attached hereto as Exhibit A is a copy of billing invoice #14, dated May 30, 2023.

11. As set forth in Exhibit A, the professional time expended by the Firm in this matter between January 9, 2023 and May 28, 2023, was 53 hours, totaling to $34,391.80. Out of the 53 hours worked, 43.5 of those hours were performed by John Zidziunas, Esq. at a rate of $700 per hour, equaling $30,450. The remaining 9.5 hours were performed by Caroline McCallan, Esq., at a rate of $350 per hour, equaling $3,325. Additionally, Exhibit A includes expenses in the amount of $616.80 associated with filing fees and service of process fees.

12. Attached hereto as Exhibit B is a copy of billing invoice #118, dated January 5, 2024.

13. As set forth in Exhibit B, the professional time expended by the Firm in this matter between June 6, 2023 and January 5, 2024, was 47.9 hours, totaling to $26,850. Out of the 47.9 hours worked, John Zidziunas, Esq. performed 23.4 hours at a rate of $700 per her and 4.1 hours at a rate of $800 per hour (beginning January 1, 2024), equaling $19,660. Caroline McCallan, Esq. performed 19.9 hours at a rate of $350 per hour and 0.5 hours at a rate of $450 per hour (beginning January 1,

2024), equaling $7,190.

14. Attached hereto as Exhibit C is a copy of billing invoice #232, dated September 11, 2024.

15. As set forth in Exhibit C, the professional time expended by the Firm in this matter between February 8, 2024 and September 4, 2024, was 100.2 hours, totaling to $56,180. Out of the 100.2 hours working, 38.1 of the hours were performed by John Zidziunas, Esq. at a rate of $800 per hour, equaling $30,480. Caroline McCallan, Esq. performed 45.7 hours of work at a rate of $450 per hour, equaling $20,565. The remaining 16.4 hours were performed by Nicorie Clarke, Esq. at a rate of $300 per hour, equaling $4,920. Additionally, Exhibit C includes an expense in the amount of $215 associated with service of process fees.

16. Attached hereto as Exhibit D is a copy of billing invoice #400, dated November 13, 2025.

17. As set forth in Exhibit D, the professional time expended by the Firm in this matter between September 6, 2024 and November 8, 2025, was 96.6 hours, totaling to $47,318.30. Out of the 93.1 hours worked, John Zidziunas, Esq. performed 0.3 hours at a rate of $800 per hour and 9.0 hours at a rate of $850 per hour (beginning January 1, 2025), equaling $7,890. Caroline McCallan, Esq. performed 87.2 hours at a rate of $450 per hour, equaling $39,240. The remaining 0.1 hours were performed by Nicorie Clarke, Esq. at a rate of $300 per hour, equaling $30. Additionally, Exhibit D includes an expense in the amount of $158.30 associated with service of process fees.

18. The total professional time expended by the Firm in this matter is 294.20 hours

between three attorneys. The hours expended by the Firm were reasonable and necessary, especially when taking into account the extensive procedural history and motion practice in this case as a result of Defendant Hochberg's conduct which led to numerous motions and issues brought before this Court.

19. The amount of expenses spent by the Firm in the form of filing fees and service of process fees totals $990.10, which have been incorporated into the total amount stated in each invoice. (See Exhibits A-D).

20. For the above-mentioned reasons and for the reasons set forth in the Declaration of John J. Zidziunas, Esq. in Support of the Application for Attorneys' Fees and Expenses, filed with the Plaintiffs' Motion for Default Judgment on August 6, 2025, Plaintiffs respectfully request payment by Defendant Hochberg based on the lodestar of reasonable attorneys' fees and expenses in the total amount of **$164,740.10.**

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment by law.

**JOHN J. ZIDZIUNAS & ASSOCIATES, LLC**
**Attorneys for Plaintiffs**
**JC Hospitality, LLC and Jayma Cardoso**

By:   */s/ John J. Zidziunas*
John J. Zidziunas, Esq.

**Dated: November 14, 2025**