RECEIVED
SDNY PRO SE OFFICE

2026 APR 24  PM 12 23

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JC HOSPITALITY D/B/A THE SURF
LODGE ET AL.,

    Plaintiff,

              vs.

HOCHBERG,

    Defendant.

Case No. 1:23-cv-02051-(LJL)

## DECLARATION OF MICAH SALB

COMES NOW Micah Salb, Esq., and declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney admitted to practice law in the District of Columbia and the State of Maryland. I am in good standing in both jurisdictions. I am also licensed to practice in numerous federal appellate courts.

2. I am independent of Marisa Hochberg in that I have never served as counsel of record for Ms. Hochberg in this or any other matter, I do not know her socially, and I have no financial or other ties to her.

3. My practice includes estate planning, probate of estates, estate tax planning, and fiduciary litigation. I have been practicing law for approximately thirty years and I have approximately twenty years of experience in the estate planning and probate realm.

4. I was introduced to Defendant Marisa Hochberg following the passing of her father in or about October 2023 as a potential advisor in connection with estate-related matters.

5. In that capacity, I communicated extensively and directly with Ms. Hochberg and became familiar with her circumstances, including circumstances related to her father's estate, her financial and personal condition, and the above-captioned litigation. I also communicated with numerous individuals associated with those issues, providing me with several sources of information.

*Lippman, Semsker & Salb, LLC*

*7979 Old Georgetown Road*



6.   Through my advisory role, I gained firsthand knowledge of the circumstances affecting Ms. Hochberg's ability to participate in the above-captioned litigation.

7.   Throughout my interactions with Ms. Hochberg, she consistently expressed a clear intent to defend herself in this litigation and a keen desire to have her position be heard on the merits.

8.   I have come to know Ms. Hochberg well over the course of our extensive communications with one another. I believe that her expressions of desire and intent to participate in the case have consistently been made in good faith and with sincerity.

9.   I have never observed Ms. Hochberg engaged in conduct with the purpose or intent of evading the litigation, acting strategically to delay proceedings, or disregarding the Court's authority.

10.  To the contrary, I have personally observed efforts that Ms. Hochberg has made to participate in the proceedings. In particular, she has worked extensively to secure resources with which to employ counsel to assist her.

11.  Ms. Hochberg is the youngest daughter of Herman Hochberg, who died in 2023. Ms. Hochberg was the primary beneficiary of Mr. Hochberg's sizeable estate. However, shortly before Mr. Hochberg's death, two attorneys advised Mr. Hochberg of the necessity of changing his will. Taking their advice, Mr. Hochberg executed a new will which endowed those attorneys with fiduciary authority over Mr. Hochberg's assets. Ms. Hochberg has long enjoyed financial support from her father, but to the extent of my knowledge the two attorneys have taken no action to ensure that Ms. Hochberg has access to funds with which to pay for basic living and healthcare expenses, never mind attorney's fees.

12.  I am also aware, through conversations with him, that Ms. Hochberg's then-counsel in this litigation, Steven Storch, had various dealings with those same individuals during the relevant period. I understand and believe that Mr. Storch's decision to resign from representing Ms. Hochberg was related in some manner, directly or indirectly, to his interactions with them.

13.  I have firsthand knowledge that, during the relevant period, Ms. Hochberg experienced severe and debilitating personal hardship, including:

   1.   the loss of her father;

   2.   significant and ongoing severe mental and physical health challenges;

   3.   an inability to maintain stable housing, including an eviction;

   4.   an inability to work consistently; and

   5.   a lack of access to even basic medical care.

Lippman, Semsker & Salb, LLC

7979 Old Georgetown Road



14.    The gravity of the difficulties that Ms. Hochberg has suffered cannot be overstated. These were profound disruptions and materially affected her ability to function and to manage complex legal matters.

15.    In my professional experience, circumstances of this sort and of this magnitude can significantly impair even a diligent litigant's ability to comply with litigation obligations.

16.    It is my understanding that The Sanctuary and The Surf Lodge were not entirely separate in practice and were affiliated or interconnected in branding, operations, or public-facing presentation.

17.    Based on this understanding, it is my opinion that Ms. Hochberg's position regarding the relationship between these entities and related branding and accounts is grounded in a factual basis and is not a frivolous assertion.

18.    It is my understanding that Ms. Hochberg possesses substantial defenses, supported by facts and documentation, that, if presented, would directly challenge key allegations in this case, including information related to the history and use of certain branding and social media accounts, the relationship between The Sanctuary and The Surf Lodge; and the chronology of interactions between the parties.

19.    Based on this understanding, it is my opinion that Ms. Hochberg's position that she has viable defenses is grounded in a factual basis and is not a frivolous assertion.

20.    I believe that in this case, as in almost all cases, Ms. Hochberg's position warrants full consideration on the merits.

21.    Based on my interactions with Ms. Hochberg and others, it is my firm opinion that Ms. Hochberg's noncompliance in this litigation was never willful, strategic, or undertaken in bad faith.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

Dated: April 23, 2026

Micah Salb, Esq.

Lippman, Semsker & Salb, LLC

7979 Old Georgetown Road