**JOHN J. ZIDZUNAS & ASSOCIATES, LLC**
**John J. Zidziunas, Esq. (ATTY ID 5544044)**
**225 Broadway, Suite 3800**
**New York, New York 10007**
**T: (212) 516-1868**
*Attorneys for Plaintiffs, JC Hospitality, LLC and Jayma Cardoso*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JC HOSPITALITY, LLC and JAYMA CARDOSO, <br><br> Plaintiffs, <br><br> -against- <br><br> MARISA HOCHBERG (In Her Individual and Professional Capacities), <br><br> Defendant. | CASE NO.: 1:23-CV-02051-LJL |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**PLAINTIFFS' APPLICATION FOR AWARD OF ATTORNEYS' FEES**

John J. Zidziunas, Esq.
Of Counsel and On the Brief

## TABLE OF CONTENTS

PRELIMINARY STATEMENT………………………………………………………………1

LEGAL ARGUMENT…………………………………………………………………………1

POINT I:    THE COURT SHOULD NOT DISTURB ITS OWN FINDING OF THE MERITORIOUS AWARD OF ATTORNEYS' FEES BASED ON DEFENDANT HOCHBERG'S WILLFUL DEFAULT…………………………1

POINT II:    PLAINTIFFS HAVE MET THEIR BURDEN IN PROVING REASONABLE ATTORNEYS' FEES BY PROVIDING DETAILED, ACTIVITY-SPECIFIC BILLING ENTRIES BASED ON THE EXTENSIVE PROCEDURAL HISTORY AND MOTION PRACTICE REQUIRED IN THIS CASE…………………………………………………………………..5

    A. Plaintiffs' Billing Submissions Contain Detailed Entries Reflecting the Substantive Work Required to Be Completed In This Case…………….8

CONCLUSION…………………………………………………………………………10

## TABLE OF AUTHORITIES

**Statutes and Rules**

Fed. R. Civ. P. 60(b)……………………………………………………………………….3

Fed. R. Civ. P. 54(d)(2)……………………………………………………………………6

**Cases**

*Lilly v. City of New York*, 934 F.3d 222, 227–34 (2d Cir. 2019)………………………………8

*Marion S. Mishkin L. Off. v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014)……………………6

*Milea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)…………………………8

*N. Am. Specialty Ins. Co. v. QSR Steel Corp. LLC*, No. 3:21-CV-00247, 2023 WL 5614904, at *1 (D. Conn. Aug. 30, 2023)………………………………………………..6

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394, 113 S. Ct. 1489, 1497–98, 123 L. Ed. 2d 74 (1993)…………………………………………………4

*Suazo v. Bryant Props. 769 LLC*, No. 21 CIV. 2996 (KPF), 2024 WL 967226, at *3 (S.D.N.Y. Mar. 5, 2024)………………………………………………………………3

*William* v. *City of New York*, 727 F. App'x 30, 31 (2d Cir. 2018)……………………………3

**PRELIMINARY STATEMENT**

Plaintiffs JC Hospitality and Jayma Cardoso submit this reply memorandum of law in further support of Plaintiffs' application for award of attorneys' fees following the Court's grant of default judgment on November 7, 2025. For the reasons explained below, Plaintiffs respectfully request that the Court grant Plaintiffs' motion and award the requested attorneys' fees.

**LEGAL ARGUMENT**

**POINT I:**

**THE COURT SHOULD NOT DISTURB ITS OWN FINDING OF THE MERITORIOUS AWARD OF ATTORNEYS' FEES BASED ON DEFENDANT HOCHBERG'S WILLFUL DEFAULT.**

In her opposition to Plaintiffs' application for award of attorneys' fees, Defendant Hochberg seeks to argue the merits of the August 6, 2025 motion for default judgment and subsequent order granting default judgment, while simultaneously asserting that her motion to vacate the judgment is "forthcoming". Defendant's attempt to argue against the ruling on the motion for default judgment in her opposition brief and in her attached Declaration of Hochberg should not be entertained by the Court.

Defendant Hochberg asks this Court to reverse its own ruling on default judgment based on her unsupported belief that this is not an exceptional case and that ruling of default was not a result of "adversarial factual development". The irony in this statement is that the conduct of Defendant Hochberg throughout this litigation, which has been witnessed and noted by the Court on numerous occasions, is the direct reason for the purported lack of "adversarial factual development". It has been well established that Defendant Hochberg has impeded the ability to engage in any meaningful discovery in

this case. Plaintiffs sent discovery demands to Defendant on May 1, 2024, which ***two***

***years later*** to the day, have still not been answered by Defendant Hochberg despite

numerous requests to do so. Hochberg has had two years to serve her own discovery

demands upon the Plaintiffs and has failed to do so. Hochberg cannot now seek to create

a factual record of her own through her Declaration attached to this opposition in an effort

to prevent an award of attorneys' fees that was already deemed to be merited by the

Court.

The Court is well aware of the longstanding conduct by Hochberg in this litigation.

Your Honor explicitly detailed said conduct in the decision to grant Plaintiffs' motion for

default judgment. Specifically, the Court stated that "default is based on Defendant's

persistent defiance of the rules and orders of the Court and failure to comply with the

schedule of this Court, frustrating Plaintiffs' efforts to prosecute the case to judgment. The

case has been plagued by Defendant's obstructive behavior, wasting the time of the Court

and the parties." (*See* Judge Liman's Opinion and Order, dated November 7, 2025, at

pp.10-11, hereinafter referred to as "Nov. 7 Opinion", attached hereto as "Exhibit 1").  It

is because of these reasons that the Court deemed this an exceptional case warranting

the award of attorneys' fees due to Hochberg's willful default. (*See* Nov. 7 Opinion at

pp.42-43).

Defendant Hochberg should not be permitted to pick and choose when she wants

to be involved in this litigation. In the November 7th Opinion and Order granting default

judgment against Defendant Hochberg, the Court noted that Defendant Hochberg failed

to file an opposition to the motion for default judgment despite being duly served on

August 8, 2025 and receiving an extension of time to respond by September 27, 2025.

(*See* Nov. 7 Opinion at pp.7-8). Notably, the Court explicitly stated that the "Court warned that if Defendant did not respond by September 27, 2025, the Court would consider the motion to be unopposed." (*Id.*). Defendant Hochberg did not respond to or oppose the Motion for Default, which included the Plaintiffs' application for attorneys' fees and expenses that Defendant Hochberg seeks to oppose now. Defendant Hochberg has absolutely no legal basis to litigate the issues of liability in response to an application for attorneys' fees, especially after having not opposed the motion for default judgment and after almost six months after the motion for default judgment was decided by the Court.

Defendant Hochberg already had the opportunity to litigate the issues of liability on the motion for default judgment when she was served with the motion, received a response extension that she requested, then blatantly ignored that deadline date set by the court and failed to submit any opposition. When filing a motion to vacate a default judgment, the movant has the burden of proving that the default was a result of "mistake, inadvertence, surprise, or excusable neglect". *See* Fed. R. Civ. P. 60(b)(1). "In deciding whether relief under Rule 60(b)(1) is warranted, the Second Circuit has identified "four non-exclusive equitable factors that determine what sorts of neglect will be considered 'excusable.'" *Suazo v. Bryant Props. 769 LLC*, No. 21 CIV. 2996 (KPF), 2024 WL 967226, at *3 (S.D.N.Y. Mar. 5, 2024) (quoting *William* v. *City of New York*, 727 F. App'x 30, 31 (2d Cir. 2018)). These factors are "[i] the 'danger of prejudice' to the non-moving party; [ii] the "length of the delay and its potential impact on judicial proceedings'; [iii] the 'reason for the delay, including whether it was within the reasonable control of the movant'; and [iv] 'whether the movant acted in good faith.'" *William*, 727 F. App'x at 31 (quoting *Pioneer*

3

*Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394, 113 S. Ct. 1489, 1497–98, 123 L. Ed. 2d 74 (1993)).

The November 7th Opinion and Order details the extensive procedural history in this case, including the numerous failures on Defendant Hochberg's part to appear for Court-ordered hearings, including a mandatory settlement conference, and to respond to Court ordered filing deadlines, including the motion for default judgment. This demonstrates a pattern of willful default – not excusable neglect – by Defendant Hochberg that is ongoing in this litigation. Defendant Hochberg's claim of hardship based on personal circumstances does not excuse the repeated failures to abide by the Court's rules and deadlines. As stated by the Court, "Defendant has acted with 'cavalier disregard' toward court orders and has taken no action to defend against the allegations of the SAC despite having repeated opportunities. She thus has defaulted." (*See* Nov. 7 Opinion at p. 21). We wish to note that Hochberg's submission of a Declaration of an unknown attorney not involved in this litigation to attest that she has not willfully defaulted in this litigation does not negate the findings of this Court. This Declaration bears no weight when the Court here has witnessed firsthand the conduct of Ms. Hochberg and determined said conduct to be willful default worthy of an entry of default judgment and award of attorneys' fees.

Not only is Defendant Hochberg attempting to oppose that ruling now, but she also seeks, in the alternative, to defer the Court's ruling on the award of attorneys' fees based on a "forthcoming" motion to vacate the default. Defendant Hochberg's request to defer the ruling on the award of attorneys' fees for an unspecified period of time until Hochberg decides when she may want to file a motion to vacate the default judgment is offensive

4

to the Court and to Plaintiffs who have already poured and continue to pour extensive time, money, and resources into this litigation. As such, the request to defer the ruling on this motion should be denied.

## POINT II:

**PLAINTIFFS HAVE MET THEIR BURDEN IN PROVING REASONABLE ATTORNEYS' FEES BY PROVIDING DETAILED, ACTIVITY-SPECIFIC BILLING ENTRIES BASED ON THE EXTENSIVE PROCEDURAL HISTORY AND MOTION PRACTICE REQUIRED IN THIS CASE.**

In her opposition brief, Defendant Hochberg incorrectly asserts that Plaintiffs have not provided the detailed, activity-specific records required to meet the burden of proof. In contesting the billing records submitted by Plaintiffs, Defendant Hochberg claims that the billing records are "unreliable" because they contain entries related to the cease and desist letters, do not show a "clear fee agreement", and "lack a clear and consistent billing framework", and therefore, Plaintiffs cannot meet their burden to prove reasonable fees. (Hochberg Opp. at pp. 4-5). Defendant's arguments are misplaced and ignore the clear findings that this Court already made in its November 7, 2025 Opinion and Order.

In Plaintiffs' Motion for Default Judgment, filed on August 6, 2025, which contained an Application for Attorneys' Fees within said motion, Plaintiffs provided a detailed Declaration of John J. Zidziunas, Esq., attesting to the skill and experience of the attorneys in the Firm and the valid basis behind the hourly rates of each attorney. In the Court's November 7th Opinion and Order, Your Honor analyzed the "reasonableness of a proposed hourly rate by considering the prevailing market rate for lawyers in districts in which the ruling court sits." (Nov. 7 Opinion at p.44). The Court found all three attorneys' hourly rates from the Firm were reasonable based on their experience and the prevailing market rate. (*Id.*)  The Court conducted this analysis because it had already determined

5

that default judgment should be entered against Hochberg on counts II, VII, and VIII, and "exceptional circumstances exist such that an award of attorneys' fees is merited". (*Id.* at 42, 47).

In Plaintiffs' August 6th Application for Attorneys' Fees, Plaintiffs' counsel provided only the aggregate number hours—not detailed billing invoices—specifically noting that pursuant to FRCP 54(d)(2), Plaintiffs' counsel would provide detailed time sheets in a separate motion if the Court were to grant the motion for default. Because the Court granted the entry of default and determined that attorneys' fees were warranted, the Court then directed Plaintiffs to submit the detailed billing entries so that a complete analysis could be made. Plaintiffs complied and on November 14, 2025, submitted the detailing billing invoices noting activity-specific entries from January 9, 2023 through November 14, 2025, along with a supporting Declaration of John J. Zidziunas, Esq. breaking down the hours expended by each attorney at the appropriate hourly rates. "It well established that a fee application must be supported by 'contemporaneous records' that describe with specificity 'for each attorney, the date, the hours expended, and the nature of the work done.'" *N. Am. Specialty Ins. Co. v. QSR Steel Corp. LLC*, No. 3:21-CV-00247, 2023 WL 5614904, at *1 (D. Conn. Aug. 30, 2023) (quoting *Marion S. Mishkin L. Off. v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014)). The Firm's detailed billing invoices are more than sufficient to meet the burden of proving reasonable fees based on time-specific and activity-specific billing records.

Defendant Hochberg attempts to dismiss these detailed billing records by claiming that they are "unreliable" because they do not show a "clear fee agreement" and "lack a clear and consistent billing framework". These purported errors in the billing records are

6

plainly inaccurate and do not support any type of finding of unreliability. Defendant Hochberg seems to be conflating breach of contract issues with retainer agreements between an attorney and client with billing records being submitted in a fee award scenario. Hochberg cites to inapplicable cases that involve breach of contract claims on attorney-client fee arrangements. Furthermore, Defendant Hochberg cherry picks out phrases from the Firm's website referencing "no fees unless we win" and "financial backing guaranteed" in an attempt to argue that there is no valid retainer agreement and thus, counsel cannot submit a request for attorneys' fees. Defendant Hochberg is grasping at straws trying to dispute the validity of the submitted billing invoices. Here, Plaintiffs are not contesting the retainer agreement, their own attorneys' hourly rate, the billing entries, or the requested date of payment marked on the invoices. As such, the retainer agreement was not submitted here and is not required to be submitted when detailed billing invoices are what the Court looks at to determine the award of attorneys fees in matters such as this one.

For the avoidance of doubt, our Firm provides a substantial bulk of our legal services at an hourly rate with paid-for retainers on an ongoing basis to both defense and plaintiff's cases. (*See* Declaration of John J. Zidziunas, Esq., dated May 1, 2026, attached hereto). The Firm also takes on plaintiff's cases on either a pure contingency basis or sometimes, a flat-fee basis, depending on the complexity of the matter and the skill and expertise required to pursue the litigation. (*Id.*) This is not uncommon for attorneys to provide a variety of legal services to a variety of clients with varying retainer agreements based on the client's needs. The phrase "no fees unless we win" that appears on our website refers to contingency based cases, and the phrase "financial backing guaranteed"

refers to the attorneys advancement of costs, such as filing fees, service of process fees, mailing fees, court reporter fees, etc. in those contingency cases. (*Id.*) Notably, even in contingency fee cases, attorneys are to maintain detailed billing records at the attorneys' hourly rate. Defendant's reliance on these phrases is misguided and has absolutely no bearing on the legitimacy of the billing records that were submitted by Plaintiffs in this litigation.

### A. Plaintiffs' Billing Submissions Contain Detailed Entries Reflecting the Substantive Work Required to Be Completed In This Case.

As the Court explained in detail in the November 7th Opinion and Order, courts evaluate the award of attorneys' fees to a prevailing plaintiff using the lodestar method which looks at the reasonableness of the hourly rate and the number of hours required by the case. *See Milea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see also Lilly v. City of New York*, 934 F.3d 222, 227–34 (2d Cir. 2019). The information contained in Plaintiffs detailed billing invoices sufficiently allow the Court to make that evaluation.

Defendant Hochberg asserts that Plaintiffs' billing invoices are overinclusive, non-segregated, and contain overlapping/duplicative work. Plaintiffs refute Defendant's position on the basis that all services rendered over the course of the three years of this ongoing litigation is relevant and recoverable work because every legal service rendered was necessary to assert Plaintiffs' rights in this litigation. At the time the Motion for Default Judgment was filed on August 6, 2025, Plaintiffs had expended significant time and resources in commencing a legal action against Defendant Hochberg after she willfully ignored three Cease and Desist letters, opposing a motion to dismiss, opposing four motions to withdraw as counsel from Hochberg's numerous defense attorneys, attending

numerous Court hearings and conferences related to these motions, and engaging in additional motion practice and repeated correspondence with the Court related to Defendant Hochberg's dilatory conduct. The extensive motion practice in this case required cooperative efforts between attorneys at the Firm which spanned over multiple billing entries. Defendant Hochberg extracts just a handful of billing entries over the four invoices submitted by Plaintiffs which include 204 entries total (200 service entries and 4 expense entries) over a period of 34 months.

By way of example, Defendant Hochberg asserts that Invoice #400 contains overlapping internal conference entries and cites to just four dates between 2024 and 2025 where two attorneys billed for strategy calls. Defendant does not cite to any authority rejecting strategy calls between two attorneys working on the case together. Hochberg further argues that Invoice #400 improperly bills for fee application work without any citation to legal authority. Hochberg also takes issue with billing for sanctions related work in Invoice #232. Counsel's research, drafting, and preparation of the motion for attorneys' fees and related motions for sanctions was essential in this litigation and necessary to obtain relief for Plaintiffs. There is no justifiable basis for said work to be excluded from an award of attorneys' fees.

Furthermore, Defendant Hochberg calls into question 11 entries over three months—March, May and June 2025 for time spent on researching, drafting, and preparing the renewed motion for default. This number of entries is neither excessive nor redundant as a motion for default requires extensive work between multiple attorneys over multiple days, even weeks. This is evidenced by the fact that Plaintiffs' Memorandum of Law in Support of the Motion for Default Judgment was 53 pages long. Also,

9

Hochberg's reference to a June 16, 2025, entry related to editing declarations in support of a motion for summary judgment, is simply a clerical typo. The context of the surrounding billing entries for that month clearly indicate work related to the motion for default judgment rather than a motion for summary judgment. No other entry referencing summary judgment exists in the billing entries.

Lastly, we wish to address Defendant Hochberg's assertion that the inclusion of the cease-and-desist letter drafting in the first entry of our billing records makes the billing records "unreliable". Contrary to Hochberg's position, the inclusion of the cease-and-desist work on January 9, 2023 (notably the drafting of the third cease-and-desist letter) is entirely relevant and appropriate to include in the billing invoices as the cease-and-desist letters were the impetus for this litigation because Defendant Hochberg blatantly continued the infringing conduct <u>after</u> receiving not one, but three cease-and-desist letters. This fact was noted by the Court in its November 7, 2025 Opinion and Order. (*See* Nov. 7 Opinion at p. 42). There is a reason the drafting of the third cease-and-desist letter is the first entry in the billing records – it was the first steps taken in this litigation. No such "pre-suit chronology problem" exists.

**CONCLUSION**

For the foregoing reasons and for the reasons set forth in Plaintiffs' November 14, 2025 Declaration of John J. Zidziunas in Support of Award of Attorneys' Fees filed in conjunction with Plaintiffs' Application for Attorneys' Fees submitted on August 6, 2025, Plaintiffs respectfully request that the Court award Plaintiffs attorneys' fees and deny the alternative relief requested by Defendant Hochberg.

10

Respectfully submitted,

***JOHN J. ZIDZIUNAS & ASSOCIATES, LLC***
By:      */s/ John J. Zidziunas*
John J. Zidziunas, Esq.

*Attorneys for Plaintiffs,*
*JC Hospitality, LLC and Jayma Cardoso*

**Dated: May 1, 2026**

11