UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

JC HOSPITALITY, LLC and JAYMA CARDOSO,                    Case No. 1:23-cv-02051-LJL


Plaintiffs,

-against-

MARISA HOCHBERG,
Defendant.


**EMERGENCY APPLICATION FOR ORDER TO SHOW CAUSE FOR IMMEDIATE TEMPORARY STAY OF ENFORCEMENT OF JUDGMENT, STAY PENDING POST-JUDGMENT RELIEF OR, ALTERNATIVELY, PENDING APPEAL, AND WAIVER OF BOND**

Defendant Marisa Hochberg, appearing pro se, respectfully applies to the Honorable Lewis J. Liman for an emergency Order to Show Cause temporarily staying enforcement of the judgment entered in this action pending further order of the Court, staying enforcement pending Defendant's prompt post-judgment relief under Federal Rules of Civil Procedure 55 and/or 60, or alternatively pending appeal, and waiving any requirement that Defendant post a supersedeas bond, undertaking, escrow, or other monetary security.

On May 21, 2026, the Court awarded Plaintiffs $98,250 in attorneys' fees and $990.10 in expenses, for a total award of $99,240.10, directed entry of judgment in favor of Plaintiffs on Counts II, VII, and VIII, dismissed the remaining claims, and directed the Clerk of Court to close the case.

Defendant intends promptly to seek post-judgment relief under Federal Rules of Civil Procedure 55 and/or 60, including relief from the default judgment, and is filing a Notice of Appeal contemporaneously to preserve all appellate rights. **This application does not ask the Court to adjudicate the merits of Defendant's post-judgment motion or any appeal at this time.** Defendant seeks only immediate temporary protection from enforcement while the Court determines the appropriate procedural path and whether further stay relief is warranted.

Defendant cannot provide any bond. Defendant has no income, no meaningful assets, no ability to obtain or fund a bond, no stable housing, and is struggling to meet basic needs including food, communications, housing stability, and medical care.

Defendant respectfully requests immediate interim relief restraining Plaintiffs, their counsel, agents, representatives, and anyone acting in concert with them from taking any steps to enforce or collect upon the judgment, including execution, levy, garnishment, bank restraint, restraining notice, turnover proceedings, judgment-debtor subpoenas, information subpoenas, third-party subpoenas, service of post-judgment enforcement process, or any other enforcement or collection activity.

Defendant further requests that, during any temporary stay period, enforcement-related communications proceed through ECF, email, mail, or other Court-authorized written means.

## Preliminary Statement

This is a narrow emergency request. Defendant is not asking the Court, through this emergency application, to adjudicate the merits of vacatur or the merits of any appeal. Defendant seeks only immediate temporary relief preserving the status quo before enforcement begins, while Defendant promptly seeks appropriate post-judgment relief and while the Court determines whether further stay relief should be granted.

Defendant cannot post any bond, undertaking, escrow, or other monetary security in any amount. Defendant has no income, no meaningful assets, no stable housing, and is struggling to meet basic needs including food, communications, housing stability, and medical care.

Immediate enforcement would create irreparable practical harm. Defendant lacks access to liquid funds, is dependent on Medicaid, faces housing instability, and has serious ongoing medical needs requiring continuity of care. Immediate enforcement activity would materially impair Defendant's ability to obtain food, maintain basic communications, stabilize housing, continue necessary treatment, protect her personal safety, and meaningfully pursue post-judgment relief.

Defendant has no income, no meaningful assets, and no ability to post a $99,240.10 bond. Defendant's Chase materials show a $0.00 account value as of May 24, 2026. Defendant's AT&T account shows a $974.67 balance and states that the account is suspended. Defendant's medical billing records list Emblem Hip Medicaid as primary insurance. Defendant is also subject to a New York tax levy reflecting $15,407.05 due and directed to Charles Schwab.

Defendant is facing active housing instability. A termination notice concerning 1113 York Avenue, stated that Defendant's tenancy would terminate on October 31, 2025 and warned that summary proceedings would be commenced if Defendant remained in possession. The Housing Court filing identifies an active Housing Part proceeding captioned Tunahan Ozturk v. Maria Joelle Hochberg, Index No. L&T 318746-25/NY. A rent-demand communication stated a past-due balance of $22,500.00.

Defendant estimates that claimed housing arrears now exceed $60,000 based on continuing use and occupancy of approximately $7,500 per month and her inability to make payments. Defendant is presently staying with a family friend because she lacks stable housing, is undergoing treatments and has been afraid to live at the apartment due to the legal situation.

Defendant's financial circumstances were destabilized by the death of her father, who had been her primary source of financial support. Defendant states that her father immediately retained an attorney for her, but passed away during the litigation at or around the time Defendant intended to assert counterclaims. After his death, Defendant lost that support.

Defendant also has serious medical needs. Defendant has multiple breast lumps/masses, including a growing painful palpable 2.3 cm left-breast mass. The MSK report states that surgical excision is suggested and surgical consultation was recommended for the left breast.

Defendant also suffers from severe and debilitating PTSD, depression, and emotional distress, and immediate enforcement would materially worsen Defendant's instability, interfere with personal safety, continuity of care, and Defendant's ability to pursue post-judgment relief. Immediate enforcement activity, including bank restraints, levies, subpoenas, garnishment, turnover proceedings, or other enforcement activity, would worsen these hardships, impair Defendant's ability to obtain food and basic necessities, interfere with medical care, and impair her ability to prosecute post-judgment relief or appeal.

Immediate enforcement would be destructive rather than productive. Defendant has no meaningful assets from which Plaintiffs could obtain practical recovery now. A temporary stay would preserve the judgment while preventing avoidable harm before the Court determines appropriate stay terms.

## Procedural Background

On November 7, 2025, the Court granted default judgment to Plaintiffs on Counts II, VII, and VIII of the Second Amended Complaint and denied default judgment on Count X.

The Court later awarded Plaintiffs $98,250 in attorneys' fees and $990.10 in expenses, for a total of $99,240.10. [3] The Court reduced Plaintiffs' requested attorneys' fees from $163,750 to $98,250 after finding excessive and duplicative billing, billing for clerical tasks, and block-billed entries.

Defendant opposed the fee application and raised arguments concerning the default record, disputed factual predicates, and anticipated Rule 55 and Rule 60 relief. Defendant also challenged the reliability and reasonableness of Plaintiffs' fee submission.

Defendant recognizes that the Court has previously expressed concerns about her prior litigation conduct. The default judgment order described the default as based on Defendant's failure to comply with rules and orders and failure to comply with the Court's schedule. Defendant does not ignore those concerns. Defendant is appearing now, disclosing her financial condition, and asking only for a narrow stay of enforcement rather than open-ended delay.

To Defendant's knowledge, Plaintiffs have not yet begun enforcement. Because judgment has entered, however, Plaintiffs may initiate enforcement at any time.

## Basis for Stay

A temporary stay is necessary to preserve the status quo while Defendant's prompt post-judgment relief and any further stay request are considered. The judgment will remain intact. Plaintiffs will not lose the judgment. Defendant seeks only a pause on enforcement activity.

Defendant cannot post any bond because she has no income, no meaningful assets, and no present ability to obtain or fund a bond in any amount. Defendant can barely eat, maintain communications, obtain basic medical care, or stabilize housing.

The hardship record includes a $0.00 Chase account value, suspended phone service, Medicaid coverage, a New York tax levy, an active holdover proceeding, rent arrears, housing instability, and a medical issue requiring surgical consultation and suggested excision.

A stay will not prejudice Plaintiffs because the request is temporary, the judgment will remain in place, and Defendant proposes conditions including updated financial disclosure, notice of any material improvement in her finances, and no transfer or concealment of assets outside ordinary living.

## Requested Relief

Defendant respectfully requests that the Court:

1. enter an immediate temporary stay of enforcement of the $99,240.10 judgment pending further order of the Court;

2. temporarily restrain Plaintiffs and their agents from initiating or continuing enforcement or collection activity pending further order;

3. set an expedited briefing schedule and prompt return date regarding further stay relief;

4. stay enforcement pending Defendant's prompt filing and adjudication of post-judgment relief under Rules 55 and/or 60;

5. alternatively, if the Court determines appellate review is the appropriate procedural posture, stay enforcement pending appeal;

6. waive any supersedeas bond requirement, or alternatively impose only non-monetary conditions in light of Defendant's inability to post security.

Dated: 05/24/26
New York, New York

Respectfully submitted,

/s/ Marisa Hochberg

Marisa Hochberg, pro se
#1484 1280 Lexington Ave., FRNT 2
New York, NY 10028
917-858-5063
marisjh@gmail.com