**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JC HOSPITALITY D/B/A THE SURF LODGE ET AL., <br><br> Plaintiff, <br><br> vs. <br><br> MARISA HOCHBERG, <br><br> Defendant. | Case No.   1:23-cv-02051-(LJL) |

**DECLARATION OF MICAH SALB IN SUPPORT OF
MARISA HOCHBERG'S MOTION TO VACATE DEFAULT JUDGMENT**

COMES NOW Micah Salb, Esq., and declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am an attorney admitted to practice law in the District of Columbia and the State of Maryland.  I am in good standing in both jurisdictions.  I am also licensed to practice in numerous federal appellate courts.

2.      I am independent of Marisa Hochberg in that I have never served as counsel of record for Ms. Hochberg in this or any other matter, I do not know her socially, and I have no financial or other ties to her.

3.      My practice includes estate planning, probate of estates, estate tax planning, and fiduciary litigation.  I have been practicing law for thirty years and I have approximately twenty years of experience in the estate planning and probate realm.

4.      I was introduced to Defendant Marisa Hochberg in or about October 2023 after the death of her father as a potential advisor in connection with estate-related matters.

**LIPPMAN, SEMSKER & SALB, LLC**
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814

5.      In that capacity, I communicated extensively and directly with Ms. Hochberg and became familiar with her circumstances, including circumstances related to her father's estate, her own financial and personal condition, and the Surf Lodge litigation.  I have also communicated with numerous individuals associated with those issues, providing me with several sources of information.

6.      I have come to know Ms. Hochberg well through my frequent conversations with her.

7.      Based on my interactions with Ms. Hochberg, I have found her to be responsible, conscientious, and committed to addressing her obligations.  She has consistently expressed concern about her legal matters, a desire to address them appropriately, a clear intent to defend herself in this litigation, and an urgent need to have her position heard on the merits.  I believe that her expressions of desire and intent to participate in the case have consistently been made in good faith and with sincerity.

8.      I have never known Ms. Hochberg to intentionally avoid legal responsibilities, deliberately disregard court proceedings or the court's authority, engage in conduct with the purpose or intent of evading the litigation, or act strategically to delay proceedings.

9.      To the contrary, I have personally observed that Ms. Hochberg has made substantial efforts to participate in the proceedings, including working hard to secure resources with which to employ counsel to assist her.

10.      Ms. Hochberg is the youngest daughter of Herman Hochberg, who died in 2023.  Ms. Hochberg was the primary beneficiary of Mr. Hochberg's sizeable estate.  However, shortly before Mr. Hochberg's death, two attorneys advised Mr. Hochberg that it was necessary to change his will.  Taking their advice, Mr. Hochberg executed a new will which endowed those attorneys with fiduciary authority over his assets.  Ms. Hochberg had

LIPPMAN, SEMSKER & SALB, LLC
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814

previously long enjoyed financial support from her father but I am aware of no action taken by those two attorneys to ensure that Ms. Hochberg has access to funds with which to pay for basic living and healthcare expenses, never mind attorney's fees.

11.     I am also aware, through conversations with him, that Ms. Hochberg's then-counsel in this litigation, Steven Storch, had various dealings with those same individuals during the relevant period.  I understand and believe that Me Storch's decision to resign from representing Ms. Hochberg was related, directly or indirectly, to his interactions with them.

12.     I have firsthand knowledge that, during the relevant period, Ms. Hochberg experienced severe and debilitating personal hardship, including not only the loss of her father but also:

   a.   significant and ongoing severe mental and physical health challenges;

   b.   an inability to maintain stable housing, including an eviction;

   c.   an inability to work consistently; and

   d.   a lack of access to even basic medical care.

13.     The gravity of the difficulties that Ms. Hochberg has suffered cannot be overstated.  These were profound disruptions and materially affected her ability to function and to manage complex legal matters.  In the years following her father's death, Ms. Hochberg appeared overwhelmed and isolated and emotionally devastated by the loss of her father, by the ongoing estate disputes, and by the loss of her family home.  During this period, I observed a significant decline in her ability to cope with the many personal and legal challenges she was facing simultaneously.

14.     In my professional experience, circumstances of this sort and magnitude can significantly impair even a diligent litigant's ability to comply with litigation obligations.

LIPPMAN, SEMSKER & SALB, LLC
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814

15. It is my understanding that The Sanctuary and The Surf Lodge were not entirely separate in practice and were affiliated or interconnected in branding, operations, public-facing presentation, and ownership.

16. Based on this understanding, it is my opinion that Ms. Hochberg's position regarding the relationship between these entities and related branding and accounts is grounded in fact and is not a frivolous assertion.

17. It is my further understanding that Ms. Hochberg possesses substantial defenses, supported by facts and documentation, that, if presented, would directly challenge key allegations in this case, including information related to the history and use of certain branding and social media accounts, the relationship between The Sanctuary and The Surf Lodge; and the chronology of interactions between the parties. Thus, I believe that Ms. Hochberg's claim that she has viable defenses is grounded in facts and is not a frivolous assertion. I believe that Ms. Hochberg's position warrants full consideration on the merits.

18. Based on my interactions with Ms. Hochberg and others, it is my firm opinion that Ms. Hochberg's noncompliance in this litigation was never willful, strategic, or undertaken in bad faith.

I declare under penalty of perjury that the foregoing is true and correct to the fullest extent of my knowledge.

Respectfully Submitted,

Dated: June 15, 2026

*Micah Salb, Esq.*

**LIPPMAN, SEMSKER & SALB, LLC**
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814