Honorable Lewis J. Liman                                                          Marisa Hochberg, Pro Se

United States District Judge

Southern District of New York                                                        (917) 858-5063

Daniel Patrick Moynihan United States Courthouse                    Marisjh@gmail.com

500 Pearl Street

New York, NY 10007                                                                  August 7, 2026

**Re:  JC Hospitality, LLC et al. v. Hochberg**

**Case No. 1:23-cv-02051-LJL**

### Notice of Post-Judgment Enforcement Activity — Pending Stay Application

Dear Judge Liman:

I am the Defendant in this action, appearing pro se. I write to advise the Court of significant post-judgment enforcement activity that occurred after briefing on my application for a stay of enforcement was completed and while that application remains under submission. I do not seek to alter the existing briefing schedule or submit additional arguments on the pending motions.

**1. Posture.** At the telephonic conference held with Your Honor on **May 28, 2026**, the Court set a briefing schedule governing both my application for a stay of enforcement and my motion under Rule 60, and indicated that it would be in a position to consider the stay application upon completion of that briefing. Both matters remain pending.

**2. Enforcement activity on August 6, 2026.** On August 6, 2026, Plaintiffs served four separate enforcement instruments simultaneously: (i) a Restraining Notice under CPLR § 5222 and Rule 69, with a statutory notice and Exemption Claim Form returnable within twenty days of the date on the envelope; (ii) a Post-Judgment Information Subpoena under CPLR §§ 5223 and 5224, commanding notarized answers within seven days of receipt; (iii) fifteen Post-Judgment Interrogatories with subparts, invoking both Rule 69 and the CPLR; and (iv) a Rule 45 Subpoena Duces Tecum containing twenty-one document requests, returnable August 20, 2026. **True and correct copies of these enforcement papers are attached hereto collectively as Exhibit A.**

**3. The instruments are duplicative and carry inconsistent deadlines.** The interrogatories and the information subpoena pose the same fifteen questions under two different procedures with two different response periods. The papers do not designate which procedure governs or state a single response date. As served, response obligations fall on at least four separate dates

beginning in mid-August. **The first response deadline is seven days from receipt of the Information Subpoena. That abbreviated response period provides little practical opportunity for a self-represented litigant to seek legal assistance, consult available pro se legal resources, evaluate the multiple enforcement instruments served simultaneously, or prepare meaningful responses while the Court's stay application remains under submission.** The simultaneous service of these overlapping post-judgment discovery devices creates multiple response obligations before the Court has ruled on the pending application to stay that very enforcement.

**4. Timing.** Judgment was entered on May 22, 2026. Five days later, on May 27, 2026, Plaintiffs sent a demand letter requiring payment within seven days and advising that, absent payment, they would pursue post-judgment enforcement remedies. **At the conference on May 28, 2026, the Court advised the parties that Federal Rule of Civil Procedure 62(a) provides for an automatic thirty-day stay following entry of judgment and specifically made Plaintiffs aware of that rule.** The Court then established the briefing schedule on Defendant's application for a stay of enforcement. No enforcement instruments were served for more than ten weeks while my application for a stay of enforcement and my Rule 60 motion were fully briefed. The four enforcement instruments described above were first served on August 6, 2026, after briefing had concluded and while my stay application remained under submission. Accordingly, maintaining the status quo pending the Court's ruling would preserve the parties' respective positions while avoiding potentially unnecessary disputes over overlapping post-judgment discovery obligations.

**5. Preservation.** Nothing in this letter waives any objection or right with respect to the post-judgment discovery, the enforcement instruments served on August 6, 2026, or any argument raised in my pending motions.

**6. Request.** I respectfully request that the Court: (a) stay enforcement of the judgment, including the associated post-judgment discovery and response deadlines, pending decision on the pending motions; or, in the alternative, (b) hold or extend the response deadlines on the August 6, 2026 enforcement instruments until the Court has ruled on my stay application.

I thank the Court for its attention to this matter.

Respectfully submitted,

/s/Marisa Hochberg
Defendant, Pro Se