PARDALIS & NOHAVICKA, LLP
ATTORNEYS

September 8, 2026

**VIA ECF**
Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re: *JC Hospitality et al v. Hochberg*
Civil Case No.: **1:23-cv-02051-LJL**

**Letter Motion to Extend Discovery Deadlines**

Dear Respected District Judge Liman:

We represent Defendant Marisa Hochberg ("Defendant"), having recently appeared given Defendant's prior pro se status (ECF Doc. 187), and respectfully write to request a thirty-day extension of time, through October 8, 2026, to respond to Plaintiffs' Post-Judgment Information Subpoena, Subpoena Duces Tecum and Post-Judgment Interrogatories.

On August 27, 2026, three days after we first appeared, Plaintiffs' counsel advised us by email that Defendant's responses to the post-judgment subpoenas were overdue, provided a three-day "grace period" to produce the requested documents and information, and stated that Plaintiffs would otherwise move to compel and seek sanctions. (Ex. A). On August 31, 2026, we promptly requested a meet and confer and advised Plaintiffs' counsel that, following our recent appearance, we required additional time to review the demands, consult meaningfully with our client, gather the responsive information and documents, and prepare appropriate responses. (*Id.*).

The parties met and conferred by telephone on September 1, 2026. Following that conference, Plaintiffs' counsel provided defense counsel with copies of the underlying requests and agreed to extend Defendant's time to respond by only one week, namely by September 8, 2026. Plaintiffs' counsel further advised that, absent production within that period, Plaintiffs intended to file a motion to compel and for sanctions.

Defendant is not refusing to comply with the post-judgment discovery demands, nor is Defendant seeking to delay these proceedings. To the contrary, since appearing in this action, undersigned counsel has acted promptly to obtain the relevant demands, confer with opposing counsel, consult with the client, and begin the process of gathering the information necessary to substantively respond as appropriate.

950 Third Avenue, 31st Floor, New York, NY 10022 | 29-20 23rd Avenue 4th Floor Astoria, NY 11105
P: 212.213.8511 | F: 718.777.0599 | eleni@pnlawyers.com | www.pnlawyers.com

A one-week extension, however, does not provide sufficient time for newly appearing counsel to meaningfully review the scope of the requests with the client, identify and collect potentially responsive materials, assess any appropriate objections or confidentiality concerns, and prepare complete and accurate responses. Requiring Defendant to respond on such a compressed timetable would risk incomplete or inaccurate responses and would likely generate additional disputes that could otherwise be avoided through a reasonable extension.

Additional circumstances also support the requested extension. The coming weeks encompass the Jewish High Holy Days and related observances, including Rosh Hashanah, Yom Kippur, and Sukkot, which will affect Defendant's personal availability to communicate and engage with me in furtherance of responding to the Plaintiffs' demands. In addition, Defendant also informs me that she is presently dealing with health-related challenges that have affected her ability to promptly gather and review the information and documents necessary to respond fully to the subpoenas. These circumstances, considered together with counsel's very recent appearance and the scope of the post-judgment demands, further demonstrate good cause for a reasonable extension.

Plaintiffs have repeatedly indicated that they will be "forced" to move to compel and for sanctions if responses are not provided immediately. Respectfully, motion practice is neither necessary nor unavoidable at this stage. Defendant has engaged with Plaintiffs' counsel and conveyed an intention to respond. Now, that same representation is being made to the Court. Allowing a reasonable period to complete that process would conserve the resources of the Court while avoiding unnecessary motion practice.

Moreover, Plaintiffs will suffer no prejudice from a thirty-day extension. The requested extension is limited, made in good faith, and sought solely to permit counsel to adequately confer with the client and appropriately respond to Plaintiffs' demands.

Accordingly, Defendant respectfully requests that the Court extend Defendant's time to respond to Plaintiffs' Post-Judgment Information Subpoena, Interrogatories and Subpoena Duces Tecum through October 8, 2026, nunc pro tunc.

We thank the Court for its attention to this matter and are available should the Court require any additional information.

Respectfully submitted,

/s/ *Eleni Melekou*

Eleni Melekou

cc (via ECF):

John J. Zidziunas, Esq.