Employment Discrimination.com

John J. Zidziunas & Associates, LLC

NJ Office:
354 Eisenhower Parkway, Suite 1250
Livingston, NJ 07039
212-516-1868

NY Office:
225 Broadway
Suite 3800
New York, NY 10007
212-516-1868

FL Office:
3050 Biscayne Blvd, 7th Floor
Miami, FL 33137
212-516-1868

Of Counsel:
Phillip E. Klein, Esq.*
Barry E. Janay, Esq.*⁰

Member:
John J. Zidziunas, Esq.*⁰+

Associates:
Caroline McCallan, Esq.*⁰
Nicholas Nachtergaele, Esq.⁰
Anabelle Cubenas, Esq.#

* Member of NY Bar
⁰ Member of NJ Bar
+ Member of D.C. Bar
# Member of FL Bar

September 10, 2026

Via ECF

Hon. Lewis J. Liman, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

RE: JC Hospitality, et al. v. Hochberg
Docket No.: 1:23-cv-02051-LJL
Our File No.: 00019

Dear Judge Liman:

This office represents the Plaintiffs, JC Hospitality, LLC and Jayma Cardoso in the above referenced matter. We write in opposition to Defendant Hochberg's letter filed on September 8, 2026, by new counsel, Eleni Melekou, Esq., seeking an additional 30-day extension to respond to the post-judgment discovery demands that were served upon Defendant Hochberg over a month ago.

Plaintiffs served Defendant Hochberg with post-judgment discovery demands, including a Post-Judgment Information Subpoena, Subpoena Duces Tecum, Post-Judgment Interrogatories, and Restraining Notice pursuant to FRCP 69 and CPLR § 5222-5224, *via* email on August 6, 2026, and *via* certified mail on August 10th, which Hochberg confirmed receipt of. Defendant Hochberg's responses to Plaintiffs' Post-Judgment Information Subpoena and Subpoena Duces Tecum were due on August 17th and August 20th, respectively.

On August 27th, over a week after Defendant Hochberg's responses to Plaintiffs' Post-Judgment Information Subpoena and Subpoena Duces Tecum were due, our office contacted Ms. Melenkou to give her client an additional three days to respond. Pursuant to Ms. Melekou's request, counsel had a telephone conversation on September 1st, where we agreed to an additional one-week extension to September 8th for Defendant Hochberg to respond. Now, Defendant Hochberg seeks an additional 30 days to respond to the already overdue post-judgment discovery demands.

In her letter request, defense counsel states that as new counsel, she needs time to review the post-judgment discovery demands, assess objections, and gather the requested

Employment Discrimination.com

John J. Zidziunas & Associates, LLC

documents.[1] As we already pointed out to Ms. Melenkou in our September 1st call, the Post-Judgment Information Subpoena, Subpoena Duces Tecum, and additional interrogatories are much different than standard discovery demands exchanged between the parties during fact discovery. The information sought in post-judgment discovery demands is specific to Defendant Hochberg's banking information and her identifiable assets that are necessary for Plaintiffs to obtain in order to collect the judgment against Hochberg as the judgment debtor. CPLR § 5224(a)(3) establishes a strict seven-day response time for a Post-Judgment Information Subpoena. Defendant Hochberg's request for an additional 30-day extension to respond to said demands due to upcoming holidays and health-related challenges is not good cause sufficient to justify such an excessive extension request after her responses are already overdue. Defendant Hochberg's documented pattern of delay and evasiveness must be taken into account when evaluating the ongoing prejudice to Plaintiffs here.

For these reasons, Plaintiffs respectfully request that the Court deny Defendant Hochberg's 30-day extension request and direct full compliance with Plaintiffs' post-judgment discovery demands by no later than September 18, 2026.

We thank the Court for its time and courtesies in this matter.

Respectfully submitted,

**/s/ John J. Zidziunas**
JOHN J. ZIDZIUNAS
For the Firm

[1] We wish to note the fact that Defendant Hochberg appears now to be able to afford private counsel to review the post-judgment discovery demands and defend her, which is a stark departure from her prior statements under oath to the Court that she had no money or income to defend the claims.