**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------X

JC HOSPITALITY, LLC and
JAYMA CARDOSO,

Plaintiffs,

-against-

MARISA HOCHBERG (in her individual and professional capacities),

Defendant.

--------------------------------------------------------------X

Civ. Case No.: 1:23-CV-02051-LJL

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

Eleni Melekou and Pardalis & Nohavicka LLP respectfully move for leave to withdraw as counsel for Defendant Marisa Hochberg (the "Defendant") pursuant to Local Civil Rule 1.4(b). Good cause exists for withdrawal based on a complete and irreparable breakdown in the attorney-client relationship, Defendant's lack of cooperation and communication with counsel, Defendant's failure to provide necessary documentation and information, Defendant's disregard of counsel's advice and instructions, fundamental disagreements concerning the representation, and outstanding fee arrears, as further set forth in the accompanying Declaration of Eleni Melekou.

Defendant's conduct has rendered the representation unreasonably difficult and has materially impaired counsel's ability to effectively represent her. Consistent with Local Civil Rule 1.4 and in order to preserve privileged and confidential attorney-client communications, the grounds for withdrawal are stated at a high level. Good cause therefore exists for withdrawal, and withdrawal will not unduly delay the case or prejudice any party. If the Court deems a conference

appropriate, Withdrawing Counsel respectfully requests that one be scheduled at the Court's convenience.

This is a civil action in which Clerk's judgment for attorney's fees and costs was entered on May 22, 2026 [ECF #153], followed by Plaintiff's service of post-judgment subpoenas. Pardalis & Nohavicka LLP filed a Notice of Appearance on August 24, 2026 [ECF #187], after the default judgment had already been entered and after Plaintiff had served post-judgment disclosure devices. Defendant, appearing pro se before Pardalis & Nohavicka LLP's engagement, also moved to vacate the default judgment, and that motion is believed to remain pending [ECF #169]. The Court subsequently denied requests to extend Defendant's time to respond to the post-judgment discovery, including Defendant's pro se request [ECF #186] and Withdrawing Counsel's subsequent request [ECF #190].

Since its engagement, Pardalis & Nohavicka LLP has endeavored to zealously and ethically represent Defendant's interests and, given the procedural posture of the case, has encouraged and insisted upon compliance with the Court's orders, rules, procedures, and post-judgment discovery obligations. Despite counsel's efforts, Defendant has frequently been unresponsive to communications, has failed to provide necessary documentation and information, and has disregarded counsel's advice and instructions. These circumstances have substantially frustrated counsel's ability to effectively represent Defendant and have resulted in a breakdown of the attorney-client relationship. There are also fundamental disagreements between Defendant and Withdrawing Counsel concerning the representation, as well as outstanding fee arrears.

Notwithstanding these circumstances, Withdrawing Counsel is serving the most thorough responses to Plaintiff's post-judgment discovery demands that counsel is presently capable of

producing based upon the information and materials available. The inability to obtain further cooperation and information from Defendant has nevertheless rendered continued representation unreasonably difficult and has impaired counsel's ability to carry out its professional responsibilities. Stated at this level of generality to preserve privilege, it is respectfully submitted that these circumstances constitute satisfactory reasons for, and warrant leave to withdraw pursuant to Local Civil Rule 1.4.

With a view towards protecting the interests of the Defendant, Withdrawing Counsel respectfully requests a brief 30 day stay to allow Defendant an opportunity to engage counsel, if she is so advised, in an effort to minimize any risk of prejudice.

In this District, satisfactory reasons to withdraw as counsel include failure to pay legal fees, a client's lack of cooperation—including lack of communication with counsel. *Shea v. F.C. Financial Serv's, Inc.*, 1994 WL 649176, at *1 (S.D.N.Y. Nov. 16, 1994). See also *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (collecting cases); *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, 2005 WL 1963945, at *1 (SDNY Aug. 15, 2005), *quoting Hallmark Capital Corp. v. Red Rose Collection, Inc.*, 1997 WL 661146, at *2 (SDNY Oct. 21, 1997). Courts throughout the Second Circuit have consistently held that satisfactory reasons for withdrawal include a client's lack of cooperation, including lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client. *Ruiz v. Keratin Bar Inc.*, 2020 WL 7079904 (SDNY Dec. 3, 2020).

The two factors considered in assessing a motion to withdraw are the reasons counsel seeks to withdraw, and the impact withdrawal will have on the matter. *Schwartz v AMF Bowling Ctr., Inc.*, 746 F Supp 3d 1, 6 (E.D.N.Y. 2024), *quoting Blue Angel Films, Ltd. v. First Look Studios,*

*Inc*., 2011 WL 672245, at *1 (SDNY Feb. 17, 2011). "In analyzing the reasons for withdrawal, courts often look to the New York Rules of Professional Conduct ("NYRPC"), which govern the conduct of attorneys who practice in New York federal courts." *Id., citing Papadatos v. Home Depot U.S.A, Inc.*, 2022 WL 2612353, at *1 n.1 (EDNY June 10, 2022). In pertinent part, the currently operative Rules of Professional Conduct authorize withdrawal when, as here "the client insists upon taking action with which the lawyer has a fundamental disagreement" (22 NYCRR 1200.0, Rule 1.16(c)(4)); and "the client fails to cooperate in or otherwise renders the engagement unreasonably difficult for the lawyer to carry out." *Id.* at Rule 1.16(c)(7). Moreover, it is respectfully submitted that "withdrawal can be accomplished without material adverse effect on the interests of the client" (*id*. at Rule 1.16(c)(1)) and given the current financial arrears, it also appears that the client may be "deliberately disregard[ing] an agreement or obligation to the lawyer as to expenses or fees." *Id*. at Rule 1.16(c)(5).

"When a client makes it unreasonably difficult for an attorney to effectively carry out representation for the client—like here—that is sufficient grounds to grant the application."*Interpool, Inc. v JJS Transportation & Distrib. Co., Inc*., 2022 WL 17335670, at *5 (EDNY Nov. 30, 2022), *citing Tokarz v. LOT Polish Airlines*, 2005 WL 8161165, at *2 (EDNY June 20, 2005). Here, withdrawal is also supported by the break down in effective and meaningful communication and there is an arrears. *Papir v Wurms*, 2003 WL 21650137, at *1 (SDNY July 14, 2003).

Here, a breakdown in the attorney-client relationship has occurred because Defendant has frequently failed to respond to counsel's communications, has failed to provide documentation and information necessary to the representation, has disregarded counsel's advice and instructions, and

has rendered counsel's continued representation unreasonably difficult. There are also fundamental disagreements concerning the representation as well as outstanding fee arrears (which is in no way a decisive factor but does exist). These circumstances have compromised counsel's ability to continue representing Defendant effectively.

The current posture of the case also supports withdrawal. Default judgment has been entered against Defendant [ECF #153], Defendant's motion to vacate that judgment is believed to remain pending [ECF #169], and the matter is presently in post-judgment discovery. Despite the conflict and lack of cooperation giving rise to this application, Withdrawing Counsel is producing the materials and responses that counsel is presently capable of providing to Plaintiff. Continued representation will not result in additional materials being made available where Defendant has not provided counsel with the information and documentation necessary to supplement those responses.

Withdrawing Counsel has advised Defendant of the applicable obligations and deadlines and seeks a brief stay to allow Defendant to secure substitute counsel or make other appropriate arrangements. Granting withdrawal on these terms will not unduly prejudice Defendant or the other parties. Plaintiffs will likewise not be unfairly disadvantaged because Withdrawing Counsel is proceeding with the responses that can presently be made, and post-judgment proceedings can continue following the requested brief interval.

Although Defendant has outstanding fee arrears with Pardalis & Nohavicka LLP, Withdrawing Counsel is not presently asserting a retaining lien.

To the extent the Court requires further detail regarding the basis for this motion, Withdrawing Counsel respectfully requests leave to submit supplemental information under seal

or for in camera review in order to protect privileged and confidential attorney-client communications.

For the foregoing reasons, Pardalis & Nohavicka LLP respectfully requests that the Court grant its motion to withdraw as counsel for Defendant, stay applicable deadlines for 30 days to permit Defendant to obtain substitute counsel, determine whether to proceed pro se, or make other appropriate arrangements, and grant such other and further relief as the Court deems just and proper.

WHEREFORE, it is respectfully requested that Withdrawing Counsel's motion be granted in its entirety.

Dated: September 18, 2026

Respectfully submitted,

**PARDALIS & NOHAVICKA, LLP**

*/s/Eleni Melekou*_______
Eleni Melekou, Esq.
950 Third Avenue, 31st Floor
New York, New York 10022
Tel: (212) 213-8511
Fax: (347) 897-0094
Eleni@pnlawyers.com
*Attorneys seeking leave to withdraw as Attorneys for Defendant Marisa Hochberg*