**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

JC HOSPITALITY, LLC and JAYMA CARDOSO,

Plaintiffs,

-against-

MARISA HOCHBERG (in her individual and professional capacities),

*Defendant*.

---------------------------------------------------------------X

Civ. Case No.: 1:23-CV-02051-LJL

**DECLARATION IN SUPPORT OF A MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL**

ELENI MELEKOU, an attorney duly admitted to practice in the Southern District of New York and all Courts of the State of New York, hereby declares as follows, in accordance with 28 U.S.C. 1746(2):

1. I am an attorney associated with Pardalis & Nohavicka LLP and, on August 24, 2026, appeared as attorney of record for Defendant Marisa Hochberg (the "Defendant") (ECF 187).

2. This Declaration is respectfully submitted in support of the motion of the undersigned, together with Pardalis & Nohavicka LLP, and its affiliated attorneys, in accordance with Local Civil Rule 1.4(b), to withdraw from continuing to represent the Defendant in this action.

3. Given ethical considerations, significant detail concerning the difficulties in the attorney-client relationship that have consumed representation of the Defendant are not detailed in this public filing. However, in substance, the Defendant has been frequently unresponsive with request to efforts at communication and has failed to produce necessary documentation and

information. Likewise, the Defendant has disregarded advice and instruction, and has frustrated our ability to zealously represent her. Should the Honorable Court require more detail about such frustration, we respectfully request leave to present information in camera so as to best preserve Ms. Hochberg's rights and interests.

4. Pardalis & Nohavicka LLP was engaged by Ms. Hochberg after she was already found to be in default and had a default judgment issued against her. (ECF 153). Moreover, prior to our engagement, post-judgment disclosure devices were interposed by counsel for the Plaintiffs. (ECF 185)

5. Also prior to our engagement, Ms. Hochberg, appearing pro se, moved to vacate the default judgment that had been imposed. It is believed that motion awaits consideration and determination by the Court. (ECF169)

6. The Court previously denied Ms. Hochberg's requests to extend the time to respond to the Plaintiff's post-judgment disclosure devices, including as made pro se (ECF 186), and then as interposed by the undersigned. (ECF 190).

7. On behalf of Ms. Hochberg, and in the best of good faith and with a view towards an avoidance of delay, we are serving the most thorough responses we are capable of producing on Plaintiff's counsel.

8. Since our engagement, we have endeavored to best represent the Defendant's interests, which, under the current procedural posture, has often focused on encouraging compliance with the Court's orders, rules and procedures. Notwithstanding these efforts, the Defendant has plainly disregarded advice and counsel and has created an environment where our ability to work with her is fatally compromised.

9. This application is not made lightly; however, and unfortunately, the Defendant is, "indeed, an unreasonably difficult client." *Joffe v Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C.*, 827 Fed Appx 35, 37 (2d Cir 2020) (internal citation and quotation marks omitted). Here, like in Joffe, in addition to there being an arrears, "not only was [Defendant] an extremely difficult client; but there was no foreseeable prospect of resolving either the case or the differences between [counsel] and [Defendant]." *Id.* at 38 (internal citation and quotation marks omitted).

10. It is respectfully submitted that permitting the undersigned and Pardalis & Nohavicka LLP to withdraw will not cause unnecessary delay as despite the conflict and a lack of cooperation, we are producing all that we can to Plaintiff's counsel in response to their post-judgment disclosure devices. Given the circumstances, our continued engagement will not increase the materials made available to the Plaintiffs.

11. In the further spirit of cooperation and avoiding unnecessary delay, while Ms. Hochberg does have an arrears with Pardalis & Nohavicka, LLP, we are not now interposing a retaining lien.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 18, 2026

/s/ Eleni Melekou
Eleni Melekou, Esq.